UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED<br><br>                Plaintiffs,<br><br>        v.<br><br>KAYNE ANDERSON CAPITAL ADVISORS, LP AND KAYNE ANDERSON FUND ADVISORS, LLC<br><br>                Defendants. | Civil Action No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br><br>**Demand for Trial by Jury** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege the following for their original Complaint against Kayne Anderson Capital Advisors, LP ("Defendant CA") and Kayne Anderson Fund Advisors, LLC ("Defendant FA"), collectively "Defendants" based on personal knowledge and on information and belief as appropriate:

## INTRODUCTION

1.      Plaintiffs bring this action against Defendants under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of Plaintiffs' registered copyrights.

## THE PARTIES

2.      EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

3.      EIG UK is a United Kingdom limited company with a principal place of business located at Interpark House 7, Down Street, London, WC1V 6PW United Kingdom.

4.      Upon information and belief, Defendant CA is a limited partnership organized and existing under the laws of California, and has a place of business and is doing business at 811 Main Street, 14th Floor, Houston, Texas 77002.

5.      Upon information and belief, Defendant FA is a limited liability corporation organized and existing under the laws of the Delaware, and has a place of business and is doing business at 811 Main Street, 14th Floor, Houston, Texas 77002.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this dispute pursuant to Sections 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendants because Defendants reside in and are doing business in the State of Texas and this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Furthermore, upon information and belief, many of the acts of infringement alleged in this Complaint occurred within this District.

## FACTS

A.      **Plaintiffs' Publications**

9.      Plaintiffs and their predecessor-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades.  In particular, Plaintiffs have published the daily newsletter *Oil Daily* ("OD") since at least as early as 1951.

10.     The audience for Plaintiffs' publications, including OD, consists of individuals with an interest in the oil and gas industries, including bankers, investors, stock market analysts, traders, commodity analysts and others who follow these industries.  A copy of the February 5, 2014 issue of OD (the "February 5, 2014 OD Copyrighted Work") is attached hereto as **Exhibit A**.

11.     Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the energy industry.  Plaintiffs have invested significant time and resources to develop their publications and services, including OD.

12.     Plaintiffs' publications do not feature or have any advertisements or sponsors and therefore, are highly dependent on paid subscriptions to sustain the viability of the publications.

13.     Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

14.     The original content and analysis created by Plaintiffs and included in OD and their other original publications are valuable assets.  Plaintiffs also publish other original publications in addition to OD, including, but not limited to:

Petroleum Intelligence Weekly;
Energy Compass;
Energy Intelligence Briefing;
EI Finance;
International Oil Daily;
Jet Fuel Intelligence;
LNG Intelligence;
Natural Gas Week;
NGW's Gas Market Reconnaissance;
Nefte Compass;
Oil Market Intelligence;
Nuclear Intelligence Weekly;
World Gas Intelligence;
EI New Energy;
Petroleum Intelligence Weekly Data Source;
Oil Market Intelligence Data Source;

Natural Gas Weekly Data Source;
World Gas Intelligence Data Source;
Nefte Compass Data Source; and
EI New Energy Data Source.

15.     Plaintiffs have developed an invaluable reputation for their extremely high standards and

the reliability of the content of all of their publications, including OD.

16.     In order for third parties to benefit from Plaintiffs' analytical and creative content

contained in OD and their other publications, Plaintiffs require interested parties to purchase

various subscriptions to receive the valuable information contained therein.

17.     Interested parties have various subscription options depending on their respective needs.

Subscribers typically obtain OD and Plaintiffs' other publications by e-mail and/or from

Plaintiffs' website, which permits password-protected access to current and/or archived issues,

pursuant to a subscription or license agreement.

18.     Interested parties that do not maintain a subscription or license agreement may also

purchase individual articles appearing in OD and Plaintiffs' other publications, as well as

archived issues, from Plaintiffs.  The license fee per article, per copy, for Plaintiffs' publications

that are published daily, such as OD, is $9.00.  The license fee for this Pay-Per-Article service is

multiplied by the number of copies required to supply each user of the requested article with an

individual copy of the article.

19.     Interested parties that do not maintain a subscription or license agreement may also

purchase individual issues of OD and others of Plaintiffs' publications, as well as archived

issues, from Plaintiffs.  The license fee per issue, per copy, for Plaintiffs' publications that are

published daily, such as OD, is $95.00.  The license fee for this Pay-Per-Issue service is

multiplied by the number of copies required to supply each user of the requested issue with an

individual copy of the issue.

