IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, | ) ) ) ) | Civil Action No. 4:14-cv-01903 |
| Plaintiffs, | ) ) ) | **ANSWER** |
| v. | ) ) | |
| KAYNE ANDERSON CAPITAL ADVISORS, L.P. AND KA FUND ADVISORS, LLC, | ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Kayne Anderson Capital Advisors, L.P. ("KACALP") and KA Fund Advisors, LLC ("KAFA") (collectively "Defendants") answer Plaintiffs' First Amended Complaint for Copyright Infringement as follows:

### Introduction

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 1.

### The Parties

2.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 2.

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 3.

4.     Defendant KACALP admits the allegations in paragraph 4.

5.     Defendant KAFA admits the allegations in paragraph 5.

## Jurisdiction and Venue

6.     Defendants admit that the First Amended Complaint purports to allege claims under the copyright laws of the United States, and with respect to Plaintiffs' allegations in paragraph 6, Defendants do not contest that this Court has subject matter jurisdiction with respect to this matter. Defendants otherwise deny the allegations in paragraph 6 and expressly deny committing, or being liable for, any act of infringement of the asserted copyrights.

7.     With respect to Plaintiffs' allegations in paragraph 7, Defendants do not contest personal jurisdiction in this matter. Defendants otherwise deny the allegations in paragraph 7 and expressly deny committing, or being liable for, any act of infringement of the asserted copyrights.

8.     With respect to Plaintiffs' allegations in paragraph 8, Defendants do not contest venue in this matter. Defendants otherwise deny the allegations in paragraph 8 and expressly deny committing, or being liable for, any act of infringement of the asserted copyrights.

## Facts

**A.     Plaintiffs' Publications**

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 9.

10.    Defendants admit that Exhibit A to the First Amended Complaint identifies itself as a copy of the February 5, 2014 issue of the OD. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in paragraph 10.

11.    Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 13.

14. Defendants denies that the original content and analysis created by Plaintiffs and included in the OD are valuable assets. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 16.

17. Defendants admit to receiving the OD by e-mail. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 19.

**B.** **Plaintiffs' Copyrights and Notices**

20. Defendants admit that Exhibit B to the First Amended Complaint identifies itself as a copy of the email transmitting the February 5, 2014 issue of the OD. Defendants deny the remaining allegations in paragraph 20.

21. Defendants admit that Exhibit A to the First Amended Complaint identifies itself as a copy of the February 5, 2014 issue of the OD. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in paragraph 21.

22. Defendants admit that Exhibit A to the First Amended Complaint identifies itself as a copy of the February 5, 2014 issue of the OD. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in paragraph 22.

23. Defendants deny Plaintiffs' allegations in paragraph 23.

24. Defendants deny Plaintiff's allegations in paragraph 24.

25. Defendants admit that Exhibit C to the First Amended Complaint identifies itself as copyright registrations for OD. Defendants deny Plaintiffs' remaining allegations in paragraph 25.

C. **Defendants' Subscription History**

26. Defendants admit that, upon information and belief, they have maintained a subscription to the OD since at least as early as 2004. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 28.

29. Defendants admit that James Baker is a partner of Defendant KACALP and a Managing Director of Defendant KAFA. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations in paragraph 29.

30. Defendants deny Plaintiffs' allegations in paragraph 30.

31. Defendants admit that Exhibit D to the First Amended Complaint identifies itself as an Invoice and Subscription Agreement for OD. Defendants deny Plaintiffs' remaining allegations in paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 32.

33. Defendants admit that Exhibit E to the First Amended Complaint identifies itself as an Standard License Agreement for OD. Defendants deny Plaintiffs' remaining allegations in paragraph 33.

34. Defendants deny Plaintiffs' allegations in paragraph 34.

### D. **Defendants' [Alleged] Infringement of Plaintiffs' Copyrighted Works**

35. Defendants admit that Exhibit F to the First Amended Complaint identifies itself as an email from Ms. Ana Pope. Defendants deny Plaintiffs' remaining allegations in paragraph 35.

36. Defendants admit that Exhibit G to the First Amended Complaint identifies itself as an email from Ms. Ana Pope. Defendants deny Plaintiffs' remaining allegations in paragraph 36.

