UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>                Plaintiffs,<br><br>      v.<br><br>KAYNE ANDERSON CAPITAL ADVISORS, LP AND KA FUND ADVISORS, LLC,<br><br>                Defendants. | Civil Action No. 4:14-cv-01903<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, AND VIOLATION OF THE INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**<br><br><br><br>**Demand for Trial by Jury** |

**PLAINTIFFS' SECOND AMENDED COMPLAINT
FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT
INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, AND VIOLATION
OF THE INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege the following as and for their Second Amended Complaint against Defendants Kayne Anderson Capital Advisors, LP ("Defendant CA") and KA Fund Advisors, LLC ("Defendant FA"), collectively "Defendants," based on personal knowledge and on information and belief as appropriate:

## INTRODUCTION

1.     Plaintiffs bring this action against Defendants under the Copyright Act of 1976,

17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of

Plaintiffs' registered copyrights, and wrongfully and knowingly removing or altering Plaintiffs'

copyright management information.

## THE PARTIES

2.     EIG is a Delaware corporation with a principal place of business located at 5 East 37th

Street, New York, New York 10016-2807.

3.     EIG UK is a United Kingdom limited company with a principal place of business located

at Interpark House, 7 Down Street, London, W1J 7AJ United Kingdom.

4.     Upon information and belief, Defendant CA is a limited partnership organized and

existing under the laws of California, and has a place of business and is doing business at 811

Main Street, 14th Floor, Houston, Texas 77002.

5.     Upon information and belief, Defendant FA is a limited liability company organized and

existing under the laws of the Delaware, and has a place of business and is doing business at 811

Main Street, 14th Floor, Houston, Texas 77002.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this dispute pursuant to Sections

501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants because Defendants reside in and

are doing business in the State of Texas and this District.  Furthermore, upon information and

belief, many of the acts of infringement alleged in this Second Amended Complaint occurred

within this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).


## FACTS

**A.      Plaintiffs' Publications**

9.      Plaintiffs and their predecessor-in-interest have been engaged in publishing newsletters

and other publications for the highly-specialized global energy industry for over six decades.  In

particular, Plaintiffs have published the daily newsletter *Oil Daily* ("OD") since at least as early

as 1951.

10.      The audience for Plaintiffs' publications, including OD, consists of individuals with an

interest in the oil and gas industries, including bankers, investors, stock market analysts, traders,

commodity analysts and others who follow these industries.  A copy of the February 5, 2014

issue of OD (the "February 5, 2014 OD Copyrighted Work") is attached hereto as **Exhibit A**.

11.      Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the

energy industry.  Plaintiffs have invested significant time and resources to develop their

publications and services, including OD.

12.      Plaintiffs' publications do not feature or have any advertisements or sponsors and

therefore, are highly dependent on paid subscriptions to sustain the viability of the publications.

13.      Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately

sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York,

Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

14.      The original content and analysis created by Plaintiffs and included in OD and their other

original publications are valuable assets.  Plaintiffs also publish other original publications in

addition to OD, including, but not limited to:

Petroleum Intelligence Weekly;
Energy Compass;
Energy Intelligence Briefing;
EI Finance;
International Oil Daily;
Jet Fuel Intelligence;
LNG Intelligence;
Natural Gas Week;
NGW's Gas Market Reconnaissance;
Nefte Compass;
Oil Market Intelligence;
Nuclear Intelligence Weekly;
World Gas Intelligence;
EI New Energy;
Petroleum Intelligence Weekly Data Source;
Oil Market Intelligence Data Source;
Natural Gas Weekly Data Source;
World Gas Intelligence Data Source;
Nefte Compass Data Source; and
EI New Energy Data Source.

15.     Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the content of all of their publications, including OD.

16.     In order for third parties to benefit from Plaintiffs' analytical and creative content contained in OD and their other publications, Plaintiffs require interested parties to purchase various subscriptions to receive the valuable information contained therein.

17.     Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain OD and Plaintiffs' other publications by e-mail and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues, pursuant to a subscription or license agreement.

18.     Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in OD and Plaintiffs' other publications, as well as archived issues, from Plaintiffs.  The license fee per article, per copy, for Plaintiffs' publications that are published daily, such as OD, is $9.00.  The license fee for this Pay-Per-Article service is

4

multiplied by the number of copies required to supply each user of the requested article with an individual copy of the article.

19.      Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of OD and others of Plaintiffs' publications, as well as archived issues, from Plaintiffs.  The license fee per issue, per copy, for Plaintiffs' publications that are published daily, such as OD, is $95.00.  The license fee for this Pay-Per-Issue service is multiplied by the number of copies required to supply each user of the requested issue with an individual copy of the issue.