4

B.      **Plaintiffs' Copyrights and Notices**

20.     Plaintiffs provide copyright notices and warnings on their website, e-mails, articles and publications, including OD, so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship (the "Copyright Notice and Warnings").  As a representative example, the Copyright Notice and Warnings contained in the e-mail transmitting the February 5, 2014 OD Copyrighted Work state:

> Copyright (c) 2014 Energy Intelligence Group, Inc.  All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – contact CustomerService@energyintel.com for more information.

A true and accurate copy of the Copyright Notice and Warnings contained in the email transmitting the February 5, 2014 OD Copyrighted Work is attached hereto as **Exhibit B**.

21.     As an additional representative example, the Copyright Notice and Warnings on the front cover of the February 5, 2014 OD Copyrighted Work specifically state: "Copyright © 2014 Energy Intelligence Group.  All rights reserved.  Unauthorized access or electronic forwarding, even for internal use, is prohibited."  **Exhibit A, p. 1**.

22.     As a further representative example, the Copyright Notice and Warnings contained in the masthead of the February 5, 2014 OD Copyrighted Work specifically state:

> Copyright © 2014 by Energy Intelligence Group, Inc.… All rights reserved.
> Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence.  Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement.  Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.
> **Exhibit A, p. 6.**

23.     Based upon the representative examples of the Copyright Notice and Warnings, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401.  Accordingly, Defendants knew or should have known that the February 5, 2014 OD Copyrighted Work and all other issues of OD received by Defendants (hereinafter collectively referred to as the "OD Copyrighted Works") were protected by U.S. copyright laws.

24.     Having complied with the copyright notice requirements set forth in 17 U.S.C. § 401, Plaintiffs are under no obligation to provide Defendants with further notice of Plaintiffs' copyright rights.

25.     Among other copyright registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations for the "OD Copyrighted Works," and attached hereto as **Exhibit C**:

• No. TX 6-099-058 for Edition 54 covering 21 works published in December 2004;
• No. TX 6-152-002 for Edition 55 covering 20 works published in January 2005;
• No. TX 6-185-812 for Edition 55 covering 19 works published in February 2005;
• No. TX 6-167-638 for Edition 55 covering 22 works published in March 2005;
• No. TX 6-176-605 for Edition 55 covering 21 works published in April 2005;
• No. TX 6-172-297 for Edition 55 covering 21 works published in May 2005;
• No. TX 6-206-684 for Edition 55 covering 22 works published in June 2005;
• No. TX 6-206-680 for Edition 55 covering 20 works published in July 2005;
• No. TX 6-226-396 for Edition 55 covering 23 works published in August 2005;
• No. TX 6-226-407 for Edition 55 covering 21 works published in September 2005;
• No. TX 6-257-042 for Edition 55 covering 21 works published in October 2005;
• No. TX 6-267-191 for Edition 55 covering 20 works published in November 2005;
• No. TX 6-340-912 for Edition 55 covering 21 works published in December 2005;
• No. TX 6-286-047 for Edition 56 covering 20 works published in January 2006;
• No. TX 6-340-550 for Edition 56 covering 19 works published in February 2006;
• No. TX 6-337-677 for Edition 56 covering 23 works published in March 2006;
• No. TX 6-782-058 for Edition 56 covering 19 works published in April 2006;
• No. TX 6-425-046 for Edition 56 covering 22 works published in May 2006;
• No. TX 6-425-037 for Edition 56 covering 22 works published in June 2006;
• No. TX 6-431-332 for Edition 56 covering 19 works published in July 2006;
• No. TX 6-431-344 for Edition 56 covering 23 works published in August 2006;
• No. TX 6-456-925 for Edition 56 covering 20 works published in September 2006;
• No. TX 6-508-701 for Edition 56 covering 22 works published in October 2006;