37. Defendants admit that Exhibit H to the First Amended Complaint identifies itself as an email from Ms. Ana Pope. Defendants deny Plaintiffs' remaining allegations in paragraph 37.

38. Defendants deny Plaintiffs' allegations in paragraph 38.

39. Defendants deny Plaintiffs' allegations in paragraph 39.

40. Defendants deny Plaintiffs' allegations in paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 42.

43. Defendants deny Plaintiffs' allegations in paragraph 43.

44. Defendants deny Plaintiffs' allegations in paragraph 44.

## CAUSE OF ACTION

### COUNT ONE
### ([ALLEGED] COPYRIGHT INFRINGEMENT)

45. In response to paragraph 45, Defendants incorporate by reference their responses to paragraphs 1-44 as if fully set forth herein.

46. Defendants admit that Exhibit C to the First Amended Complaint identifies itself as copyright registrations for OD. Defendants deny Plaintiffs' remaining allegations in paragraph 46.

47. Defendants deny Plaintiffs' allegations in paragraph 47.

48. Defendants deny Plaintiffs' allegations in paragraph 48.

49. Defendants deny Plaintiffs' allegations in paragraph 49.

50. Defendants deny Plaintiffs' allegations in paragraph 50.

51. Defendants deny Plaintiffs' allegations in paragraph 51.

52. Defendants deny Plaintiffs' allegations in paragraph 52.

53. Defendants deny Plaintiffs' allegations in paragraph 53.

54. Defendants deny Plaintiffs' allegations in paragraph 54.

55. Defendants deny Plaintiffs' allegations in paragraph 55.

### Jury Demand

No response is required to Plaintiffs' jury demand.

### Prayer for Relief

Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraphs (1) – (9) of their Prayer for Relief, or to any relief whatsoever from Defendants. Defendants specifically deny committing, or being liable for, any act of infringement.

### AFFIRMATIVE DEFENSES

1. In addition to the denials made above, Defendants assert the following affirmative defenses and reserve the right to assert additional affirmative defenses as they become known through discovery in this matter.

2. Defendants incorporate by reference and assert each of the defenses listed in Federal Rule of Civil Procedure 8(c)(1).

3. Plaintiffs First Amended Complaint fails to state a claim for which relief can be granted.

4. Plaintiffs' claims are barred, in whole or in part, by the failure to allege facts sufficient to state a claim for damages.

5. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages.

6. Any injury suffered by Plaintiffs was a result of Plaintiffs' own conduct and/or failure to comply with the terms of any relevant and applicable contract(s) or law(s).

7. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages, if any.

8. The actions of Defendants were taken in good faith, and Defendants did not knowingly, intentionally, or maliciously violate any laws.

9. Plaintiffs' claims are barred, in whole or in part, by laches.

10. Plaintiffs' claims are barred, in whole or in part, by fair use.

11. Plaintiffs' claims are barred, in whole or in part, implied license.

12. Plaintiffs' claims are barred, in whole or in part, equitable estoppel.

13. Plaintiffs' claims are barred, in whole or in part, by contract.

14. Plaintiffs' claims are barred, in whole or in part, by unclean hands and/or entrapment.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrine of extortion.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Kayne Anderson Capital Advisors, L.P. and KA Fund Advisors, LLC request the following relief upon final hearing of this matter:

A. Plaintiffs receive no relief arising from the allegations in the First Amended Complaint;

B. The Court dismiss this lawsuit with prejudice;

C. The Court award the Defendants their costs and reasonable attorney's fees incurred in connection with this action; and

D. The Court grant Defendants any additional relief to which Defendants are justly entitled.

Dated:  September 10, 2014          Respectfully submitted,

/s/ Jason E. Mueller  
Jason E. Mueller  
  Lead Counsel  
  Texas Bar No. 24047571  
  Southern District Admission No. 1069812  
Galyn Gafford  
  Texas Bar No. 24040938  
  Southern District Admission No. 809397  
**LOCKE LORD LLP**  
2200 Ross Avenue, Suite 2200  
Dallas, Texas 75201-6776  
Telephone: (214)740-8000  
Facsimile:  (214)740-8800  

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Jason E. Mueller  
**Counsel for Defendants**