**B.      Plaintiffs' Copyrights and Notices**

20.      Plaintiffs provide copyright notices and warnings on their website, e-mails, articles and publications, including OD, so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship (the "Copyright Notice and Warnings").  As a representative example, the Copyright Notice and Warnings contained in the e-mail transmitting the February 5, 2014 OD Copyrighted Work state:

> Copyright (c) 2014 Energy Intelligence Group, Inc.  All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – contact CustomerService@energyintel.com for more information.

A true and accurate copy of the Copyright Notice and Warnings contained in the email transmitting the February 5, 2014 OD Copyrighted Work is attached hereto as **Exhibit B**.

21.      As an additional representative example, the Copyright Notice and Warnings on the front cover of the February 5, 2014 OD Copyrighted Work specifically state: "Copyright © 2014

Energy Intelligence Group.  All rights reserved.  Unauthorized access or electronic forwarding, even for internal use, is prohibited."  **Exhibit A, p. 1**.

22.     As a further representative example, the Copyright Notice and Warnings contained in the masthead of the February 5, 2014 OD Copyrighted Work specifically state:

> Copyright © 2014 by Energy Intelligence Group, Inc.… All rights reserved. Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence.  Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement.  Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

**Exhibit A, p. 6.**

23.     Based upon the representative examples of the Copyright Notice and Warnings, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401.  Accordingly, Defendants knew or should have known that the February 5, 2014 OD Copyrighted Work and all other issues of OD received by Defendants (hereinafter collectively referred to as the "OD Copyrighted Works") were protected by U.S. copyright laws.

24.     Having complied with the copyright notice requirements set forth in 17 U.S.C. § 401, Plaintiffs are under no obligation to provide Defendants with further notice of Plaintiffs' copyright rights.

25.     Among other copyright registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations for the "OD Copyrighted Works," and attached hereto as **Exhibit C**:

• No. TX 6-099-058 for Edition 54 covering 21 works published in December 2004;
• No. TX 6-152-002 for Edition 55 covering 20 works published in January 2005;
• No. TX 6-185-812 for Edition 55 covering 19 works published in February 2005;
• No. TX 6-167-638 for Edition 55 covering 22 works published in March 2005;
• No. TX 6-176-605 for Edition 55 covering 21 works published in April 2005;
• No. TX 6-172-297 for Edition 55 covering 21 works published in May 2005;
• No. TX 6-206-684 for Edition 55 covering 22 works published in June 2005;
• No. TX 6-206-680 for Edition 55 covering 20 works published in July 2005;

• No. TX 6-226-396 for Edition 55 covering 23 works published in August 2005;
• No. TX 6-226-407 for Edition 55 covering 21 works published in September 2005;
• No. TX 6-257-042 for Edition 55 covering 21 works published in October 2005;
• No. TX 6-267-191 for Edition 55 covering 20 works published in November 2005;
• No. TX 6-340-912 for Edition 55 covering 21 works published in December 2005;
• No. TX 6-286-047 for Edition 56 covering 20 works published in January 2006;
• No. TX 6-340-550 for Edition 56 covering 19 works published in February 2006;
• No. TX 6-337-677 for Edition 56 covering 23 works published in March 2006;
• No. TX 6-782-058 for Edition 56 covering 19 works published in April 2006;
• No. TX 6-425-046 for Edition 56 covering 22 works published in May 2006;
• No. TX 6-425-037 for Edition 56 covering 22 works published in June 2006;
• No. TX 6-431-332 for Edition 56 covering 19 works published in July 2006;
• No. TX 6-431-344 for Edition 56 covering 23 works published in August 2006;
• No. TX 6-456-925 for Edition 56 covering 20 works published in September 2006;
• No. TX 6-508-701 for Edition 56 covering 22 works published in October 2006;
• No. TX 6-505-161 for Edition 56 covering 20 works published in November 2006;
• No. TX 6-508-675 for Edition 56 covering 20 works published in December 2006;
• No. TX 6-550-424 for Edition 57 covering 21 works published in January 2007;
• No. TX 6-550-616 for Edition 57 covering 19 works published in February 2007;
• No. TX 6-550-614 for Edition 57 covering 22 works published in March 2007;
• No. TX 6-587-006 for Edition 57 covering 20 works published in April 2007;
• No. TX 6-564-745 for Edition 57 covering 22 works published in May 2007;
• No. TX 6-626-689 for Edition 57 covering 21 works published in June 2007;
• No. TX 6-626-690 for Edition 57 covering 21 works published in July 2007;
• No. TX 6-626-278 for Edition 57 covering 23 works published in August 2007;
• No. TX 6-626-280 for Edition 57 covering 19 works published in September 2007;
• No. TX 6-648-210 for Edition 57 covering 23 works published in October 2007;
• No. TX 6-645-633 for Edition 57 covering 20 works published in November 2007;
• No. TX 6-645-632 for Edition 57 covering 20 works published in December 2007;
• No. TX 6-646-218 for Edition 58 covering 21 works published in January 2008;
• No. TX 6-648-381 for Edition 58 covering 20 works published in February 2008;
• No. TX 6-648-380 for Edition 58 covering 20 works published in March 2008;
• No. TX 6-647-038 for Edition 58 covering 22 works published in April 2008;
• No. TX 6-647-107 for Edition 58 covering 21 works published in May 2008;
• No. TX 6-648-007 for Edition 58 covering 21 works published in June 2008;
• No. TX 6-662-761 for Edition 58 covering 22 works published in July 2008;
• No. TX 6-665-575 for Edition 58 covering 21 works published in August 2008;
• No. TX 6-680-142 for Edition 58 covering 21 works published in September 2008;
• No. TX 6-662-749 for Edition 58 covering 23 works published in October 2008;
• No. TX 6-664-308 for Edition 58 covering 18 works published in November 2008;