• No. TX 6-505-161 for Edition 56 covering 20 works published in November 2006;
• No. TX 6-508-675 for Edition 56 covering 20 works published in December 2006;
• No. TX 6-550-424 for Edition 57 covering 21 works published in January 2007;
• No. TX 6-550-616 for Edition 57 covering 19 works published in February 2007;
• No. TX 6-550-614 for Edition 57 covering 22 works published in March 2007;
• No. TX 6-587-006 for Edition 57 covering 20 works published in April 2007;
• No. TX 6-564-745 for Edition 57 covering 22 works published in May 2007;
• No. TX 6-626-689 for Edition 57 covering 21 works published in June 2007;
• No. TX 6-626-690 for Edition 57 covering 21 works published in July 2007;
• No. TX 6-626-278 for Edition 57 covering 23 works published in August 2007;
• No. TX 6-626-280 for Edition 57 covering 19 works published in September 2007;
• No. TX 6-648-210 for Edition 57 covering 23 works published in October 2007;
• No. TX 6-645-633 for Edition 57 covering 20 works published in November 2007;
• No. TX 6-645-632 for Edition 57 covering 20 works published in December 2007;
• No. TX 6-646-218 for Edition 58 covering 21 works published in January 2008;
• No. TX 6-648-381 for Edition 58 covering 20 works published in February 2008;
• No. TX 6-648-380 for Edition 58 covering 20 works published in March 2008;
• No. TX 6-647-038 for Edition 58 covering 22 works published in April 2008;
• No. TX 6-647-107 for Edition 58 covering 21 works published in May 2008;
• No. TX 6-648-007 for Edition 58 covering 21 works published in June 2008;
• No. TX 6-662-761 for Edition 58 covering 22 works published in July 2008;
• No. TX 6-665-575 for Edition 58 covering 21 works published in August 2008;
• No. TX 6-680-142 for Edition 58 covering 21 works published in September 2008;
• No. TX 6-662-749 for Edition 58 covering 23 works published in October 2008;
• No. TX 6-664-308 for Edition 58 covering 18 works published in November 2008;
• No. TX 6-664-309 for Edition 58 covering 22 works published in December 2008;
• No. TX 6-647-241 for Edition 59 covering 20 works published in January 2009;
• No. TX 6-631-529 for Edition 59 covering 19 works published in February 2009;
• No. TX 6-647-244 for Edition 59 covering 22 works published in March 2009;
• No. TX 6-665-630 for Edition 59 covering 21 works published in April 2009;
• No. TX 6-631-518 for Edition 59 covering 20 works published in May 2009;
• No. TX 6-631-525 for Edition 59 covering 22 works published in June 2009;
• No. TX 6-685-271 for Edition 59 covering 22 works published in July 2009;
• No. TX 6-684-118 for Edition 59 covering 21 works published in August 2009;
• No. TX 6-701-938 for Edition 59 covering 21 works published in September 2009;
• No. TX 6-701-939 for Edition 59 covering 22 works published in October 2009;
• No. TX 6-702-127 for Edition 59 covering 21 works published in November 2009;
• No. TX 6-702-124 for Edition 59 covering 22 works published in December 2009;
• No. TX 6-701-924 for Edition 60 covering 20 works published in January 2010;
• No. TX 6-701-927 for Edition 60 covering 20 works published in February 2010;