• No. TX 6-664-309 for Edition 58 covering 22 works published in December 2008;
• No. TX 6-647-241 for Edition 59 covering 20 works published in January 2009;
• No. TX 6-631-529 for Edition 59 covering 19 works published in February 2009;
• No. TX 6-647-244 for Edition 59 covering 22 works published in March 2009;
• No. TX 6-665-630 for Edition 59 covering 21 works published in April 2009;
• No. TX 6-631-518 for Edition 59 covering 20 works published in May 2009;
• No. TX 6-631-525 for Edition 59 covering 22 works published in June 2009;
• No. TX 6-685-271 for Edition 59 covering 22 works published in July 2009;
• No. TX 6-684-118 for Edition 59 covering 21 works published in August 2009;
• No. TX 6-701-938 for Edition 59 covering 21 works published in September 2009;
• No. TX 6-701-939 for Edition 59 covering 22 works published in October 2009;
• No. TX 6-702-127 for Edition 59 covering 21 works published in November 2009;
• No. TX 6-702-124 for Edition 59 covering 22 works published in December 2009;
• No. TX 6-701-924 for Edition 60 covering 20 works published in January 2010;
• No. TX 6-701-927 for Edition 60 covering 20 works published in February 2010;
• No. TX 6-703-824 for Edition 60 covering 23 works published in March 2010;
• No. TX 6-703-826 for Edition 60 covering 21 works published in April 2010;
• No. TX 6-704-578 for Edition 60 covering 20 works published in May 2010;
• No. TX 6-704-734 for Edition 60 covering 22 works published in June 2010;
• No. TX 6-705-213 for Edition 60 covering 22 works published in July 2010;
• No. TX 6-770-133 for Edition 60 covering 22 works published in August 2010;
• No. TX 6-770-132 for Edition 60 covering 22 works published in September 2010;
• No. TX 6-772-066 for Edition 60 covering 21 works published in October 2010;
• No. TX 6-771-213 for Edition 60 covering 21 works published in November 2010;
• No. TX 6-778-772 for Edition 60 covering 21 works published in December 2010;
• No. TX 6-776-062 for Edition 61 covering 21 works published in January 2011;
• No. TX 6-776-069 for Edition 61 covering 20 works published in February 2011;
• No. TX 6-779-252 for Edition 61 covering 23 works published in March 2011;
• No. TX 6-779-251 for Edition 61 covering 20 works published in April 2011;
• No. TX 6-779-316 for Edition 61 covering 21 works published in May 2011;
• No. TX 6-776-025 for Edition 61 covering 22 works published in June 2011;
• No. TX 6-782-122 for Edition 61 covering 21 works published in July 2011;
• No. TX 6-774-709 for Edition 61 covering 23 works published in August 2011;
• No. TX 6-780-004 for Edition 61 covering 22 works published in September 2011;
• No. TX 6-780-005 for Edition 61 covering 21 works published in October 2011;
• No. TX 6-782-123 for Edition 61 covering 22 works published in November 2011;
• No. TX 6-782-124 for Edition 61 covering 12 works published in December 2011;
• No. TX 6-789-069 for Edition 61 covering 9 works published in December 2011;
• No. TX 6-774-708 for Edition 62 covering 21 works published in January 2012;
• No. TX 6-786-171 for Edition 62 covering 21 works published in February 2012;