• No. TX 6-703-824 for Edition 60 covering 23 works published in March 2010;
• No. TX 6-703-826 for Edition 60 covering 21 works published in April 2010;
• No. TX 6-704-578 for Edition 60 covering 20 works published in May 2010;
• No. TX 6-704-734 for Edition 60 covering 22 works published in June 2010;
• No. TX 6-705-213 for Edition 60 covering 22 works published in July 2010;
• No. TX 6-770-133 for Edition 60 covering 22 works published in August 2010;
• No. TX 6-770-132 for Edition 60 covering 22 works published in September 2010;
• No. TX 6-772-066 for Edition 60 covering 21 works published in October 2010;
• No. TX 6-771-213 for Edition 60 covering 21 works published in November 2010;
• No. TX 6-778-772 for Edition 60 covering 21 works published in December 2010;
• No. TX 6-776-062 for Edition 61 covering 21 works published in January 2011;
• No. TX 6-776-069 for Edition 61 covering 20 works published in February 2011;
• No. TX 6-779-252 for Edition 61 covering 23 works published in March 2011;
• No. TX 6-779-251 for Edition 61 covering 20 works published in April 2011;
• No. TX 6-779-316 for Edition 61 covering 21 works published in May 2011;
• No. TX 6-776-025 for Edition 61 covering 22 works published in June 2011;
• No. TX 6-782-122 for Edition 61 covering 21 works published in July 2011;
• No. TX 6-774-709 for Edition 61 covering 23 works published in August 2011;
• No. TX 6-780-004 for Edition 61 covering 22 works published in September 2011;
• No. TX 6-780-005 for Edition 61 covering 21 works published in October 2011;
• No. TX 6-782-123 for Edition 61 covering 22 works published in November 2011;
• No. TX 6-782-124 for Edition 61 covering 12 works published in December 2011;
• No. TX 6-789-069 for Edition 61 covering 9 works published in December 2011;
• No. TX 6-774-708 for Edition 62 covering 21 works published in January 2012;
• No. TX 6-786-171 for Edition 62 covering 21 works published in February 2012;
• No. TX 6-787-504 for Edition 62 covering 22 works published in March 2012;
• No. TX 6-787-503 for Edition 62 covering 20 works published in April 2012;
• No. TX 6-788-123 for Edition 62 covering 23 works published in May 2012;
• No. TX 6-788-122 for Edition 62 covering 21 works published in June 2012;
• No. TX 6-789-191 for Edition 62 covering 22 works published in July 2012;
• No. TX 6-790-253 for Edition 62 covering 23 works published in August 2012;
• No. TX 6-790-252 for Edition 62 covering 20 works published in September 2012;
• No. TX 6-790-254 for Edition 62 covering 22 works published in October 2012;
• No. TX 6-790-255 for Edition 62 covering 22 works published in November 2012;
• No. TX 7-676-538 for Edition 62 covering 20 works published in December 2012;
• No. TX 7-676-528 for Edition 63 covering 22 works published in January 2013;
• No. TX 7-744-517 for Edition 63 covering 20 works published in February 2013;
• No. TX 7-744-541 for Edition 63 covering 20 works published in March 2013;
• No. TX 7-726-260 for Edition 63 covering 22 works published in April 2013;
• No. TX 7-726-259 for Edition 63 covering 23 works published in May 2013;

• No. TX 7-726-232 for Edition 63 covering 20 works published in June 2013;

• No. TX ---------- for Edition 63 covering 23 works published in July 2013 (application pending);

• No. TX ---------- for Edition 63 covering 22 works published in August 2013 (application pending);

• No. TX ---------- for Edition 63 covering 21 works published in September 2013 (application pending);

• No. TX ---------- for Edition 63 covering 23 works published in October 2013 (application pending);

• No. TX ---------- for Edition 63 covering 21 works published in November 2013 (application pending);

• No. TX ---------- for Edition 63 covering 21 works published in December 2013 (application pending);

• No. TX ----------for Edition 64 covering 22 works published in January 2014 (application pending);

• No. TX ----------for Edition 64 covering 20 works published in February 2014 (application pending);

• No. TX ----------for Edition 64 covering 21 works published in March 2014 (application pending);

• No. TX ----------for Edition 64 covering 21 works published in April 2014 (application pending);

• No. TX ----------for Edition 64 covering 21 works published in May 2014 (application pending); and

• No. TX ----------for Edition 64 covering 21 works published in June 2014 (application pending).

## C.    <u>Defendant CA's Subscription History</u>

26.     Defendant CA has maintained a subscription to OD since at least as early as December 2004, and renewed its subscription(s) annually through March 9, 2015.  For the entire time of Defendant CA's subscription(s), Defendant CA received its copy(ies) of OD either in PDF format or through access to Plaintiffs' website.

27.     For the period from December 29, 2004 through October 22, 2013, Defendant CA continuously maintained annual Subscription Agreements which provided it with a single copy of OD, designating Mr. James Baker as the recipient.  For the period from March 14, 2013

through October 22, 2013, Defendant CA, in addition to the subscription for a single copy of OD also maintained a Standard License Agreement for 4 individuals to receive their own single copy of OD.  Those individuals are Mr. Ron Logan, Ms. Jody Meraz, Mr. Alan Boswell, and Mr. Aaron Terry.  For the period from October 23, 2013 through to March 9, 2015, the single subscription of OD for James Baker was canceled and he was added to the Standard License Agreement, increasing the number of subscriptions to five (5).

28.     The five (5) individuals currently designated by Defendant CA to each receive a single copy of OD are James Baker, Ron Logan, Jody Meraz, Alan Boswell, and Aaron Terry.