• No. TX 6-787-504 for Edition 62 covering 22 works published in March 2012;
• No. TX 6-787-503 for Edition 62 covering 20 works published in April 2012;
• No. TX 6-788-123 for Edition 62 covering 23 works published in May 2012;
• No. TX 6-788-122 for Edition 62 covering 21 works published in June 2012;
• No. TX 6-789-191 for Edition 62 covering 22 works published in July 2012;
• No. TX 6-790-253 for Edition 62 covering 23 works published in August 2012;
• No. TX 6-790-252 for Edition 62 covering 20 works published in September 2012;
• No. TX 6-790-254 for Edition 62 covering 22 works published in October 2012;
• No. TX 6-790-255 for Edition 62 covering 22 works published in November 2012;
• No. TX 7-676-538 for Edition 62 covering 20 works published in December 2012;
• No. TX 7-676-528 for Edition 63 covering 22 works published in January 2013;
• No. TX 7-744-517 for Edition 63 covering 20 works published in February 2013;
• No. TX 7-744-541 for Edition 63 covering 20 works published in March 2013;
• No. TX 7-726-260 for Edition 63 covering 22 works published in April 2013;
• No. TX 7-726-259 for Edition 63 covering 23 works published in May 2013;
• No. TX 7-726-232 for Edition 63 covering 20 works published in June 2013;
• No. TX 7-989-343 for Edition 63 covering 23 works published in July 2013;
• No. TX 7-946-126 for Edition 63 covering 22 works published in August 2013;
• No. TX 7-898-912 for Edition 63 covering 21 works published in September 2013;
• No. TX 7-991-979 for Edition 63 covering 23 works published in October 2013;
• No. TX 8-068-878 for Edition 63 covering 21 works published in November 2013;
• No. TX 8-058-300 for Edition 63 covering 21 works published in December 2013;
• No. TX 7-962-816 for Edition 64 covering 22 works published in January 2014;
• No. TX 7-990-336 for Edition 64 covering 20 works published in February 2014;
• No. TX 7-993-575 for Edition 64 covering 21 works published in March 2014;
• No. TX 7-934-103 for Edition 64 covering 21 works published in April 2014;
• No. TX 7-966-215 for Edition 64 covering 21 works published in May 2014;
• No. TX 7-982-542 for Edition 64 covering 21 works published in June 2014; and
• No. TX 8-050-420 for Edition 64 covering 23 works published in July 2014.


**C.**     **Plaintiffs' Copyright Management Information**

26.     Conveyed in connection with each of Plaintiffs' OD Copyrighted Works is copyright

management information setting forth, inter alia, information identifying the work, the copyright

owner(s) of the work, the year of the copyright, and the terms and conditions for use of the work.

This copyright management information is present in both electronic and physical copies of each

of Plaintiffs' OD Copyrighted Works.  By way of example, **Exhibit A** displays copyright

management information such as the title of the work and other information identifying the work, including the information set forth on the notice of copyright, and the name of, and other identifying information about ownership of the copyright in the work.  The copyright management information, such as that set forth in **Exhibit A,** is typically included in both printouts and electronic files of Plaintiffs' OD Copyrighted Works.

27.      In addition, further copyright management information is set forth in the filename protocol for the electronic versions of Plaintiffs' OD Copyrighted Works which sets forth information identifying the work.  When a subscriber receives OD as a pdf attachment to an email from Plaintiffs, each of Plaintiffs' OD Copyrighted Works has a file name according to the following format, namely: "deYYMMDD," so as to uniquely identify each specific issue.  That is, the naming convention is a prefix of "de" followed by a two (2) digit year, two (2) digit month and two (2) digit day.  For example, as demonstrated in Exhibit B, a pdf copy of an OD Copyrighted Work was attached to an email of February 4, 2014 sent to all OD subscribers, including Defendants, forwarding the February 5, 2014 issue of Oil Daily bearing the pdf file name "de140205."

28.      Similarly, when a subscriber logs onto Plaintiffs' website to download an issue of OD, the downloaded file is assigned a six (6) digit unique identifier as the file name.

29.      Plaintiffs' naming convention of the electronic versions of the OD Copyrighted Works allows Plaintiffs a method to identify each OD issue and to distinguish between email and web access subscribers.  The naming convention utilized by Plaintiffs for their OD Copyrighted Works sets forth information identifying the copyrighted work.

**D.**   **Defendant CA's Subscription History**

30.    Defendant CA has maintained a subscription to OD since at least as early as December 2004, and renewed its subscription(s) annually through March 9, 2015.  For the entire time of Defendant CA's subscription(s), Defendant CA received its copy(ies) of OD either in PDF format or through access to Plaintiffs' website.  Access to OD from Plaintiffs' website requires a unique username and password.