29.     Upon information and belief, James Baker is a Partner of Defendant CA and is an Executive Vice President of Defendant FA, and is the contact individual for Defendant CA with EIG in regards to its subscription to OD.

30.     Upon information and belief, the majority of individuals designated by Defendant CA to each receive a single copy of OD are predominantly senior management of Defendant CA.

31.     For the period from December 29, 2004 through October 22, 2013, when Defendant CA continuously maintained annual Subscription Agreements which provided it with a single copy of OD, Plaintiffs' transmitted to Defendant CA an Invoice and Subscription Agreement on an annual basis for renewal of the subscription for one copy of OD.  The Invoice and Subscription Agreement, attached hereto as **Exhibit D** specifically states that "By payment of this invoice and/or use of EIG Services, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions shown on the reverse side of this invoice."  *See* **Exhibit D, p. 1**.  The reverse side of the Invoice, being the Subscription Agreement, states in part: "All unauthorized reproduction or disseminations or other uses of from the material contained in the

EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights." *See* **Exhibit D, p. 2**.

32.     For the period from March 14, 2013 to the present, when Defendant CA maintained a Standard License Agreement for multiple copies of OD,  Plaintiffs', on an annual basis, would transmit to Defendant CA a Standard License Agreement Order Form and Standard License Agreement for renewal of the subscription for OD.

33.     The Standard License Agreement for five copies of OD that was in effect on February 5, 2014, is attached hereto as **Exhibit E**.  The Standard License Agreement states in part: "Any unauthorized reproduction or other use of content from EI Services not specifically authorized under Section 1(c) herein will constitute willful infringement of Energy Intelligence's copyright and/or other proprietary and intellectual property rights."  **Exhibit E, p. 2**.

34.     No subscription agreement(s) authorized Defendant CA to copy, transmit, or distribute the OD Copyrighted Works, including the February 5, 2014 OD Copyrighted Work, in violation of Plaintiffs' registered copyrights.

**D.      Defendants' Infringement of Plaintiffs' Copyrighted Works**

35.     On February 5, 2014, Plaintiffs received an email from Ms. Ana Pope one of Defendant FA's employees regarding Defendant CA's subscription to OD stating that Defendant CA did not receive the February 5th issue of OD.   **Exhibit F**

36.     On February 5, 2014, Plaintiffs received a second email from Ms. Pope stating "Whoops! I just saw the Oil Daily in my inbox from Jim – no need to send! Thanks!"  **Exhibit G**

37.     Plaintiffs contacted Ms. Pope on February 5, 2014 via telephone in response to her emails to discuss Defendant CA's subscription to OD. During the telephone conversation, Ms. Pope explained that she sends the OD publication to twenty (20) or so individuals in the office.

11

Ms. Pope sent a confirming email to Plaintiffs summarizing her telephone conversation with Plaintiffs' employee, stating that Mr. Jim Baker forwards a copy of OD each night to her email and she forwards a copy of OD to 20 or so people in the office who have elected to receive OD each morning.  **Exhibit H**

38.      Upon information and belief, Ms. Pope forwards a copy of OD which originates from Mr. Baker of Defendant CA to 20 or so people who are predominantly employees of Defendants, including a majority of senior executives of Defendant CA or Defendant FA.

39.      Upon information and belief, Defendants have been regularly copying and distributing copies of the OD Copyrighted Works and the articles contained therein since at least as early as December 2004.

40.      At no time did Plaintiffs grant Defendants permission to copy, distribute or forward the OD Copyrighted Works or the articles contained therein on the continuous and systematic basis undertaken by Defendants.

41.      Upon information and belief, Defendants' email systems are highly secure and only those individuals or entities that Defendants designates may access the system.

42.      Upon information and belief, Defendants' email systems cannot be accessed by the general public or by Plaintiffs.

43.      Upon information and belief, Defendants actively, fraudulently, and willfully concealed their regular and systematic reproduction and distribution of copies of the OD Copyrighted Works and the articles contained therein.

44.      Upon information and belief, Defendants' actions of copying and/or distributing copies of the OD Copyrighted Works constitutes willful infringement of Plaintiffs' valid and subsisting copyrights in the OD Copyrighted Works and the articles therein.