31.    For the period from December 29, 2004 through October 22, 2013, Defendant CA continuously maintained annual Subscription Agreements which provided it with a single copy of OD, designating Mr. James Baker as the recipient.  For the period from March 14, 2013 through October 22, 2013, Defendant CA, in addition to the subscription for a single copy of OD also maintained a Standard License Agreement for 4 individuals to receive their own single copy of OD.  Those individuals are Mr. Ron Logan, Ms. Jody Meraz, Mr. Alan Boswell, and Mr. Aaron Terry.  For the period from October 23, 2013 through to March 9, 2015, the single subscription of OD for James Baker was canceled and he was added to the Standard License Agreement, increasing the number of subscriptions to five (5).

32.    The five (5) individuals currently designated by Defendant CA to each receive a single copy of OD are James Baker, Ron Logan, Jody Meraz, Alan Boswell, and Aaron Terry.

33.    Upon information and belief, James Baker is a Partner of Defendant CA and is an Executive Vice President of Defendant FA, and is the contact individual for Defendant CA with EIG in regards to its subscription to OD.

34.    Upon information and belief, the majority of individuals designated by Defendant CA to each receive a single copy of OD are predominantly senior management of Defendant CA.

35.     For the period from December 29, 2004 through October 22, 2013, when Defendant CA continuously maintained annual Subscription Agreements which provided it with a single copy of OD, Plaintiffs' transmitted to Defendant CA an Invoice and Subscription Agreement on an annual basis for renewal of the subscription for a single copy of OD.  The Invoice and Subscription Agreement, attached hereto as **Exhibit D** specifically states that "By payment of this invoice and/or use of EIG Services, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions shown on the reverse side of this invoice."  *See* **Exhibit D**  The reverse side of the Invoice, being the Subscription Agreement, states in part: "All unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights."  *See* **Exhibit D**

36.     For the period from March 14, 2013 to the present, when Defendant CA maintained a Standard License Agreement for multiple copies of OD,  Plaintiffs, on an annual basis, would transmit to Defendant CA a Standard License Agreement Order Form and Standard License Agreement for renewal of the subscription for OD.

37.     The Standard License Agreement for five copies of OD that was in effect on February 5, 2014, is attached hereto as **Exhibit E**.  Section 1(d) of the Standard License Agreement states in part: "Any unauthorized reproduction or other use of content from the EI Services not specifically authorized under Section 1(c) herein will constitute willful infringement of Energy Intelligence's copyright and/or other proprietary and intellectual property rights."  **Exhibit E**

38.     No subscription agreement(s) authorized Defendant CA to copy, transmit, or distribute the OD Copyrighted Works, including the February 5, 2014 OD Copyrighted Work, in violation of Plaintiffs' registered copyrights.

**E.**   **Defendants' Infringement of Plaintiffs' Copyrighted Works**

39.   Upon information and belief, Defendants have been regularly copying and distributing copies of the OD Copyrighted Works and the articles contained therein among Defendants' employees and senior management personnel since at least as early as December 2004.

40.   Upon information and belief, prior to January 3, 2007 multiple employees, managers, and/or officers of Defendants regularly accessed Plaintiffs' OD from Plaintiffs' password-protected website by improperly sharing a single username and password intended for the sole use by Mr. Baker, an authorized licensee.

41.   Upon information and belief, several of Defendants' employees shared Mr. Baker's password to Plaintiffs' password-protected website to gain unauthorized access to the OD Copyrighted Works.

42.   Upon information and belief, in response to Plaintiffs' inquiry concerning a possible issue relating to access and use of OD by Defendants, Mr. Baker in concert with one or more of Defendants' employees, sought to fraudulently conceal from Plaintiffs the unauthorized and systematic copying and distribution of copies of the OD Copyrighted Works.

43.   Upon information and belief, in early 2007 Defendants stopped using Plaintiffs' website to access the Plaintiffs' OD Copyrighted Works and instead received the OD Copyrighted Works via email with a pdf attachment instead of via web access.

44.    Upon information and belief, Defendants continued systematically copying and distributing the OD Copyrighted Works and the articles contained therein.

45.   Upon information and belief, Defendants continued to fraudulently conceal their activity of regularly copying and distributing copies of the OD Copyrighted Works by misstating their

needs and uses of the OD Copyrighted Works and the articles contained therein from Plaintiffs' representative(s).