### CAUSE OF ACTION

### <u>COUNT ONE</u>
### (COPYRIGHT INFRINGEMENT)

45.     Plaintiffs incorporate the allegations of Paragraphs 1 through 44 as though fully set forth herein.

46.     Plaintiffs were and are the exclusive holders of all rights, title and interest in the OD Copyrighted Works and the articles, as separate and distinct works contained therein, and are the owners of valid copyright registrations for the OD Copyrighted Works. *See* **Exhibit C**.

47.     Each entire publication and the articles contained in the OD Copyrighted Works are highly original and contain creative expression and independent analysis. *See* **Exhibit A**.

48.     Copies of the OD Copyrighted Works and the articles contained therein were made available to and were received by Defendants pursuant to subscription agreements.

49.     Upon information and belief, Defendants have for years willfully copied and distributed copies of the OD Copyrighted Works and the articles contained therein on a consistent and systematic basis, and concealed these activities from Plaintiffs.

50.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, the language in the subscription agreements and the various warnings contained in each of Plaintiffs' publications, including the OD Copyrighted Works and the daily transmittal cover emails, Defendants knew and/or were on notice that the OD Copyrighted Works are protected by the copyright laws, and therefore are unable to assert a defense of innocent infringement. *See* 17 U.S.C § 401(d).

51.     Defendant CA's subscription agreements to the OD Copyrighted Works prohibit any copying and distributing of any OD work, including the February 5, 2014 OD Copyrighted Work, and any articles contained therein.

52.     Defendant CA's subscription agreements did not authorize or give Defendant CA the authority to forward copies of OD Copyrighted Works to Defendant FA.

53.     Upon information and belief, Defendants willfully infringed the copyrights in the OD Copyrighted Works and the articles contained therein, by acting with knowledge that their actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement, .

54.     Defendants' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the OD Copyrighted Works and the articles contained therein. Defendants' past and continuing copying, transmitting and distributing of Plaintiffs' OD Copyrighted Works and the articles contained therein, constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

55.     Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

## PRAYER

WHEREFORE, Plaintiffs demands judgment against Defendants on the foregoing claim as follows:

(1)     That Defendants, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from infringing any copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from

any of the copyrighted material in any past, present or future issue of OD, including the OD Copyrighted Works and the articles contained therein;

(2)   That Defendants be required to pay to Plaintiffs such actual damages as they have sustained as a result of Defendants' copyright infringement and/or statutory damages pursuant to 17 U.S.C. § 504;

(3)   That Defendants be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4)   That Defendants be required to pay Plaintiffs an increase in the award of statutory damages due to Defendants' willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5)   That the Court issue an Order requiring Defendants to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any of Plaintiffs' publications it received as a result of Defendants' unauthorized use of Plaintiffs' copyrighted materials;

(6)   That the Court enter judgment against Defendants in favor of Plaintiffs for all claims, including pre-judgment and post-judgment interest, as allowed by law;

(7)   That the Court enter judgment against Defendants finding that its unlawful copying, transmitting, and distribution of the OD Copyrighted Works and the articles contained therein is willful;

(8)   That Defendants be ordered to pay Plaintiffs' costs in this action along with reasonable attorneys' fees; and

(9)     That Plaintiffs be granted such further relief as the Court deems just and proper.

Respectfully submitted,                    Powley & Gibson, P.C.

Dated:  July 8, 2014                    By:    /s/ Robert L. Powley
                                               Robert L. Powley (Attorney-In-Charge)
                                               rlpowley@powleygibson.com
                                               New York State Bar No. 2467553
                                               (*pro hac vice* motion to be filed)
                                               James M. Gibson
                                               jmgibson@powleygibson.com
                                               New York State Bar No. 2622629
                                               (*pro hac vice* motion to be filed)
                                               Fritz Klantschi
                                               fklantschi@powleygibson.com
                                               New York State Bar No. 4095618
                                               (*pro hac vice* motion to be filed)

                                               POWLEY & GIBSON, P.C.
                                               304 Hudson Street – Suite 202
                                               New York, NY 10013
                                               Telephone: (212) 226-5054
                                               Facsimile: (212) 226-5085

                                               Counsel for Plaintiffs
                                               ENERGY INTELLIGENCE GROUP, INC.
                                               and ENERGY INTELLIGENCE GROUP
                                               (UK) LIMITED