46.     On February 5, 2014, Plaintiffs received an email from Ms. Ana Pope, one of Defendant FA's employees regarding Defendant CA's subscription to OD stating that Defendant CA did not receive the February 5th issue of OD.   **Exhibit F**

47.     On February 5, 2014, Plaintiffs received a second email from Ms. Pope stating "Whoops! I just saw the Oil Daily in my inbox from Jim – no need to send! Thanks!"  **Exhibit G**

48.     Plaintiffs contacted Ms. Pope on February 5, 2014 via telephone in response to her emails of that date to discuss Defendant CA's subscription to OD. During the telephone conversation, Ms. Pope explained that she sends the OD publication to twenty (20) or so individuals in the office.  Ms. Pope sent a confirming email to Plaintiffs summarizing her telephone conversation with Plaintiffs' employee, stating that Mr. Jim Baker forwards a copy of OD each night to her email and she forwards a copy of OD to 20 or so people in the office who have elected to receive OD each morning.  **Exhibit H**

49.     Upon information and belief, Ms. Pope forwarded, on a systematic and regular basis, the single copy the OD Copyrighted Works intended for Mr. Baker of Defendant CA to 20 or so individuals who are predominantly employees of Defendants, including several senior executives of Defendants.

50.     Upon information and belief, in February 2014, after Defendants had disclosed for the first time that they were distributing OD Copyrighted Works to twenty (20) or so of Defendants' employees, including executives, Plaintiffs informed Defendants that it was a violation of Plaintiffs' subscription license agreement and Plaintiffs' copyrights to forward Plaintiffs' publications to Defendants' employees who were not entitled to receive them.

14

51.     Upon information and belief, Defendants continued to make unauthorized copies of OD and copy and distributed copies the same to Defendants' employees not entitled to receive the OD Copyrighted Works and the articles contained therein until at least May 21, 2014, despite actual notice that such activity was in violation of Defendants' subscription agreement and the copyright law.

52.     Upon information and belief, Defendants not only copied and distributed copies of the OD Copyrighted Works internally to their employees, but also distributed copies of the OD Copyrighted Works externally to numerous third-party recipients.

53.     Upon information and belief, Defendants, in violation of Plaintiffs' copyright notice and subscription agreement(s), willfully copied and distributed copies of OD to individuals at third party entities/organizations.

54.     Upon information and belief, Defendants, cognizant of the intrinsic value of Plaintiffs' OD Copyrighted Works, established a *quid pro quo* relationship with at least one third party organization, such that, in exchange for the forwarding of unauthorized copy(ies) of the OD Copyrighted Works, Defendants received another work from this third party, that resulted in a financial benefit to Defendants directly attributable to the Defendants' infringement(s) of the OD Copyrighted Works.

55.     Upon information and belief, Defendants induced, caused or materially contributed to the infringing conduct of third party organizations/individuals by supplying these organizations/individuals with unauthorized copies of Plaintiffs' OD Copyrighted Works that they were not entitled to in violation of Plaintiffs' copyrights.

56.     Upon information and belief, Defendants in an effort to avoid possible detection of the unauthorized copying and distribution of copies of the OD Copyrighted Works, and to avoid

liability for copyright infringement, removed or altered Plaintiffs' copyright management information.

57.    Upon information and belief, Defendants conspired with at least one third party organization to avoid possible detection of the unauthorized copying and distribution of the OD Copyrighted Works in violation of Plaintiffs' copyrights by renaming the electronic copies of the OD Copyrighted Works by purposefully and knowingly renaming Plaintiffs' copyright management information.

58.    At no time did Plaintiffs grant Defendants permission to copy, distribute or forward the OD Copyrighted Works or the articles contained therein on the continuous and systematic basis undertaken by Defendants.

59.    Upon information and belief, Defendants' email systems are highly secure and only those individuals or entities that Defendants designate may access the system.

60.    Upon information and belief, Defendants' email systems cannot be accessed by the general public or by Plaintiffs.

61.    Upon information and belief, Defendants actively, fraudulently, and willfully concealed from Plaintiffs their regular and systematic reproduction and distribution of copies of the OD Copyrighted Works and the articles contained therein and their removal of Plaintiffs' copyright management information thereon.

62.    Upon information and belief, Defendants' actions of copying and/or distributing copies of the OD Copyrighted Works and their removal of Plaintiffs' copyright management information thereon constitute willful infringement of Plaintiffs' valid and subsisting copyrights in the OD Copyrighted Works and the articles therein and violation of 17 U.S.C. § 1202(b).

**CAUSES OF ACTION**

**COUNT ONE**
**(COPYRIGHT INFRINGEMENT)**

63.     Plaintiffs re-allege and incorporate by reference herein the allegations contained in all of

the preceding paragraphs of this Second Amended Complaint.

64.     Plaintiffs were and are the exclusive holders of all rights, title and interest in and to the

OD Copyrighted Works and the articles, as separate and distinct works contained therein, and are

the owners of valid copyright registrations for the OD Copyrighted Works.

65.     Each entire publication, and the articles contained therein, of the OD Copyrighted Works

are highly original and contain creative expression and independent analysis.  **See Exhibit A.**

66.     Copies of the OD Copyrighted Works and the articles contained therein were made

available to and were received by Defendants pursuant to subscription agreements.

67.     Upon information and belief, Defendants have for years willfully copied and distributed

copies of the OD Copyrighted Works and the articles contained therein on a consistent and

systematic basis, and concealed these activities from Plaintiffs.

68.     Upon information and belief, Defendants fraudulently concealed their willful

infringement of the OD Copyrighted Works and the articles contained therein by altering their

method of receiving, copying and distributing copies of the OD Copyrighted Works from

circulating Mr. Baker's web access login information, namely Mr. Baker's user ID and

password, to Defendants' employees to Defendants circulating a pdf copy of Plaintiffs' OD

Copyrighted Works to Defendants' employees and others.

69.     Based upon the inclusion of the Copyright Notice and Warnings contained in each of

Plaintiffs' publications, the language in the subscription agreements and the various warnings

contained in each of Plaintiffs' publications, including the OD Copyrighted Works and the daily

transmittal cover emails, Defendants knew and/or were on notice that the OD Copyrighted

Works are protected by the copyright laws.  As such, Defendants are unable to assert a defense

of innocent infringement.  See 17 U.S.C § 401(d).

70.     Defendant CA's subscription agreements to the OD Copyrighted Works prohibit any

copying and distributing of any OD work, including the February 5, 2014 OD Copyrighted

Work, and any articles contained therein.

71.     Defendant CA's subscription agreements did not authorize or give Defendant CA the

authority to forward copies of OD Copyrighted Works to Defendant FA.

72.     Upon information and belief, Defendants willfully infringed the copyrights in and to the

OD Copyrighted Works and the articles contained therein, by acting with knowledge that their

actions constituted infringement, or at least with reckless disregard of the possibility that the

conduct complained about constitutes infringement.

73.     Defendants' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the

Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of

Plaintiffs' copyrights in the OD Copyrighted Works and the articles contained therein.

Defendants' past and continuing copying, transmitting and distributing of Plaintiffs' OD

Copyrighted Works and the articles contained therein, constitute a willful, deliberate and

ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to

Plaintiffs.

74.     Plaintiffs have no adequate remedy at law.

## COUNT TWO
### (CONTRIBUTORY COPYRIGHT INFRINGEMENT)

75.     Plaintiffs re-allege and incorporate by reference herein the allegations contained in all of

the preceding paragraphs of this Second Amended Complaint.

76.     Plaintiffs were and are the exclusive holders of all rights, title and interest in and to the OD Copyrighted Works and the articles, as separate and distinct works contained therein, and are the owners of valid copyright registrations for the OD Copyrighted Works.  **See Exhibit C.**

77.     Each entire publication, and the articles contained therein, of the OD Copyrighted Works are highly original and contain creative expression and independent analysis.  **See Exhibit A**.

78.     Copies of the OD Copyrighted Works and the articles contained therein were made available to and were received by Defendants pursuant to subscription agreements.

79.     Upon information and belief, Defendants forwarded copies of the OD Copyrighted Works to third parties and had knowledge or had reason to know of the infringing activity of such third party organizations and/or individuals.

80.     Upon information and belief, Defendants induced, caused or materially contributed to the infringing conduct of such third parties by supplying the same with unauthorized copies of Plaintiffs' OD Copyrighted Works.

81.     Plaintiffs have no adequate remedy at law.

## COUNT THREE
## (VICARIOUS COPYRIGHT INFRINGEMENT)

82.     Plaintiffs re-allege and incorporate by reference herein the allegations contained in all of the preceding paragraphs of this Second Amended Complaint.

83.     Plaintiffs were and are the exclusive holders of all rights, title and interest in and to the OD Copyrighted Works and the articles, as separate and distinct works contained therein, and are the owners of valid copyright registrations for the OD Copyrighted Works.  **See Exhibit C.**

84.     Each entire publication, and the articles contained therein, of the OD Copyrighted Works are highly original and contain creative expression and independent analysis.  **See Exhibit A**.

85.     Copies of the OD Copyrighted Works and the articles contained therein were made available to and were received by Defendants pursuant to subscription agreements.

86.     Defendants failed to exercise their right and ability to supervise and/or control Defendants' employees of the infringing conduct or activity of Defendants' employees, despite their legal right to stop such infringing conduct or activity as well as the practical ability to do so.

87.     Defendants had a direct financial interest in the exploitation of the OD Copyrighted Works by Defendants' employees and knew, or had reason to know, their employees were engaging in infringing conduct or activity.

88.     Accordingly, Defendants are liable as vicarious infringers ad Defendants derived a direct financial interest from the infringing conduct and activities of their employees despite having the right and ability to supervise the conduct or activities of their employees.

89.     Plaintiffs have no adequate remedy at law.

## COUNT FOUR
## (VIOLATION OF THE INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION)

90.     Plaintiffs re-allege and incorporate by reference herein the allegations contained in all of the preceding paragraphs of this Second Amended Complaint.

91.     Plaintiffs were and are the exclusive holders of all rights, title and interest in and to the OD Copyrighted Works and the articles, as separate and distinct works contained therein, and are the owners of valid copyright registrations for the OD Copyrighted Works.  **See Exhibit C.**

92.     Each entire publication, and the articles contained therein, of the OD Copyrighted Works are highly original and contain creative expression and independent analysis.  **See Exhibit A**.

93.     On information and belief, Defendants engaged in one or more acts of wrongfully removing or altering Plaintiffs' copyright management information for the OD Copyrighted Works in violation of 17 U.S.C. § 1202(b).

94.     On information and belief, Defendants intentionally removed or altered Plaintiffs' copyright management information for Plaintiffs' OD Copyrighted Works without the authority of Plaintiffs and knowing, or having reasonable grounds to know, that such acts would induce, enable, facilitate, or conceal copyright infringement.

95.     On information and belief, Defendants, without the authority of Plaintiffs, distributed unauthorized copies of the OD Copyrighted Works to third parties knowing that Plaintiffs' copyright management information had been removed or altered without the consent or authority of Plaintiffs and knowing, or having reasonable grounds to know, that such acts would induce, enable, facilitate, or conceal copyright infringement.

96.     Plaintiffs have suffered damages as a result of Defendants' violation of the integrity of Plaintiffs' copyright management information and Plaintiffs are entitled to damages to compensate for such acts pursuant to 17 U.S.C. § 1203.

97.     Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

## PRAYER

WHEREFORE, Plaintiffs demands judgment against Defendants on the foregoing claim as follows:

(1)     That Defendants, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from infringing any copyrights of Plaintiffs in any manner, and from copying,

exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future issue of OD, including the OD Copyrighted Works and the articles contained therein;

(2)     That Defendants be required to pay to Plaintiffs such actual damages as they have sustained as a result of Defendants' copyright infringement, contributory copyright infringement, and vicarious copyright information and/or statutory damages pursuant to 17 U.S.C. § 504;

(3)     That Defendants be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4)     That Defendants be required to pay Plaintiffs an increase in the award of statutory damages due to Defendants' willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5)     The Defendants are required to pay to Plaintiffs such actual damages as they have sustained as a result of Defendants' violation of the integrity of copyright management information and/or statutory damages pursuant to 17 U.S.C. § 1203;

(6)     That the Court issue an Order requiring Defendants to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any of Plaintiffs' publications it received as a result of Defendants' unauthorized use of Plaintiffs' copyrighted materials;

(7)     That the Court enter judgment against Defendants in favor of Plaintiffs for all claims, including pre-judgment and post-judgment interest, as allowed by law;

(8)     That the Court enter judgment against Defendants finding that its unlawful copying, transmittal, and distribution of the OD Copyrighted Works and the articles contained

therein whether done directly, contributorily or vicariously, as well as the removal or alteration of Plaintiffs' copyright management information are willful;

(9)    That Defendants be ordered to pay Plaintiffs' costs in this action along with reasonable attorneys' fees; and

(10)   That Plaintiffs be granted such other, further and different relief as the Court deems just and proper.

Respectfully submitted,
Powley & Gibson, P.C.

Dated:  September 17, 2015          By:    /s/Fritz Klantschi
                                           Robert L. Powley (Attorney-In-Charge)
                                           rlpowley@powleygibson.com
                                           New York State Bar No. 2467553
                                           (Admitted *pro hac vice*)
                                           James M. Gibson
                                           jmgibson@powleygibson.com
                                           New York State Bar No. 2622629
                                           (Admitted *pro hac vice*)
                                           Thomas H. Curtin
                                           thcurtin@powleygibson.com
                                           New York State Bar No. 2122364
                                           (Admitted *pro hac vice*)
                                           Fritz Klantschi
                                           fklantschi@powleygibson.com
                                           New York State Bar No. 4095618
                                           (Admitted *pro hac vice*)

                                           POWLEY & GIBSON, P.C.
                                           304 Hudson Street – Suite 202
                                           New York, NY 10013
                                           Telephone: (212) 226-5054
                                           Facsimile: (212) 226-5085

                                           Counsel for Plaintiffs
                                           ENERGY INTELLIGENCE GROUP, INC.
                                           and ENERGY INTELLIGENCE GROUP
                                           (UK) LIMITED