IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1903 |
| KAYNE ANDERSON CAPITAL ADVISORS, LP and KA FUND ADVISORS, LLC, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (together, "Plaintiffs" or "EIG") sued Kayne Anderson Capital Advisors, LP and KA Fund Advisors, LLC (together, "Defendants" or "Kayne") for violations of the Copyright Act, 17 U.S.C. § 106, and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202-03.  Pending before the court are Defendants' Motion for Attorney's Fees and Costs ("Kayne's Motion for Fees and Costs") (Docket Entry No. 287), Plaintiffs' Motion for Post-Judgment Relief (Docket Entry No. 289), and Plaintiffs' Application for Attorney's Fees ("EIG's Fee Application") (Docket Entry No. 290).  For the reasons stated below, Plaintiffs' Motion for Post-Judgment Relief will be denied; EIG's Fee Application will be granted in part and denied in part; and Kayne's Motion for Fees and Costs will be denied.

## I.  **Background**

A detailed history of the parties' business relationship as related to the present litigation is provided in a prior opinion.[1] In short, EIG alleged that Kayne copied and distributed Oil Daily, a subscription newsletter published by EIG, in violation of EIG's subscription agreements.[2]  From at least 2004 to 2013 Kayne purchased a single annual subscription to Oil Daily for a Kayne employee, Jim Baker.  That subscription was routinely forwarded to Kayne employees and others who were not subscribers.  In 2013 Kayne entered into a multi-user license agreement with EIG, paying for five Kayne employees to receive Oil Daily.  But EIG alleged that Kayne continued to distribute unauthorized copies of Oil Daily until at least May 21, 2014.  EIG filed this action against Kayne for copyright infringement and for DMCA violations on July 8, 2014.

This case was the subject of a four-day jury trial held from December 4-7, 2017.[3]  The jury found that Kayne infringed 1,646 individual Oil Daily works between December 29, 2004, and July 8, 2014, and awarded $15,000 in statutory damages for each work infringed.[4]  The jury found that EIG knew or should have known on

---

[1]Memorandum Opinion and Order, Docket Entry No. 68.

[2]Plaintiffs' Second Amended Complaint for Copyright Infringement, Contributory Copyright Infringement, Vicarious Copyright Infringement, and Violation of the Integrity of Copyright Management Information, Docket Entry No. 38.

[3]Courtroom Minutes for the four-day trial, (Docket Entry Nos. 261, 264, 267, 269).

[4]Verdict, Docket Entry No. 271, Questions 1 and 2.

or before July 8, 2011, that Kayne was infringing its copyrights of *Oil Daily*;[5] that Kayne fraudulently concealed its copying of *Oil Daily* and that EIG failed to discover the copying despite exercising due diligence;[6] but that EIG failed to mitigate their damages[7] and could have avoided 1,607 acts of infringement had EIG used reasonable diligence to mitigate damages.[8] With respect to EIG's DMCA claims, the jury found that Kayne intentionally removed or altered copyright management information for *Oil Daily* a total of 425 times having reasonable grounds to know that it would induce, enable, facilitate, or conceal copyright infringement.[9] The jury did not find that Kayne distributed *Oil Daily* knowing that the copyright management information had been removed or altered without EIG's permission,[10] or that EIG knew or should have known on or before July 8, 2011, that Kayne was intentionally removing or altering copyright management information for *Oil Daily* or distributing *Oil Daily* knowing that the copyright management information had been removed or altered without EIG's permission.[11] The jury awarded $2,500 in statutory damages for each of Kayne's

---

[5] *Id.* at Question 3.

[6] *Id.* at Question 4.

[7] *Id.* at Question 6.

[8] *Id.* at Question 7.

[9] *Id.* at Questions 8 and 10.

[10] *Id.* at Question 9.

[11] *Id.* at Question 11.

425 violations of the DMCA.[12]  The jury also found that EIG failed to mitigate their DMCA damages,[13] and that EIG could have avoided all 425 DMCA violations had reasonable diligence been used to mitigate damages.[14]

## II.  EIG's Rule 59 Motion for Post-Judgment Relief

EIG moves the court to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) by (1) striking the jury verdict and questions relating to the affirmative defense that EIG failed to mitigate its damages, and (2) entering judgment against defendants, jointly and severally, for statutory damages under 17 U.S.C. § 504(c)(2) in the sum of $24,690,000 ($15,000 x 1,646 infringements), plus statutory damages under 17 U.S.C. § 1203(c)(3)(B) in the sum of $1,062,500 ($2,500 x 425 DMCA violations).[15]  Alternatively, EIG asks the court to enter a judgment of $15,000 for each of the 670 works infringed and $2,500 for each of the 49 DMCA violations that occurred during the three years immediately preceding the filing of this suit.[16]  As other alternatives EIG moves the court to grant a new trial pursuant to

---

[12]Id. at Questions 14 and 15.

[13]Id. at Question 13.

[14]Id. at Question 14.

[15]Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, pp. 1, 8, and 30.

[16]Id. at 1, 8, and 30.

-4-

Federal Rule of Civil Procedure 59(a) because of improper jury instructions and verdict questions, or to grant a new trial on the issue of failure to mitigate damages for Kayne's DMCA violations.[17]

Kayne opposes EIG's requests for post-judgment relief arguing that the jury correctly found that EIG failed to mitigate their damages,[18] EIG's other challenges to the jury charge are baseless and were waived,[19] and judgment should not be rendered as EIG requests because EIG's DMCA claims failed as a matter of law, the jury's verdict leads to a fair and reasonable outcome -- an award of damages in EIG's favor of $585,000.00, and EIG's requests for judgment would be unconstitutionally excessive.[20]

## A.   EIG Is Not Entitled to Rule 59(e) Relief

### 1.   Applicable Law

"'Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017). EIG has not cited an intervening change in controlling law and has not presented newly discovered evidence.

---

[17]Id. at 1 and 30.

[18]Defendants' Response to Plaintiffs' Motion for Post-Judgment Relief ("Defendants' Response"), Docket Entry No. 296, pp. 11-22.

[19]Id. at 22-24.

[20]Id. at 25-30.

Instead, EIG argues that the instruction that EIG could not recover statutory damages for any copyright infringement or DMCA violation that EIG could have avoided was a manifest error of law.[21] A "'[m]anifest error [of law]' is one that is 'plain and indisputable, and that amounts to a complete disregard of the controlling law.'" <u>Guy v. Crown Equipment Corp.</u>, 394 F.3d 320, 325 (5th Cir. 2004). "The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." <u>Edward H. Bohlin Co., Inc. v. Banning Co., Inc.</u>, 6 F.3d 350, 355 (5th Cir. 1993). Nevertheless, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." <u>Id.</u>

2. <u>Application of the Law to the Facts</u>

(a) EIG Fails to Show Manifest Error of Law

EIG argues that the portions of the jury instructions and verdict form questions stating that EIG "'may not recover for any item of damage that could have [been] avoided through reasonable efforts' constituted legal error,"[22] and that Kayne's mitigation defense was improperly accounted for more than once.[23] Kayne responds that the mitigation defense applies to copyright claims,

---

[21]Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, p. 8.

[22]<u>Id.</u> at 11.

[23]<u>Id.</u> at 12.

the jury was correctly instructed on mitigation, and the jury correctly found that EIG failed to mitigate their damages.[24]

### (1) EIG Has Not Shown that Mitigation Instructions or Questions Were a Manifest Error of Law

EIG argues that the jury charge improperly instructed that

Plaintiffs may not recover for any item of damage that they could have avoided through reasonable effort. If you find Defendants have proved by a preponderance of the evidence that Plaintiffs unreasonably failed to take advantage of an opportunity to lessen their damages, you should deny them recovery for those damages that they would have avoided had they taken advantage of the opportunity.[25]

Asserting that Kayne's mitigation defense relied on arguments that EIG could have stopped the infringement in January of 2007 by notifying Kayne that its actions constituted infringement and that infringement can cause legal and financial consequences, EIG argues that this instruction and related verdict questions constitute manifest error because Kayne's mitigation defense conflicts with the Copyright Act's specific notice requirements, which allow reduced statutory damages, and conflicts with the DMCA, which has no notice requirements.[26] Asserting that statutory damages are not meant solely to compensate copyright owners for their injuries but

---

[24]Defendants' Response, Docket Entry No. 296, pp. 11-22.

[25]Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, p. 6.

[26]Id. at 12-15.  See also Plaintiffs' Reply Memorandum in Support of Their Motion for Post-Judgment Relief ("Plaintiffs' Post-Judgment Relief Memorandum"), Docket Entry No. 305, pp. 7, 13-17.

also to deter future infringement, EIG also argues that this instruction and related verdict questions constitute manifest error because statutory damages are available for infringement and violation of the DMCA regardless of whether actual damages are suffered or could have been mitigated.[27]

Kayne responds that "there is nothing in the Copyright Act that addresses, much less eliminates, the general requirement that an injured plaintiff has a duty to mitigate damages,"[28] and that EIG cites no authorities that have adopted its overly-expansive interpretation of the Copyright Act's notice provision as an "exclusive 'duty to warn' in copyright cases."[29] Acknowledging that the DMCA has no formal notice requirement, Kayne argues that EIG offers "no authority for their huge leap in logic seeking to turn statutory silence on notice requirements into an affirmative provision preempting generally-applicable defenses such as mitigation,"[30] and that "[c]ontrary to [EIG]'s argument, several courts have recognized the failure to mitigate defense when a plaintiff does not send notice requesting the infringer to stop its conduct."[31] Kayne argues that its

---

[27]Id. at 15-19. See also Plaintiffs' Post-Judgment Relief Memorandum, Docket Entry No. 305, pp. 7-13.

[28]Defendants' Response, Docket Entry No. 296, p. 15.

[29]Id.

[30]Id. at 16.

[31]Id. at 15 (citing Malibu Media, LLC v. Guastaferro, No. 1:14-cv-1544, 2015 WL 4603065, at *5-*6 (E.D. Va. July 28, 2015); Malibu
(continued...)

mitigation defense was not just a "failure to warn" defense, the defense was based on [EIG]'s taking no action over the course of many years to protect its own interest and products. It is true that [EIG] did not warn Kayne Anderson after learning of the infringement in 2007, which is significant because Kayne Anderson stopped its infringement immediately after receiving [EIG]'s cease and desist letter in May 2014. *See* Tr. Vol. 4 at 49-52. It is also clear that [EIG] never took action to protect their products, choosing instead to invest in litigation and litigation software, rather than the inexpensive technology that could have protected [EIG]'s works and stopped the infringement sooner. *See* Tr. Vol. 4 at 51-52.[32]

Kayne also argues that none of the cases on which EIG relies

address the reasons why the mitigation doctrine applies to almost all claims — plaintiffs should not be encouraged to use litigation to generate windfall profits when they can avoid harm through reasonable efforts. *See Malibu Media, LLC v. Doe,* [No. 2:13-cv-135-RCM-JEM,] 2014 WL 1031336 at *2 [N.D. Ind. March 17, 2014] (cited by [EIG] at 12-13) (admitting that "[n]one of those cases [striking mitigation defenses] discuss in depth the reasoning for that conclusion."). There is nothing inconsistent with applying these principles in the context of a copyright infringement claim, including one seeking statutory damages. Congress could not possibly have intended for a litigious plaintiff to game the system by using the Copyright Act's statutory damage provisions as a means of generating revenues far in excess of what the copyright holder could have obtained through selling its own work in the open market.[33]

EIG has made their mitigation arguments and the court has

rejected them multiple times before and during trial. The court

---

[31](...continued)
Media, LLC v. Zumbo, No. 2:13-cv-729-JES-DNF, 2014 WL 2742830, at *4 (M.D. Fla. June 17, 2014); Frank Betz Associates, Inc. v. J.O. Clark Construction, L.L.C., No. 3:08-cv-00159, 2010 WL 2253541, at *19 (M.D. Tenn. May 30, 2010)).

[32]Id. at 14-15.

[33]Id. at 13-14.

first addressed Kayne's failure-to-mitigate defense in the Memorandum Opinion and Order signed on January 24, 2017.[34] EIG moved for partial summary judgment on Kayne's failure-to-mitigate-damages affirmative defense by arguing that the record was devoid of any facts to support that defense.[35] Citing <u>Interplan Architects, Inc. v. C.L. Thomas, Inc.</u>, Civil Action No. 4:08-03181, 2010 WL 4366990, at *47-*48 (S.D. Tex. Oct. 7, 2010), the court found that failure to mitigate damages is an affirmative defense to infringement, and held that

> [a]lthough Kayne has not proven that EIG knew of the alleged infringement as a matter of law for limitations purposes . . . [b]ecause a reasonable fact-finder could infer EIG's actual or constructive knowledge from the available evidence and that the subsequent alleged infringement could have been avoided, Kayne's mitigation defense survives summary judgment.[36]

On April 7, 2017, the parties submitted Proposed Jury Instructions in which EIG objected to Kayne's proposed mitigation instruction by arguing that "statutory damages, unlike actual damages, cannot be 'mitigated.'"[37] In addition, EIG submitted Plaintiffs' Memorandum of Law, which included three pages of argument and citations to case law in support of EIG's argument

---

[34]Memorandum Opinion and Order, Docket Entry No. 136, pp. 17-18.

[35]Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses, Docket Entry No. 105, pp. 23-25.

[36]Memorandum Opinion and Order, Docket Entry No. 136, p. 18.

[37]Proposed Jury Instructions, Exhibit 8 to Joint Pretrial Order, Docket Entry No. 169-8, p. 42.

that statutory damages cannot be mitigated.[38]  See, e.g., <u>Malibu Media, LLC v. Doe</u>, Civil Action No. RWT 13-0512, 2015 WL 1402286, at *2 (D. Md. March 25, 2015) ("Defendant's proffered defenses of failure to mitigate or prove damages are not properly pled where, as here, Malibu has elected to recover *only* statutory damages instead of an award of actual damages and profits."); <u>Malibu Media, LLC v. Doe</u>, No. 1:13-CV-30, 2013 WL 4048513, at *2 (N.D. Ind. August 9, 2013) ("Having elected statutory damages, [the plaintiff] has given up the right to seek actual damages, thereby making a failure-to-mitigate defense inapplicable."); <u>Malibu Media, LLC v. Batz</u>, No. 12-cv-01953-WYD-MEH, 2013 WL 2120412, at *3 (D. Colo. April 5, 2013) ("The Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense."), <u>report and recommendation adopted</u>, 2013 WL 2115236 (D. Colo. May 15, 2013).

EIG made similar arguments in Plaintiffs' Omnibus Motion in Limine to Exclude Certain Testimony and Materials from Trial filed

---

[38]Plaintiffs' Memorandum of Law, Docket Entry No. 165, pp. 18-20.  As evidence that EIG had elected to pursue only statutory damages, EIG cited an email from Robert L. Powley, attorney for EIG, to Jason Mueller, attorney for Kayne, dated March 22, 2017, attached as Exhibit C (Docket Entry No. 165-4) to the accompanying Declaration of Matthew F. Abbott (Docket Entry No. 165-1) stating: "[W]e write to notify Defendants that Plaintiffs will not be seeking damages as a remedy, and instead hereby elect to proceed solely on a theory of statutory damages pursuant to 17 U.S.C. 504(a)(2)."

on April 7, 2017,[39] which was considered at a May 11, 2017, hearing.[40]

On October 12, 2017, the court held docket call during which the court set trial for December 4, 2017, conducted a charge conference on Kayne's mitigation of damages defense, and overruled EIG's objections to Kayne's proposed mitigation instruction, but asked the parties to submit additional authority in support of their opposing positions on the mitigation defense.[41]

On October 20, 2017, the parties submitted additional case law requested by the court at the October 12, 2017, charge conference. Neither party identified any binding precedent. Citing Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962 (2014), EIG argued that the court's mitigation instruction conflicted with the Supreme Court's recognition that the Copyright Act's three-year limitations period "allows a copyright owner to defer suit until she can estimate whether litigation is worth the candle. She will miss out on damages for periods prior to the three-year look-back. . . ." Id. at 1976. Kayne presented case law showing that courts are

_____

[39]Docket Entry No. 171, pp. 8-10.

[40]Hearing Minutes and Order, Docket Entry No. 226.

[41]Transcript of Docket Call and Hearing, Docket Entry No. 258, pp. 9:23-13:25 (discussing jury charge as relates to statutory damages, mitigation of damages, and the court's request that counsel submit highlighted cases -- not briefing -- to support their opposing positions); 18:12-13 (restating the court's request to counsel to submit additional authority on the issue of mitigation as relates to statutory damages).

split on whether failure to mitigate damages is available as a defense when, as here, plaintiff seeks only statutory damages. To counter cases that EIG had cited in its April 7, 2017, Memorandum of Law holding that a plaintiff's exclusive pursuit of statutory damages invalidates a failure to mitigate defense, Kayne cited several cases including <u>Malibu Media, LLC v. Reeves</u>, 1:12-cv-00841-SEB-MJD, 2013 WL 5487424, at \*2-3 (S.D. Ind. September 27, 2013), in which the court denied a plaintiff copyright owner's motion to strike a failure to mitigate defense explaining:

> This Court is given a very broad discretion to determine how to award statutory damages. <u>F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago</u>, 754 F.2d 216, 219 (7th Cir. 1985). While the plaintiff may opt for statutory damages, the court may consider plaintiff's actual damages in making its determination. <u>F.W. Woolworth Co. v. Contemporary Arts</u>, 73 S. Ct. 222 (1952). In determining Plaintiff's actual damages, it is reasonable for the court to consider the actions Plaintiff took to mitigate such damages. Therefore, the Court will allow the defense.

<u>Id.</u> at \*3. <u>See also</u> <u>Luxottica Group, S.p.A. v. Airport Mini Mall, LLC</u>, 186 F. Supp. 3d 1370, 1378 (N.D. Ga. 2016) (declining to strike mitigation defense in a Trademark suit based on split in authority regarding applicability of mitigation defense to claims for statutory damages in copyright cases); <u>BMG Rights Management (US) LLC v. Cox Communications, Inc.</u>, 149 F. Supp. 3d 634, 676-77 (E.D. Va. 2015) ("District courts are divided on the question of whether a plaintiff's election of statutory damages invalidates a failure-to-mitigate defense. The Court agrees with those courts to hold that it does not. A plaintiff's actual damages are a relevant

consideration in determining statutory damages under the Copyright Act. See [Guastaferro, 2015 WL 4603065, at *5]. Because actual damages are relevant, so too are the actions a plaintiff took to mitigate those damages."), aff'd in part, rev'd in part, vacated and remanded on other grounds, 881 F.3d 293 (4th Cir. 2018).

Kayne also presented case law showing that some courts have recognized knowing failure to stop ongoing copyright infringement as a failure to mitigate. See Tingley Systems, Inc. v. HealthLink, Inc., 509 F. Supp. 2d 1209, 1219 (M.D. Fla. 2007) (finding dispute about whether copyright holder sent warning letter to defendant constituted genuine issue of material fact in defense of failure to mitigate damages); Interplan Architects, 2010 WL 4366990, at *47-48 (same); Frank Betz Associates, 2010 WL 2253541, at *18-19 (same). But see Home Design Services, Inc. v. Trumble, No. 09-cv-00964-WYD-CBS, 2011 WL 843900, at *3 (D. Colo. March 8, 2011) ("Even if [plaintiff] was aware of possible infringements of its copyrights . . ., [plaintiff] had no duty to preemptively warn individuals like the [defendants] not to violate copyright law."). On the second day of trial, the court provided the parties a draft jury charge explaining that it reflected "the rulings I made at the October 12th, 2017, charge conference, and based on authorities you submitted after that."[42]

On December 6, 2017, Kayne filed Defendants' Objections to the Proposed Jury Instructions and Verdict Form (Docket Entry No. 266).

---

[42]Trial Transcript Vol. 2, Docket Entry No. 282, p. 279:4-6.

Asserting that "the Court's proposed verdict form has omitted any questions on Defendants' defense that Plaintiffs failed to mitigate their damages, even though the Instructions to the Jury recognize and address this claim on pages 24 & 25,"[43] Kayne asked the court to add the following questions to the verdict form:

> 12. Do you find that Plaintiffs failed to mitigate their damages?
>
> 13. If you answered "Yes" to question 12, state the number of copyright infringement violations that Plaintiffs could have avoided if it had used reasonable diligence to mitigate their damages.
>
> 14. If you answered "Yes" to question 12, state the number of violations of the Digital Millennium Copyright Act that Plaintiffs could have avoided if it had used reasonable diligence to mitigate their damages.[44]

After the evidence closed on the third day of trial, EIG renewed its objections to Kayne's attempt to use its mitigation defense as an absolute bar to recovery,[45] and to inclusion of the mitigation defense in the instructions twice.[46] The court overruled EIG's objections and added jury questions 6 and 7 with respect to Copyright Act infringement, and Questions 13 and 14 with respect to violation of the DMCA:

_____

[43]Defendants' Objections to the Proposed Jury Instructions and Verdict Form, Docket Entry No. 266, p. 2.

[44]Id.

[45]Trial Transcript Vol. 3, Docket Entry No. 283, pp. 295:20-297:25.

[46]Id. at 279:25-280:20.

-15-

6.    Do you find that Plaintiffs failed to mitigate
      their damages?

            ANSWER:   YES _____  NO _____

      If you answered "YES" to Question 6, continue on to
      Question 7.  If you answered "NO" to Question 6,
      skip to Question 8.

7.    How many acts of infringement could Plaintiffs have
      avoided if they had used reasonable diligence to
      mitigate their damages?

            ANSWER:   _____.[47]

13.   Do you find that Plaintiffs failed to mitigate
      their damages under the Digital Millennium
      Copyright Act?

            ANSWER:   YES _____  NO _____

      If you answered "YES" to Question 13, continue on
      to Question 14.  If you answered "NO" to Question
      13, do not answer the remaining questions.

14.   How many violations of the Digital Millennium
      Copyright Act could Plaintiffs have avoided if they
      had used reasonable diligence to mitigate their
      damages?

            ANSWER:   _____[48]

The court explained its ruling to EIG's counsel by stating: "You

presented arguments on that and they presented arguments, and I

found their arguments more persuasive . . . They had a mitigation

on damages and mitigation as affirmative defense in the whole case

. . . They had better law on it."[49]

_____

      [47]Verdict, Docket Entry No. 271, Questions 6 and 7.

      [48]Id. at Questions 13 and 14.

      [49]Trial Transcript Vol. 3, Docket Entry No. 283, p. 280:11-13,
16-17, and 20.  See also id. at 295:19-297:23 (the parties
                                             (continued...)

EIG's argument that the court's instruction to the jury on mitigation of damages constitutes a manifest error of law is not based on any intervening change in controlling law or any new evidence. EIG's argument is, instead, simply a restatement of the arguments that the court considered and denied before and during trial. As shown in the preceding summary of the court's consideration of the parties' arguments on mitigation before and during trial, the court has addressed EIG's mitigation arguments on several previous occasions. Because the case law the parties rely on now is the same case law they relied on before and during trial,[50] and because that case law shows a split of authority on this issue, the court concludes that EIG has failed to establish that the court's jury instruction on mitigation of damages constitutes a manifest error of law that entitles EIG to Rule 59(e) relief. See Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 289 (5th Cir. 1989) (Rule 59(e) motion should not be used to relitigate matters that simply have been resolved to the movant's dissatisfaction).

---

[49] (...continued)
arguments about verdict questions and the court's decision to submit questions 6, 7, 13, and 14, about which EIG now complains).

[50] Compare, e.g., Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, pp. 15-19, to Plaintiffs' Memorandum of Law, Docket Entry No. 165, pp. 18-20. See also Defendants' Response, Docket Entry No. 296, pp. 11-17, citing cases that Kayne's counsel provided to the court on October 20, 2017.

**(2)   EIG Has Not Shown that "Double Counting" of Kayne's Mitigation Defense Was a Manifest Error of Law**

EIG argues that the jury instructions improperly "double-counted" Kayne's failure to mitigate defense "first as a factor when assessing the amount of statutory damages to be awarded per work infringed, and second as an absolute bar to any statutory damage award."[51]  EIG argues that

> [b]oth of these instructions together are contradictory and give undue weight to the affirmative defense.  If failure to mitigate damages is a factor in determining the amount of damages awarded per work, it should not also serve as a bar to recovering damages as well.[52]

Although EIG objected at trial to submission of mitigation both as an element of the statutory damage analysis and as a stand-alone affirmative defense,[53] then, as now, EIG failed to cite any authority in support of this objection.   Moreover, EIG now acknowledges that the mitigation instruction proposed by Kayne and submitted to the jury was nearly identical to the Fifth Circuit Model Jury Instruction 15.5,[54] and that mitigation was properly submitted as a factor to be considered in assessing the amount of statutory damages to be awarded for each work infringed.[55]   The

---

[51]Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, p. 20.

[52]Id.

[53]Trial Transcript Vol. 3, Docket Entry No. 283, p. 280:5-19.

[54]Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, p. 17 & n.3.

[55]Id. at 17 (acknowledging that cases cited by Kayne "hold that a plaintiff's failure to mitigate its actual damages can be taken
(continued...)

verdict questions about which EIG complains asked whether "Plaintiffs failed to mitigate their damages," and, if so, "[h]ow many acts of infringement could Plaintiffs have avoided if they had used reasonable diligence to mitigate their damages?"[56] Because EIG cites no authority holding that instructing a jury that mitigation of damages is a factor to be considered when assessing statutory damages and also submitting stand-alone questions on the mitigation defense as a complete bar to recovery constitutes an improper "double-counting" of the mitigation defense, the court is not persuaded that double counting mitigation of damages was a manifest error of law that entitles EIG to Rule 59(e) relief.

(b)   EIG Has Not Shown Manifest Error of Fact

EIG argues that the jury's finding that it could have mitigated its damages is against the clear weight of the evidence because the evidence at trial showed not only that EIG was not aware of Kayne's copyright infringement and DMCA violations, but also that Kayne actively concealed its infringing activity from EIG thus proving that EIG was not capable of mitigating its damages.[57]

---

[55] (...continued) into account when determining the amount of statutory damages to be awarded per work").

[56] Verdict, Docket Entry No. 271, Questions 6 and 7.

[57] Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, pp. 7, 21-22. See also Plaintiffs' Post-Judgment Relief Memorandum, Docket Entry No. 305, pp. 21-23.

Kayne argues that there was ample evidence to support the jury's mitigation findings.[58]

The facts of this case were vigorously contested. The court is very familiar with the facts of the case from presiding over the trial, conducting multiple hearings, and issuing several lengthy opinions.[59] The court is persuaded that all of the jury's answers are supported by the evidence and that EIG has failed to demonstrate a manifest error of fact that entitles EIG to Rule 59(e) relief. Moreover, the court is not persuaded that there is any inconsistency in the jury's verdict. Kayne's mitigation defense focused on whether EIG had taken sufficient, reasonable action to protect its own rights. In contrast, EIG's fraudulent concealment defense focused on Kayne's actions in concealing its copying, as well as the extent to which EIG actually discovered Kayne's specific acts of infringement. The jury found that EIG knew or should have known of Kayne's infringement on or before July 8, 2011.[60]

---

[58]Defendants' Response, Docket Entry No. 296, pp. 20-22.

[59]Memorandum Opinion and Orders, Docket Entry Nos. 68 (denying Defendants' Motion for Partial Summary Judgment); 136 (denying Defendants' Motion for Partial Summary Judgment and granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses), and 248 (granting Plaintiffs' Motion to Strike the Expert Declaration of Ralph Oman and denying Defendants' Motion for Referral to the Register of Copyrights).

[60]Verdict, Docket Entry No. 271, Question 3.

      (c)    EIG Fails to Show that Applying Mitigation Defense to Prevent EIG from Recovering Damages for Three-Year Period Prior to Filing Suit Was a Manifest Error of Law

Alternatively, EIG asks the court to "enter a judgment of $15,000 for each of the 670 works infringed, and $2,500 for each of the 49 DMCA violations that occurred in the three year period immediately preceding filing of the suit."[61] Asserting that Kayne's failure-to-mitigate defense is based on an argument that EIG unreasonably delayed filing suit -- an argument based on the same facts as Kayne's statute of limitations defense -- EIG argues that the court erred by instructing the jury that the mitigation defense prevents EIG from recovering for infringements and DMCA violations that occurred within three years of filing suit because that instruction runs afoul of the Supreme Court's holdings in Petrella, 134 S. Ct. at 1973-74, and SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC, 137 S. Ct. 954, 961 (2017).[62] EIG argues that the court's mitigation instruction constitutes a manifest error of law because in both of those cases "the Supreme Court held that Congress's express guidelines as reflected in the statute of limitations cannot be 'overruled' by an essentially 'gap-filling' equitable defense."[63] Kayne responds that the Supreme

---

[61]Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, pp. 1, 8, and 30.

[62]Id. at 22-26.

[63]Id. at 23.

Court's holdings in <u>Petrella</u> and <u>SCA Hygiene</u> neither limit nor preclude Kayne's mitigation defense.[64]

<u>Petrella</u> and <u>SCA Hygiene</u> held that the equitable defense of laches cannot be invoked to bar lawsuits filed within the express limitations periods provided by the Copyright and Patent Acts. <u>See</u> <u>Petrella</u>, 134 S. Ct. at 1972-74 (Copyright Act); <u>SCA Hygiene</u> <u>Products</u>, 137 S. Ct. at 959, 967 (Patent Act). In both cases the Supreme Court reasoned that "[w]hen Congress enacts a statute of limitations, it speaks directly to the issue of timeliness and provides a rule for determining whether a claim is timely enough to permit relief." <u>SCA Hygiene Products</u>, 137 S. Ct. at 960. <u>See also</u> <u>Petrella</u>, 134 S. Ct. at 1967 ("courts are not at liberty to jettison Congress' judgment on the timeliness of claims"). Because Kayne has not asserted laches as an affirmative defense, the express holdings in these cases have no bearing here. In <u>Petrella</u>, however, the Supreme Court recognized that common law doctrines may apply even when Congress has spoken on an issue. For example, the Court recognized that although Congress provided a three-year limitations period for copyright claims, <u>see</u> 17 U.S.C. § 507, most federal circuit courts allow that period to be extended by the discovery rule. <u>Petrella</u>, 134 S. Ct. at 1969 n.4. Similarly, in appropriate cases the Fifth Circuit applies the doctrine of fraudulent concealment to extend limitation periods. <u>See Aspen</u> <u>Technology, Inc. v. M3 Technology, Inc.</u>, 569 F. App'x 259, 264 (5th

_____

[64]Defendants' Response, Docket Entry No. 296, p. 16.

Cir. 2014). Although EIG has relied on the common law doctrine of fraudulent concealment to avoid a limitation bar, it argues that Kayne cannot rely on the common law doctrine of mitigation of damages to bar EIG's recovery of statutory damages for the three-year period immediately preceding the filing of this lawsuit.[65] Because EIG has not cited any controlling authority in support of its contention that the mitigation defense cannot bar recovery of statutory damages for the three-year period immediately preceding the filing of a copyright action, for the reasons cited in § II.A.2(a)(1), above, the court concludes that EIG has failed to establish that the court's jury instruction on mitigation of damages constitutes a manifest error of law that entitles EIG to Rule 59(e) relief.

**B.    EIG Is Not Entitled to Relief Under Rule 59(a)**

EIG moves the court to grant a new trial pursuant to Federal Rule of Civil Procedure 59(a) because of improper jury instructions and verdict questions, or to grant a new trial on the issue of failure to mitigate damages for Kayne's DMCA violations.[66] EIG argues that a new trial is warranted because the jury instructions and verdict form did not include a fraudulent concealment instruction and question as to mitigation of damages,[67] and because

---

[65]Id. at 17.

[66]Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, pp. 1 and 30.

[67]Id. at 26-28.

-23-

Kayne presented no evidence that EIG could have mitigated damages resulting from Kayne's DMCA violations.[68]

1.  Applicable Law

Rule 59(a) states that "[t]he court may, on motion, grant a new trial on all or some of the issues -- and to any party -- as follows: . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A Rule 59(a) motion for new trial may be granted if the jury's verdict was against the great weight of the evidence, the trial was unfair, or some prejudicial error was committed during the trial. See Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985). The Fifth Circuit has held that erroneous jury instructions are grounds for a new trial. See Hartsell v. Doctor Pepper Bottling Co. of Texas, 207 F.3d 269, 272-74 (5th Cir. 2000). An erroneous jury instruction merits a new trial if (1) the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations, and (2) the challenged instruction affected the outcome of the case. Id. at 272. When considering a Rule 59(a) motion, courts view the evidence "in the light most favorable to the jury verdict." Seidman v. American Airlines, Inc., 923 F.2d 1134, 1140 (5th Cir. 1991). "The determination of a trial judge to grant or deny a motion for a new trial is reviewable under an abuse

_____

[68]Id. at 28-29.

of discretion standard." Conway v. Chemical Leaman Tank Lines, Inc., 687 F.2d 108, 112 (5th Cir. 1982).

2.  Application of the Law to the Facts

(a)  A New Trial Is Not Warranted by the Lack of a Fraudulent Concealment Instruction and Verdict Form Question as to Mitigation of Damages

EIG argues that the jury instructions and verdict questions were erroneous because the court should have submitted fraudulent concealment as a defense to Kayne's mitigation defense.[69]  EIG argues that

> [t]he jury was correctly instructed that if it found that Kayne Anderson fraudulently concealed its infringement, the statute of limitations would be tolled, but no corresponding instruction and question was presented with respect to Kayne Anderson's otherwise identical failure to mitigate defense.  The jury did in fact find that Kayne Anderson committed an affirmative act to conceal its infringement of *Oil Daily*, and the jurors should have been provided with a similar instruction with respect to Kayne Anderson's failure to mitigate defense.[70]

Kayne responds that this argument has no merit because EIG never asked the court to instruct the jury on fraudulent concealment as a defense to Kayne's mitigation of damages defense and, therefore, failed to preserve error as required by Federal Rule of Civil Procedure 51(d)(1)(A).[71]  The court agrees.

EIG fails to cite any instruction or verdict form question that it asked the court to submit to the jury and the court failed

---

[69]Id. at 7, 26-28.

[70]Id. at 8.

[71]Defendants' Response, Docket Entry No. 296, pp. 22-24.

to submit, and fails to cite any objection made to the absence of an instruction or question on this issue in the court's jury charge. In the proposed jury instructions submitted before trial EIG only requested that fraudulent concealment be submitted in response to Kayne's statute of limitations defense.[72] During the charge conference held on October 12, 2017, EIG failed to request submission of fraudulent concealment as a defense to mitigation.[73] Moreover, when the court told the parties that the mitigation of damages instruction would be submitted to the jury, EIG did not request submission of fraudulent concealment as a defense to the defense.[74] Nor has EIG cited any authority recognizing fraudulent concealment as a defense to mitigation.[75] By failing to submit an instruction or question for the court to consider before or during trial, EIG has waived this issue. Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("Defenses not raised or argued at trial are ordinarily waived by the parties failing to raise them.").

      (b)   A New Trial Is Not Warranted by a Lack of Evidence that EIG Could Have Mitigated Damages for DMCA Violations

Asserting that EIG only learned of Kayne's DMCA violations through discovery after filing suit, EIG argues that a new trial

---

[72]Proposed Jury Instructions, Docket Entry No. 169-8, pp. 30, 42-43, 46, 50-52.

[73]Transcript of Docket Call Hearing, Docket Entry No. 258.

[74]Trial Transcript Vol. 3, Docket Entry No. 283, pp. 261-98.

[75]Defendants' Response, Docket Entry No. 296, pp. 9, 22-23.

should be granted because Kayne presented no evidence at trial that EIG knew or should have known of Kayne's DMCA violations before filing suit, or that EIG could have mitigated damages resulting from those violations.[76]  As evidence that EIG could not have mitigated damages for the DMCA violations, EIG argues that Kayne's "own witnesses admitted that they concealed their activities from EIG."[77]  Thus, EIG argues that if the court does not otherwise order a new trial, the court should set aside the DMCA portion of the jury's verdict and order a new trial on that one issue.[78]

As the court has already explained in § II.A.2(b), above, in support of its conclusion that EIG has failed to show a manifest error of fact, the court is persuaded that all of the jury's answers are supported by the evidence and is not persuaded that there is any inconsistency in the jury's verdict.  Kayne's mitigation defense focused on EIG's failure to take reasonable action to protect its rights in light of knowledge that infringement could be used to increase revenue through litigation.[79]

---

[76]Plaintiffs' Motion for Post-Judgment Relief, Docket Entry No. 289, pp. 7, 28-29.

[77]Id. at 29 (citing Trial Transcript Vol. 2, pp. 182:3-20, 198:4-199:3 (direct testimony of James Baker)).

[78]Id.  See also Plaintiffs' Post-Judgment Relief Memorandum, Docket Entry No. 305, pp. 21-23.

[79]Undisputed evidence at trial showed EIG knew that since 2007 subscription revenue had declined and been replaced by revenue from copyright litigation, and that without revenue from copyright litigation, revenue growth would have been flat.  See Defendants' Trial Exhibit No. 244 at p. 7, Exhibit 14 to Defendants' Response, Docket Entry No. 296-15.

In contrast, EIG's fraudulent concealment defense focused on Kayne's actions to conceal the extent of copying, coupled with EIG's discovery of specific acts of infringement. The jury found that EIG knew or should have known of Kayne's infringement before July 8, 2011,[80] and also found that Kayne concealed the copying of Oil Daily and that EIG failed to discover the copying despite exercising due diligence.[81] Because Kayne's mitigation defense and EIG's fraudulent concealment defense focused on different acts, there is no inconsistency in the jury's findings that "EIG knew or should have known on or before July 8, 2011, that Defendants were infringing the copyrights in Oil Daily,"[82] and that "Defendants concealed their copying of Oil Daily, and that Plaintiffs failed to discover the copying despite exercising due diligence."[83]

## C.  Kayne's Arguments Are Moot and Unfounded

Kayne argues that if the court decides to set aside its jury instructions, questions, or findings on mitigation, judgment should not be rendered as EIG requests because EIG's DMCA claims failed as a matter of law, EIG's request for the court to enter judgment at $15,000 per infringement for 1,646 infringements cannot stand, and

---

[80]Verdict, Docket Entry No. 271, Question 3.

[81]Id. at Question 4.

[82]Id. Question 3.

[83]Id. Question 4.

EIG's requests for judgment would be unconstitutionally excessive.[84] Because for the reasons stated above in §§ II.A and II.B the court has concluded not to set aside the jury instructions, questions, or findings, Kayne's arguments are moot. Nevertheless, because Kayne's arguments are also unfounded, the court will briefly address each of them.

### 1. Kayne Has Not Shown that EIG's DMCA Claims Fail as a Matter of Law

Kayne argues that EIG's DMCA claims fail as a matter of law because they are not supported by the law or the evidence.[85] This argument is unfounded because whether Kayne violated the DMCA involved factual issues that were contested, submitted to the jury, and resolved in EIG's favor.[86] For the reasons stated in § II.A.2(b), above, the court is persuaded that the jury's answers are all supported by the evidence.

### 2. Kayne's Assertions that the Relief EIG Seeks Cannot Be Sustained is Unfounded

Kayne argues that EIG's request for the court to enter judgment at $15,000 per infringement for 1,646 infringements cannot

---

[84]Defendants' Response, Docket Entry No. 296, pp. 9, 25-30.

[85]Id. 25-26.

[86]Verdict, Docket Entry No. 271, Question 8 (finding that "Defendants intentionally removed or altered copyright management information for Oil Daily having reasonable grounds to know that it would induce, enable, facilitate, or conceal copyright infringement").

stand because the jury's determination of the amount of statutory damages to be awarded for each infringement was inflated by an erroneous jury instruction that allowed EIG to recover for unprotected elements of its work.[87]  Kayne's unsupported contention that certain elements of Oil Daily are not protected is irrelevant because undisputed evidence presented at trial shows that Kayne made unlawful copies of EIG's publications in their entirety.[88] Thus, even if the copied issues of Oil Daily were factual compilations, EIG would still have copyright protections in the selection and arrangement of the factual content, and Kayne would still be wholly liable because it made copies of the entire publication.[89]  See Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 111 S. Ct. 1282, 1289 (1991).

    3.  EIG's Requested Judgment Would Not Be Constitutionally
        Excessive

    Kayne argues that EIG's requests for judgment would be unconstitutionally excessive because the judgment would be over 44 times the jury's intended verdict, over 85 times the actual damages EIG sustained, more than ten times EIG's average yearly sales revenue for Oil Daily, and more than the entire revenue EIG

_____

[87]Defendants' Response, Docket Entry No. 296, pp. 26-28.

[88]Trial Transcript Vol. 2, Docket Entry No. 282, pp. 46:11-47:2.

[89]Plaintiffs' Post-Judgment Relief Memorandum, Docket Entry No. 305, pp. 25-26.

received for selling <u>Oil Daily</u> on the open market over a ten-year period of time.[90]   Kayne argues that such an enormous award would be constitutionally excessive, a violation of due process, against the great weight of the evidence, and shocking to the conscience.[91] EIG responds that the relief requested would not be constitutionally excessive because an award of $15,000 per work only represents half of the maximum statutory damage award for non-willful infringement and one-tenth of the maximum for willful infringement, and Kayne's conduct was indisputably willful.[92]

A statutory damage award within the range set by Congress may violate due process only when the award is "so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." <u>St. Louis, I.M. & S. Ry. Co. v. Williams</u>, 40 S. Ct. 71, 73 (1919). <u>See also</u> <u>Sony BMG Music Entertainment v. Tenenbaum</u>, 719 F.3d 67, 70 (1st Cir. 2013) (holding that the standard articulated by <u>Williams</u> governs review of statutory damage awards under the Copyright Act).   Kayne's comparison of EIG's requested relief to the amount of actual damages assumes that Kayne's expert opinion of EIG's economic loss resulting from Kayne's infringement, which was disputed at trial, was proven. Kayne is a billion-dollar hedge fund, and therefore the relief

_____

[90]Defendants' Response, Docket Entry No. 296, p. 28.

[91]<u>Id.</u> at 28-29.

[92]Plaintiffs' Post-Judgment Relief Memorandum, Docket Entry No. 305, pp. 26-28.

requested by EIG is far from sufficiently "severe and oppressive" such as to trigger due process concerns. Moreover, courts have rejected the argument that statutory damages must bear some relation to actual damages in the due process analysis. <u>Williams</u>, 40 S. Ct. at 73; <u>Capitol Records, Inc. v. Thomas-Rasset</u>, 692 F.3d 899, 909 (8th Cir. 2012), <u>cert. denied</u>, 133 S. Ct. 1584 (2013) ("The Supreme Court in <u>Williams</u>, however, disagreed that the constitutional inquiry calls for a comparison of an award of statutory damages to actual damages caused by the violation."). The protection of copyrights is a vindication of the public interest, and the statutory penalty for copyright infringement is intended not just to compensate the copyright owner, but to deter Kayne and others like them from committing copyright infringement. <u>Id.</u> at 910 (citing <u>F.W. Woolworth Co.</u>, 73 S. Ct. at 233). Courts have therefore awarded and upheld statutory damage awards far in excess of the actual harm suffered by the copyright owner when warranted by the circumstances. <u>See, e.g.</u>, <u>Capitol Records</u>, 692 F.3d at 907-08 ("It makes no sense to consider the disparity between 'actual harm' and an award of statutory damages when statutory damages are designed precisely for instances where actual harm is difficult or impossible to calculate."). Accordingly, Kayne's argument that EIG's requests for judgment would be unconstitutionally excessive have no merit.

### III. <u>Motions for Fees and Costs</u>

Citing Federal Rule of Civil Procedure 54(d) and Local Rule 54.2, Kayne moves for an award of attorneys' fees ($4,444,194.00)

and costs ($57,746.59) totaling $4,501,940.59 under 17 U.S.C. § 505 for prevailing on EIG's copyright infringement claims, and moves for an award of attorneys' fees ($802,408.30) and costs ($9,923.52) totaling $812,331.82 under 17 U.S.C. § 1203(b) for prevailing on EIG's DMCA claims.[93] Kayne argues that the fees and costs it seeks were all incurred defending EIG's claims and are all reasonable.[94]

Asserting that "there is no dispute that the jury returned a verdict finding that Kayne had violated EIG's copyrights in at least 39 works of *Oil Daily*, and awarded EIG the sum of $585,000, [and that a]s such, EIG was the prevailing party on the copyright claim,"[95] EIG moves for an award of attorneys' fees ($6,525,087.50) and costs ($637,593.99) totaling $7,162,681.49, under 17 U.S.C. § 505 for prevailing on their copyright infringement claims.[96] EIG argues that the fees and costs its seeks were all incurred prosecuting this case and are reasonable.[97]

---

[93]Kayne's Motion for Fees and Costs, Docket Entry No. 287, p. 6.

[94]Id. See also Defendants' Response in Opposition to Plaintiffs' Application for Attorney's Fees ("Kayne's Opposition to EIG's Fee Application"), Docket Entry No. 295, pp. 4, 8-10, and Defendants' Reply in Support of Their Motion for Attorney's Fees and Costs ("Kayne's Reply in Support of Their Motion for Fees and Costs"), Docket Entry No. 303, pp. 16-17.

[95]EIG's Fee Application, Docket Entry No. 290, p. 4.

[96]Id. at 5. See also Plaintiffs' Memorandum in Opposition to Defendants' Motion for Fees and Costs, Docket Entry No. 298, and Plaintiffs' Reply in Support of their Application for Attorney's Fees, Docket Entry No. 306.

[97]EIG's Fee Application, Docket Entry No. 290, p. 5. See also id. at 8-10.

Kayne responds that "Plaintiffs are not the prevailing party, and are thus not entitled to their attorney fees under § 505 of the Copyright Act."[98] Alternatively, Kayne argues that even if EIG is considered the prevailing party, the court in its discretion should not award fees and costs to EIG because the fees and costs that EIG seeks are unreasonable and, in some cases, inappropriate.[99]

## A. Applicable Law on Costs and Attorney's Fees

Federal Rule of Civil Procedure 54(d)(1) independently authorizes district courts to award costs to prevailing parties" unless a statute or rule precludes it. Marx v. General Revenue Corp., 133 S. Ct. 1166, 1174 & n.5 (2013). Rule 54(d) gives courts discretion to award costs -- other than attorney's fees -- to prevailing parties based on the circumstances of the case, but "does not *require* courts to award costs to prevailing [parties]." Id. at 1178 n.9 (emphasis in original). The Copyright Act and the DMCA also provide courts discretion to award attorney's fees as costs to a prevailing party.

Whether a party is the prevailing party is a threshold inquiry for an award of costs and attorney's fees. See Farrar v. Hobby, 113 S. Ct. 566 (1992) (bifurcating the legal determination of prevailing party status from the discretionary determination of whether an award of attorney's fees is reasonable). See also

---

[98]Kayne's Opposition to EIG's Fee Application, Docket Entry No. 295, pp. 8, 12-14.

[99]Id. at 10-19.

Howard v. Weston, 354 F. App'x 75, 77 (5th Cir. 2009) (per curiam)
("To be awarded attorney's fees and costs under Section 505 of the
Copyright Act and Federal Rule of Civil Procedure 54, [one] must be
a prevailing party."). Once a court has made the prevailing party
determination, the court must determine what, if any, amount of
attorney's fees is reasonable. Farrar, 113 S. Ct. at 572 (citing
Hensley v. Eckerhart, 103 S. Ct. 1933, 1939 (1983)). "[T]he fee
applicant bears the burden of establishing entitlement to an award
and documenting the appropriate hours expended and hourly rates."
Hensley, 103 S. Ct. at 1941.

## B.  Application of the Law to the Facts

### 1.  EIG is the Prevailing Party

Interpreting Rule 54(d)(1), the Fifth Circuit has held:

> Usually the litigant in whose favor judgment is rendered
> is the prevailing party for purposes of rule 54(d). . . .
> A party who has obtained some relief usually will be
> regarded as the prevailing party even though he has not
> sustained all his claims. . . Cases from this and other
> circuits consistently support shifting costs if the
> prevailing party obtains judgment on even a fraction of
> the claims advanced.

United States v. Mitchell, 580 F.2d 789, 793 (5th Cir. 1978),
superseded by statute on other grounds as stated in United States
v. City of Jackson, Mississippi, 359 F.2d 727, 735 (5th Cir. 2004).
The Fifth Circuit has explained that a case "must be viewed as a
whole to determine who is the prevailing party,"
Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 713 F.2d 128,
131 (5th Cir. 1983), and that "[a] party need not prevail on all

-35-

issues to justify an award of costs." _Id._ Whether a party is a prevailing party is a legal question subject to _de novo_ review. _Bailey v. Mississippi_, 407 F.3d 684, 687 (5th Cir. 2005).

In upholding a district court's determination that a litigant was not a prevailing party eligible to receive an award of attorney's fees under § 505 of the Copyright Act the Fifth Circuit has stated:

> A prevailing party must: (1) obtain actual relief [, such as an enforceable judgment or a consent decree,] that (2) materially alters the legal relationship between the parties and (3) modifies the defendant's behavior in such a way that benefits the plaintiff at the time of the judgment. _Dearmore v. City of Garland_, 519 F.3d 517, 521 (5th Cir. 2008). "To become a prevailing party, a plaintiff must obtain, at an absolute minimum, actual relief on the merits of [the] claim."

_Howard_, 354 F. App'x at 77-78 (quoting _Farrar_, 113 S. Ct. at 576 (O'Connor, J., concurring). Interpreting the term "prevailing party" under analogous statutes the Fifth Circuit has explained that

> [a]lthough fee-shifting statutes do not define "prevailing party," the Supreme Court has offered guidance on the term. "The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."

_Davis v. Abbott_, 781 F.3d 207, 213-14 (5th Cir.), _cert. denied_, 136 S. Ct. 534 (2015) (voting rights act) (quoting _Sole v. Wyner_, 127 S. Ct. 2188, 2194 (2007) (§ 1983)). The prevailing party inquiry does not turn on the magnitude of the relief obtained, _Farrar_, 113 S. Ct. at 573-74, or the amount of damages awarded. _Buckhannon_

Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 121 S. Ct. 1835, 1839 (2001).

Asserting that "there is no dispute that the jury returned a verdict finding that Kayne had violated EIG's copyrights in at least 39 works of *Oil Daily*, and awarded EIG the sum of $585,000,"[100] EIG argues that "[a]s such, EIG was the prevailing party on the copyright claim pled in its Second Amended Complaint."[101] Citing Farrar, 113 S. Ct. at 566, EIG argues that "[t]he rights between the parties were altered by the jury verdict in favor of EIG and therefore Plaintiffs are the prevailing party under Section 505 of the Copyright Act. The degree of Plaintiffs' success does not affect EIG's eligibility for a fee award."[102]

Kayne argues that it is the prevailing party on EIG's DMCA claims because "[a]t trial, the jury returned a verdict entirely for Defendants on the DMCA claim as the jury found that Plaintiffs' [sic] failed to mitigate their damages and awarded Plaintiffs' [sic] no relief for this claim. *See* Dkt. 271."[103] Kayne also argues that it is the prevailing party on EIG's DMCA claims because those claims

---

[100]EIG's Fee Application, Docket Entry No. 290, p. 4.

[101]Id.

[102]Id. at 6.

[103]Kayne's Motion for Fees and Costs, Docket Entry No. 287, p. 7.

failed as a matter of law for the reasons stated in Defendants' Motion for Judgment as a Matter of Law, principally because: (i) a PDF file name is not "copyright management information"; and (ii) there was legally insufficient evidence on the record to show that Defendants altered any copyright management information for Oil Daily. (*See* Dkt. No. 265).[104]

Kayne argues that defendants are "the prevailing party regarding Plaintiffs' infringement claims because Plaintiffs are worse off for having tried the case."[105] Kayne explains that

Plaintiffs alleged infringement by Defendants of 1,646 daily issues of *Oil Daily* from 2005 through July 2014 and elected to receive statutory damages with a range of $750 to $150,000 for each of these infringements. Defendants did not contest and conceded infringement for each of these 1,646 issues. Additionally, Plaintiffs attempted to prove through circumstantial evidence that there were over 2,500 works infringed by Defendants (*e.g.*, pointing to daily Outlook calendar reminders instructing the assistants to distribute copies of the *Oil Daily*). (12/4/17 Trial Trans. p. 60, ll. 2-3). Defendants did not concede these additional alleged infringements. The jury returned a verdict rejecting Plaintiffs' additional alleged infringements above 1,646 and additionally finding that Plaintiffs failed to mitigate their damages. The jury awarded Plaintiffs statutory damages for only 39 of the 1,646 works and awarded a total of only $585,000 for these 39 works — an amount that was less than the statutory minimum of $1,234,500 for the non-contested infringements and an amount that is exactly two times actual damages.[106]

---

[104]*Id.* at 8 & n.3 ("Defendants note that a ruling that grants Defendants' pending Motion for Judgment as a Matter of Law on Plaintiffs' DMCA Claims (Dkt. No. 265) provides an alternative basis for a fee award 17 U.S.C. § 1203(b)(5).").

[105]*Id.* at 11.

[106]*Id.* at 11 & nn. 6-7 (explaining that the statutory minimum of $750/work x 1,646 works = $1,234,500; and that "Defendants' expert Ambreen Salters testified that Plaintiffs' actual
(continued...)

Kayne argues that

> Defendants prevailed on their affirmative defense that
> Plaintiffs failed to mitigate their damages, which
> reduced the number of infringed works Plaintiffs received
> statutory damages on form 1,646 to only 39. Defendants'
> successful affirmative defense resulted in a 98%
> reduction in the number of works Plaintiffs received
> statutory damage awards for — works that Defendants had
> already conceded before trial were infringed. The result
> of this massive reduction in the number of works on which
> the jury awarded statutory damages is that Plaintiffs
> received a jury verdict significantly less than the
> statutory minimum they would have received if Defendants
> had not prevailed on their affirmative defense.[107]

The jury found that Kayne infringed 1,646 individual <u>Oil Daily</u>

works between December 29, 2004, and July 8, 2014, and awarded

$15,000 in statutory damages for each work infringed.[108]   Since,

however, the jury found that EIG could have avoided 1,607 acts of

infringement had EIG used reasonable diligence to mitigate

damages,[109] EIG only recovered $15,000.00 in statutory damages

against Kayne for 39 infringements, for a total award of

$585,000.00.   The jury found that Kayne intentionally removed or

altered copyright management information for <u>Oil Daily</u> a total of

425 times having reasonable grounds to know that it would induce,

---

[106](...continued)
subscription damages were $291,000.   These actual subscription
damages times two plus the additional $3,000 for the external, one-
off forwards equals the jury's verdict of $585,000.   Defendants
believe this is the methodology used by the jury when calculating
their damage award of $585,000.").

[107]<u>Id.</u> at 12.

[108]Verdict, Docket Entry No. 271, Questions 1 and 2.

[109]<u>Id.</u> at Question 7.

enable, facilitate, or conceal copyright infringement,[110] and awarded $2,500 in statutory damages for each of the 425 violations of the DMCA.[111] The jury also found, however, that EIG failed to mitigate their DMCA damages,[112] and that EIG could have avoided all 425 DMCA violations had reasonable diligence been used to mitigate damages.[113] EIG therefore did not recover any damages for Kayne's DMCA violations. Pursuant to these jury findings the court will enter a final judgment awarding EIG statutory damages of $585,000 for copyright infringement.

Entry of final judgment in EIG's favor will satisfy the Fifth Circuit's requirements for prevailing party status because the judgment will provide EIG actual relief that will materially alter the legal relationship between the parties and modify Kayne's behavior in a way that directly benefits EIG. This is true because a judgment for damages of $585,000.00 will modify Kayne's behavior for EIG's benefit forcing Kayne to pay an amount of money that Kayne otherwise would not pay. See Farrar, 113 S. Ct. at 574 ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."). Accordingly, the court concludes that

---

[110]Id. at Questions 8 and 10.

[111]Id. at Questions 14 and 15.

[112]Id. at Question 13.

[113]Id. at Question 14.

-40-

EIG is the prevailing party and thus is eligible for its attorney's fees.

Kayne's arguments that it is the prevailing party because the jury found that EIG failed to mitigate damages for 1,607 of Kayne's acts of infringement and for all of Kayne's DMCA violations; because Kayne conceded infringement; and because EIG's claims for violation of the DMCA, fail as a matter of law have no merit. While the jury found that EIG failed to mitigate its damages on the majority of EIG's claims for copyright infringement and on all of EIG's DMCA claims, these findings merely reduced -- they did not eliminate -- the damages that EIG is entitled to receive, and do not entitle Kayne to prevailing party status. Id. ("the prevailing party inquiry does not turn on the magnitude of the relief obtained,"); Buckhannon, 121 S. Ct. at 1839 (prevailing party inquiry does not turn on the amount of damages awarded). EIG is not required to succeed on every claim to be the prevailing party. See Studiengesellschaft, 713 F.2d at 131 (recognizing that "[a] party need not prevail on all issues to justify an award of costs").

Kayne's argument that EIG's DMCA claims failed as a matter of law for reasons stated in Defendants' Motion for Judgment as a Matter of Law (Docket Entry No. 265) has no merit because on December 6, 2017, the court denied that motion.[114]

---

[114]Courtroom Minutes, Docket Entry No. 267 ("Defendant's motion for judgment as a matter of law on violation of the Digital Millennium Copyright Act is DENIED WITHOUT PREJUDICE.").

Kayne's argument that it is the prevailing party because it conceded infringement is not supported by the record and is, in fact, contradicted by the record as evidenced by (1) the court's having to rule at the October 12, 2017, Docket Call that infringement was not an issue,[115] (2) the Joint Pretrial Order in which Kayne contested both the number of infringements and the willfulness of infringement,[116] and (3) the question on the verdict form asking the jury to determine "[h]ow many individual works of <u>Oil Daily</u> did Defendants copy between December 29, 2004, and July 8, 2014?"[117] Kayne's contention that infringement was conceded is also contradicted by the facts that on April 14, 2017, Kayne sought to amend the Joint Pretrial Order to withdraw previous stipulations that EIG's copyrights to <u>Oil Daily</u> were valid;[118] on April 21, 2017, Kayne submitted a proposed amended pretrial order seeking to add a contested issue of fact regarding the validity of EIG's copyrights;[119] and on May 3, 2017, Kayne filed Defendants'

---

[115]Docket Call Transcript, Docket Entry No. 258, p. 21:11.

[116]Joint Pretrial Order, Docket Entry No. 255, p. 27 ¶¶ 1 and 4 (identifying as Defendants' Contentions of Contested Issues of Fact, "[w]hether Defendants willfully infringed Plaintiffs' copyrights in the Oil Daily publication" and "[t]he number of works infringed by Defendants to which Plaintiffs are entitled recovery."). <u>See also</u> Plaintiffs' Reply in Support of Their Application for Attorney's Fees, Docket Entry No. 306, p. 6.

[117]Verdict, Docket Entry No. 271, Question 2.

[118]Docket Call Transcript, Docket Entry No. 195, pp. 16:16-19:13;

[119]Defendants' Proposed Amended Pretrial Order, Docket Entry No. 197, p. 28 (attempting to add a ¶ 12 to Defendants' Contentions
(continued...)

Motion for Referral to the Register of Copyrights Pursuant to 17 U.S.C. § 411(b) and a Concurrent Stay seeking to "refer all *Oil Daily* copyright registrations to the Copyright Register for a validity determination, and stay this matter during the referral period."[120] The record reflects that Kayne did not concede but, instead, contested infringement until the October 12, 2017, Docket Call, when the court ruled that Kayne's infringement of EIG's copyrights in <u>Oil Daily</u> and the validity of EIG's copyrights in <u>Oil Daily</u> were not issues that would be contested at trial.[121] Although Kayne eventually conceded willfulness, Kayne did so only after all the evidence had been presented at trial.[122] And Kayne never conceded the number of infringements, which was submitted to the

---

[119](...continued)
of Contested Issues of Fact stating, "Whether each of Plaintiffs' federal copyright registrations is valid, subsisting and constitutes prima facie evidence of the validity of the works contained in the registration pursuant to 17 U.S.C. § 410.").

[120]Docket Entry No. 204, p. 30.

[121]Docket Call and Hearing Transcript, Docket Entry No. 258, p. 21:11-12 ("Infringement is not an issue, nor is validity an issue."). <u>See also</u> Order Granting Plaintiffs' Motion to Strike Defendants' Proposed Amended Pretrial Order, Docket Entry No. 224, and Memorandum Opinion and Order denying Defendants' Motion for Referral to the Register of Copyrights Pursuant to 17 U.S.C. § 411(b) and a Concurrent Stay, Docket Entry No. 248.

[122]Trial Transcript Vol. 3, Docket Entry No. 283, p. 260:19-22 (plaintiff resting its rebuttal case, and defendant stating it had no more evidence); p. 275:1-6 ("The defendants are not contesting the willfulness issue, especially in light of the testimony that has been presented in the court. And as a result, we are -- we do have some objections to the language and, also, solutions of how to easily alter page 15 and 16 [of the jury instructions] in light of the concession.").

jury.[123]   Accordingly, the court concludes that Kayne is not the prevailing party and thus is not eligible for attorney's fees.

## 2.   EIG is Entitled to an Award of Attorneys' Fees

Having determined that EIG is the prevailing party on their claims for copyright infringement, the court must determine what, if any, amount of attorney's fees is reasonable. See Hensley, 103 S. Ct. 1939.   EIG argues that it is entitled to an award of attorney's fees because it is the prevailing party and because as detailed in the Declaration of Thomas H. Curtin, EIG incurred and was billed for attorneys' fees in connection with prosecuting this matter from the pre-suit investigation, through the commencement of suit, through extensive written and document discovery, through numerous depositions, through extensive motion practice and pre-trial submissions, through repeated mediation efforts, and finally through preparation for and conduct of the trial.[124]

### (a)   Factors to Be Considered

While the broad statutory language of the Copyright Act "'clearly connotes discretion'" and "eschews any 'precise rule or formula' for awarding fees," the Supreme Court has established two

---

[123]See Verdict, Docket Entry No. 271, Question 2 (finding that Kayne copied 1,646 individual works of Oil Daily).

[124]EIG's Fee Application, Docket Entry No. 290, p. 5 (citing Declaration of Thomas H. Curtin in Support of Plaintiffs' Application for Attorney's Fees ("Curtin Declaration"), Attachment 1, Docket Entry No. 290-1).

important restrictions on a court's exercise of discretion to award attorney's fees as costs. <u>Kirtsaeng v. John Wiley & Sons, Inc.</u>, 136 S. Ct. 1979, 1985 (2016). First, a district court may not award attorney's fees as a matter of course; instead, a court must make a case-by-case assessment. Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently because defendants should be encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. <u>Id.</u> (quoting <u>Fogerty v. Fantasy, Inc.</u>, 114 S. Ct. 1023, 1033 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike [under § 505].")). The Supreme Court has stated that district courts should give "substantial weight to the objective reasonableness of the losing party's position," but must also "give due consideration to all other circumstances relevant to granting fees." <u>Id.</u> at 1983. Other circumstances include the nonexclusive factors of "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence. <u>Id.</u> at 1985 (quoting <u>Fogerty</u>, 114 S. Ct. at 1033 & n.19 (quoting <u>Lieb v. Topstone Industries, Inc.</u>, 788 F.2d 151, 156 (3d Cir. 1986)). "[I]n any given case, a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)." <u>Id.</u> at 1988. In applying these factors, courts look to "the purposes of the Copyright Act." <u>Id.</u> "[F]ee

awards under § 505 should encourage the types of lawsuits that promote [dual purposes:] encouraging and rewarding authors' creations while also enabling others to build on that work." <u>Id.</u> at 1986.

(b)   Consideration of the Applicable Factors

Kayne argues that the court should not award attorney's fees to EIG because

> [the] Defendants did not just have a strong argument regarding their affirmative defense of Plaintiffs' failure to mitigate; Defendants were ultimately successful in defending their rights as the jury found that Plaintiffs *did* fail to mitigate their damages. Thus, Plaintiffs should be denied their attorney's fees.[125]

Citing <u>Warner Brothers, Inc. v. Dae Rim Trading, Inc.</u>, 677 F. Supp. 740 (S.D.N.Y. 1988), <u>aff'd in part and rev'd in part</u>, 877 F.2d 1120 (2d Cir. 1989), and <u>Countryman Nevada, LLC v. Doe</u>, 193 F. Supp. 3d 1174, 1183 (D. Or. 2016), Kayne argues that "[o]ther courts have denied attorney's fees to plaintiffs in cases where, as here, infringement was conceded."[126]   Kayne argues that

> Plaintiffs here continued the litigation even after Defendants conceded infringement, and now seek their massive attorney's fees for doing so.  Defendants were forced to litigate this case through trial because Plaintiffs refused to even make a settlement offer until after the litigation had already been pending almost three years, and that $32 million settlement offer was followed only by two subsequent absurd offers, the last of which exceeded the jury's ultimate award by over forty times.

---

[125]Kayne's Opposition to EIG's Fee Application, Docket Entry No. 295, p. 12.

[126]<u>Id.</u>

-46-

Plaintiffs were in control and held Defendants hostage in this litigation despite Defendants' concession of infringement, including multiple offers of judgment, and they should not now be awarded their accumulated attorney's fees for doing so.[127]

Kayne's argument that EIG's fee application should be denied because Kayne conceded infringement has no merit because as explained in § III.B.1, above, the record does not support Kayne's contention that infringement was conceded. The cases Kayne cites in support of the argument that courts have denied attorney's fees to plaintiffs in cases where defendants have conceded infringement are non-binding district court cases from other jurisdictions involving facts that are not analogous to the facts of this case. Moreover, analysis of factors that courts consider when deciding whether to award attorney's fees in copyright cases leads the court to conclude that EIG is entitled to a fee award.

### (1)  Frivolousness and Objective Unreasonableness

Kayne argues that EIG should not be awarded attorney's fees because

> [w]hile Plaintiffs' infringement claims were not entirely frivolous and they did receive a small judgment, Defendants had already admitted their liability and conceded infringement. . . As to the degree of success obtained, Plaintiffs sought *tens or hundreds of millions* of dollars in damage and ultimately obtained an award of a mere $585.000.  (Dkt. No. 271).[128]

---

[127]*Id.* at 13.

[128]Kayne's Motion for Fees and Costs, Docket Entry No. 287, pp. 14-15.

-47-

The court found that Kayne infringed EIG's copyrights before trial, at trial Kayne failed to offer any reasonable explanation for their unauthorized copying of <u>Oil Daily</u>, and when the evidence closed, Kayne conceded the willfulness of their infringements. The jury found that Kayne infringed 1,646 of EIG's copyrights over an extended period of time and awarded EIG statutory damages in the amount of $15,000.00 per infringement. The jury found that Kayne violated the DMCA 425 times and awarded EIG statutory damages in the amount of $2,500.00 per violation. Although the jury also found that EIG failed to mitigate 1,607 of Kayne's infringements and all of Kayne's DMCA violations, thereby reducing EIG's statutory damage award to $585,000.00 ($15,000.00 x 39 infringements), the claims that EIG asserted against Kayne were neither frivolous nor objectively unreasonable. While EIG did not accurately evaluate the strength of Kayne's mitigation defense, its failure to do so was not objectively unreasonable because as stated in § II.A.2(a)(1), above, whether that defense applies to statutory damages under the Copyright Act is not a matter of clearly established law.

Less reasonable, however, were Kayne's assertion of multiple affirmative defenses and filing of multiple pretrial motions. While Kayne was partially successful on their mitigation of damages defense and Kayne's statute of limitations defense was submitted to and rejected by the jury, the court granted EIG's motion for partial summary judgment on Kayne's assertion of four additional

affirmative defenses because they were unsupported by any evidence: equitable estoppel, implied license, unclean hands and/or entrapment, and the assertion that any injury suffered by EIG was the result of EIG's own conduct and/or failure to comply with the terms of any relevant and applicable contracts or laws.[129] Moreover, Kayne delayed prompt resolution of this litigation by failing to concede infringement, and failing to concede willfulness until after the evidence closed at trial.[130] The objective unreasonableness of Kayne's position on infringement is also evidenced by their post-trial filings in which Kayne continues to argue that infringement was conceded.[131] Consideration of factors of frivolousness and objective unreasonableness weigh in favor of awarding fees to EIG.

---

[129]See Defendants' First Amended Answer to Second Amended Complaint, Docket Entry No. 98, p. 10 ¶¶ 2-7; Memorandum Opinion and Order, Docket Entry No. 136, pp. 12-20 (denying Defendants' Motion for Partial Summary Judgment, and granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses). See also EIG's Fee Application, Docket Entry No. 290, pp. 11-12 (arguing that many of Kayne's asserted defenses were not objectively reasonable); Plaintiffs' Reply in Support of Their Application for Attorney's Fees, Docket Entry No. 306, pp. 8-10 (same).

[130]See § III.B.1, above, especially nn.115-123 and accompanying text. See also Plaintiffs' Reply in Support of Their Application for Attorney's Fees, Docket Entry No. 306, p. 12 (asserting that "Kayne never formally conceded liability prior to trial, not in its Answer(s) nor in the Joint Pretrial Order, and only 'conceded' willfulness and the number of infringements once EIG had offered overwhelming evidence at trial.").

[131]See, e.g., Kayne's Motion for Fees and Costs, Docket Entry No. 287, p. 11 (asserting that "[d]efendants did not contest and conceded infringement for each of these 1,646 issues").

## (2) Motivation

Kayne argues that EIG should not be awarded attorney's fees

because

> as demonstrated at trial, Plaintiffs were improperly
> motivated and, in fact, made a business out of filing
> lawsuits against their customers for copyright
> infringement. Additionally, Plaintiffs were objectively
> unreasonable throughout litigation by refusing to even
> make settlement demands until ordered to do so by the
> court and by refusing to ever realistically engage in
> reasonable settlement discussions despite the Court's
> encouragement to do so and Defendants' multiple fair and
> reasonable attempts to do so. Plaintiffs' improper
> motivation continued during trial, where they refused to
> ask for a specific damage number from the jury, but
> continually referred to the range of statutory damage and
> intimated that a fair and just per work award in this
> case should be in the high end of the range. Finally,
> Plaintiffs in this case — and their many other cases as
> well — and other similar plaintiffs in the future ought
> to be deterred from taking a case of a similar nature to
> trial to gamble on a windfall result. This trial dealt
> solely with Defendants' affirmative defense and damages,
> both issues that could have easily been settled out of
> court, saving the parties' and the Court's time and
> resources.[132]

Courts have found a party's litigation tactics to be evidence

of improper motivation. See, e.g., Yankee Candle Co., Inc. v.

Bridgewater Candle Co., LLC, 140 F. Supp. 2d 111, 118 (D. Mass.),

aff'd, 259 F.3d 25 (1st Cir. 2001), abrogated on other grounds by

InvesSys, Inc. v. McGraw-Hill Companies, Ltd., 369 F.3d 16 (1st

Cir. 2004) (finding motivation factor favored an award of

attorney's fees where a party's "hardball conduct in pursuing this

litigation provides evidence of an improper motivation"). Failure

---

[132]Kayne's Motion for Fees and Costs, Docket Entry No. 287,
p. 15.

to seriously consider settlement, either before or after a case is filed can support an inference of improper motivation.  Id.

Kayne asserts that Defendants made five different offers of settlement before trial:  (1) March 9, 2015, in the amount of $300,000.00; (2) June 8, 2015, in the amount of $558,000.00, plus reasonable attorney's fees incurred to that date; (3) August 24, 2016, in the amount of $1,500,000.00; (4) February 21, 2017, in the amount of $5,000,000.00, plus $300,000.00 to fund a copyright infringement ad campaign; and (5) October 13, 2017, in the amount of $7,000.000.00.[133]  EIG did not accept any of these offers,[134] did not make a demand until the court ordered Plaintiffs to do so,[135] and then made only an excessive demand of $32,000,000.00 that the court characterized as "absurd."[136]  In light of the jury's ultimate award of $585,000.00 in total statutory damages, the court concludes that EIG's refusal to accept a reasonable settlement offer is indicative of improper motivation.  Milton H. Greene

---

[133]Kayne's Opposition to EIG's Fee Application, Docket Entry No. 295, p. 15 & n.6 (setting forth five settlement offers made by Kayne and rejected by EIG).

[134]Id.

[135]Hearing Minutes and Order, Docket Entry No. 226, p. 2 ("Plaintiffs are ordered to tender a written settlement demand to Defendants by 12:00 p.m. on May 12, 2017.").

[136]Transcript of Hearing Held on July 19, 2017, Docket Entry No. 244, p. 8:11-15.  See also Transcript of Docket Call and Hearing, Docket Entry No. 258, p. 33:15-16 ("I told you at the last hearing I thought your demand that you said then was unreasonable.").

<u>Archives, Inc. v. Julien's Auction House, LLC</u>, No. CV 05-7686 AHM (FMOx), 2007 WL 4898365, at *5 (E.D. Cal. Dec. 20, 2007), <u>aff'd</u>, 345 F. App'x 244 (9th Cir. 2009).

### (3) The Need to Advance Considerations of Compensation and Deterrence

The third factor in deciding whether to award fees is the need for compensation and deterrence. Unlike civil rights suits, where a prevailing plaintiff is presumptively entitled to an award of fees, in copyright suits "[p]revailing plaintiffs and prevailing defendants are to be treated alike." <u>Fogerty</u>, 114 S. Ct. at 1033. The considerations of evenhandedness and compensation are directed to giving prevailing parties the financial ability to vindicate their rights. <u>See</u> <u>Assessment Technologies of Wisconsin, LLC v. WIREdata, Inc.</u>, 361 F.3d 434, 436–37 (7th Cir. 2004).

> If the case was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add an award of attorneys' fees. . . But if at the other extreme the claim or defense was frivolous and the prevailing party obtained no relief at all, the case for awarding him attorneys' fees is compelling.

<u>Id.</u> <u>See also</u> <u>Quinto v. Legal Times of Washington, Inc.</u>, 511 F. Supp. 579, 581 (D.D.C. 1981) ("An award of attorney's fees helps to ensure that all litigants have equal access to the courts to vindicate their statutory rights. It also prevents copyright infringements from going unchallenged where the commercial value of the infringed work is small and there is no economic incentive to challenge an infringement through expensive litigation.").

Kayne argues that EIG should not be awarded attorney's fees because

> Plaintiffs in this case — and their many other cases as well — and other similar plaintiffs in the future ought to be deterred from taking a case of a similar nature to trial to gamble on a windfall result. This trial dealt solely with Defendants' affirmative defense and damages, both issues that could have easily been settled out of court, saving the parties' and the Court's time and resources.[137]

The jury found that Kayne willfully infringed EIG's copyrights over an extended period and awarded EIG statutory damages in the amount of $585,000.00. Moreover, since the evidence at trial showed that Kayne did not copy EIG's work to create their own work but, instead, copied EIG's work, willfully, in order to avoid paying subscription fees, Kayne's actions did not advance either of the subsidiary aims of the Copyright Act, i.e., encouraging and rewarding authors' creations while also enabling other to build on that work. Because the damages the jury awarded EIG were low, and because the Copyright Act is designed to protect valid copyrights by compensating parties when their copyrights are infringed, and deterring future infringement, considering the prolonged nature of Kayne's willful infringement, the need for compensation and deterrence in this case is strong and weighs in favor of awarding fees to EIG. See Presse v. Morel, No. 10-cv-2730 (AJN), 2015 WL 13021413, *6 (S.D.N.Y. March 23, 2015), aff'd, 645 F. App'x 86 (2d Cir. 2016) (quoting National Football League v. PrimeTime 24

---

[137]Kayne's Motion for Fees and Costs, Docket Entry No. 287, pp. 14-15.

<u>Joint Venture</u>, 131 F. Supp. 2d 458, 484 (S.D.N.Y. 2001)
("Considerations of deterrence may support an award of attorney's
fees to the prevailing party . . . when willful infringement has
been found.")). Accordingly, the court concludes that factoring
the need to advance considerations of compensation and deterrence
weigh in favor of awarding attorneys' fees to EIG.

### (4) Conclusion

The balance of factors supports awarding attorneys' fees to
EIG. EIG's claims against Kayne were not frivolous or objectively
unreasonable. Although EIG's excessive demand for damages suggests
improper motivation, because the damages that the jury awarded EIG
were low and Kayne's infringement was long-term, willful, and
undertaken merely to avoid paying subscription fees, the court
concludes that a fee award against Kayne is needed to further the
purpose of the Copyright Act to protect valid copyrights by
compensating parties whose copyrights are infringed to prevent
infringements from going unchallenged where the commercial value of
the infringed work is small and there is little economic incentive
to challenge an infringement through expensive litigation.

### 3. <u>The Amount of Attorneys' Fees to Which EIG is Entitled</u>

Having determined that EIG is the prevailing party and that
EIG is entitled to receive attorney's fees, the court must
determine what fee is reasonable. <u>Hensley</u>, 103 S. Ct. at 1940.
When attorney's fees are authorized by statute, including the

Copyright Act, courts in the Fifth Circuit apply the "lodestar" method and apply the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 109 S. Ct. 939 (1989), for determining reasonableness of the fees. Kiva Kitchen & Bath, Inc. v. Capital Distributing, Inc., 681 F. Supp. 2d 807, 813 (S.D. Tex. 2010). See also Bridgmon v. Array Systems Corp., 325 F.3d 572, 578 (5th Cir. 2003) (referencing lodestar amount in a copyright case). Under the lodestar method courts first determine the amount of reasonable attorney's fees by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 103 S. Ct. at 1939 (cited with approval in Fogerty, 114 S. Ct. at 1023, as relevant to awarding attorneys' fees in copyright cases). Once the amount of reasonable attorney's fees is ascertained, the court evaluates whether that amount should be adjusted upward or downward based on the twelve factors laid out in Johnson: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the [reasonable] fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  488 F.2d at 717-19.

"There is a strong presumption of the reasonableness of the lodestar amount." Black v. SettlePou, P.C., 732 F.3d 492, 502 (5th Cir. 2013).  The lodestar calculation does not end the inquiry, however, and the court should consider other factors that would warrant an upward or downward adjustment of the fee. Hensley, 103 S. Ct. at 1939-40 & n.9.  The court should exclude from this initial fee calculation hours that were not reasonably expended, and counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. Id.  The court must also take into account the degree of success obtained by the prevailing party, and in copyright cases courts evaluate "the relative complexity of the litigation; the relative financial strength of the parties; the damages awarded; and whether the losing party acted in bad faith." Randolph v. Dimension Films, 634 F. Supp. 2d 779, 793 (S.D. Tex. 2009), aff'd, 381 F. App'x 449 (5th Cir.), cert. denied, 131 S. Ct. 648 (2010).

The lodestar calculation is performed in EIG's submission and supported by the Curtin Declaration and applicable billing records.[138]  The court is very familiar with the work of the attorneys for which fees are sought.  The hourly rates are

---

[138]Curtin Declaration, Attachment 1 to EIG's Fee Application, Docket Entry No. 290-1.

supported and are reasonable. The number of hours expended are reasonable for the litigation. There is no unnecessary duplication, and there is an appropriate delegation of work to associates with less experience and lower rates. Kayne's arguments about excessive staffing and over-working the case are not persuasive as both sides employed numerous attorneys on this case. Kayne argues that certain instances of staffing and hours expended on particular tasks were not reasonable, but fails to offer any argument about what would have been reasonable under the circumstances.

The issue is whether the lodestar amount of $6,525,087.50 should be adjusted. The first and most important of the five possible bases for reducing the lodestar in copyright cases is the degree of success achieved by the prevailing party. <u>Hensley</u>, 103 S. Ct. at 1940. If "a plaintiff has achieved only partial or limited success," the lodestar "may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." <u>Id.</u> at 1941. The "most critical factor" in determining the size of a fee award is "the degree of success obtained." <u>Id.</u> "There is no precise rule or formula for making these determinations," and if the court makes a downward adjustment for partial success, it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." <u>Id.</u> Kayne argues that EIG's fee request should be reduced due to their

overall limited success at trial as evidenced by the success of Kayne's mitigation of damages defense.[139]

EIG did not prevail on their DMCA claims because although the jury found that Kayne violated the DMCA 425 times, the jury also found that EIG failed to mitigate their damages for all 425 violations.[140] Kayne argues that 20% of their attorneys' fees were related to EIG's DMCA claims, and that it is therefore reasonable to assume that 20% of EIG's attorneys' fees were similarly related to the DMCA claims.[141] EIG disagrees but do not provide their own estimate.[142] Because neither party has provided any reasonable basis for segregating fees related to the DMCA claims from fees related to the copyright claims, and because both parties have redacted their billing records making it difficult for the court to allocate fees between these two types of claims, based on the its familiarity with the case, the court concludes that 15% of both parties' fees were reasonably related to the DMCA claims. EIG's fee request will therefore be reduced by 15% or $978,763.12 for failing to prevail on their DMCA claims.

_____

[139]Kayne's Opposition to EIG's Fee Application, Docket Entry No. 295, p. 14.

[140]Verdict, Docket Entry No. 271, Questions 10, 13-14.

[141]Kayne's Opposition to EIG's Fee Application, Docket Entry No. 295, p. 14.

[142]Plaintiffs' Reply in Support of Their Application for Attorney's Fees, Docket Entry No. 306, pp. 12-13.

EIG did not fully prevail on their claims for copyright infringement. The jury found that Kayne infringed 1,646 of EIG's works and that the amount of statutory damages to be awarded for each work infringed was $15,000.00 for a total of $24,690,000.00 in statutory damages.[143] The jury also found, however, that EIG could have avoided 1,607 acts of infringement if they had used reasonable diligence to mitigate their damages,[144] so that statutory damages of $15,000.00 will be awarded for only 39 works for a total amount of $585,000.00. EIG's limited success on their copyright claims justifies an additional reduction to the lodestar. Id.

One criteria for measuring a prevailing party's success is to consider the amount of damages awarded compared to the amount of damages requested. Cynthia Hunt Productions, Ltd. v. Evolution of Fitness Houston Inc., Civil Action No. H-07-0170, 2007 WL 3047220, *4 (S.D. Tex. October 18, 2007) (citing Farrar, 113 S. Ct. at 575, and Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1042 (3d Cir. 1996) (noting that "[t]he amount of damages awarded, when compared with the amount of damages requested, may be one measure of how successful the plaintiff was in his or her action")). When plaintiffs have received far less damages than they originally sought, courts have often reduced the lodestar. Id. (citing e.g., Washington, 89 F.3d at 1043-44

---

[143]Verdict, Docket Entry No. 271, Questions 1 and 2.

[144]Id. at Question 7.

(upholding 50% reduction in fee because plaintiff prevailed on only one of two claims asserted); <u>Carroll v. Wolpoff & Abramson</u>, 53 F.3d 626, 629 (4th Cir. 1995) (upholding lodestar reduction from $9,783.63 to $500.00 because damages award "was a mere five percent of the amount of statutory damages [plaintiff] initially sought"); <u>Sheffer v. Experian Information Solutions, Inc.</u>, 290 F. Supp. 2d 538, 551 (E.D. Pa. 2003) (reducing lodestar by more than two-thirds when plaintiff sought $300,000.00 in damages but was awarded only $1,000.00)).

In this case EIG demanded $32,000,000.00,[145] but received only $585,000.00 in statutory damages. Given the disparity between the damages ultimately awarded and those originally sought, the court concludes that the lodestar should be reduced by 20% or $1,305,017.50 for EIG's failure to fully prevail on its infringement claims. The resulting amount meets the compensatory and other goals of the statute. None of the other grounds for adjusting the lodestar apply here. The litigation was time-consuming and zealously pursued by both parties but not particularly complex given the ability and experience of the attorneys, neither party has raised an issue about their relative financial strengths, and there is no basis for a bad-faith finding. Although Kayne argues that EIG unnecessarily prolonged the

---

[145]Transcript of July 19, 2017, Scheduling Conference, Docket Entry No. 244, p. 8:11-15.

litigation by refusing to accept reasonable settlement offers, Kayne has neither shown that any of its offers of settlement comply with Federal Rule of Civil Procedure 68, nor identified an amount by which EIG's fees should reasonably be reduced for this reason.

The motion for attorneys' fees under 17 U.S.C. § 505 will be granted as set out above. Attorneys' fees will be awarded in the amount of $4,241,306.88.

### 4.  EIG is Entitled to Recover Costs

Although costs are typically assessed after entry of final judgment, see Local Rule 54.2, EIG's Fee Application includes a request for $637,593.99 in costs.[146] Attorney Thomas Curtin states in his declaration that the cost amount sought is correct and that the costs incurred were "related to the investigation, prosecution and trial of the copyright infringement claims [asserted against the defendants in this case]."[147]

Kayne objects to EIG's request for costs arguing that EIG is not the prevailing party, and that even if EIG is the prevailing party the court should not award EIG their costs because they unnecessarily prolonged the litigation despite Kayne's having conceded infringement.  These arguments have no merit.  For the reasons stated in § II.A.2(a), above, the court has already concluded that Kayne did not concede infringement, and for the

---

[146]Docket Entry No. 290, p. 5.

[147]Curtin Declaration, Docket Entry No. 290-1, pp. 1-2 ¶ 3.

reasons stated in § III.B.1, above, the court has already concluded that EIG is the prevailing party and, therefore, is eligible to receive an award of costs under Rule 54(d) and 17 U.S.C. § 505. Kayne also objects to EIG's inclusion of an expense of $1,298.56 for a transcript of a deposition taken of a witness in a different case in their request for costs.[148] Since EIG does not dispute that this expense is improper, its request for costs will be reduced accordingly.

Asserting that EIG requests more than $600,000.00 in costs,[149] Kayne argues that

> only approximately $75,000 would be allowable under [28 U.S.C.] § 1920. The following is a non-exhaustive list of non-allowable costs that Plaintiffs have moved for: deposition DVDs (separate from transcript and video fees); deposition digital conversion fee; document delivery charges; box delivery charges (i.e., boxes shipped for trial); postage, including FedEx fees; telephone charges; legal and general research; subpoena service fees; travel expenses, including car service, airfare, hotel, parking and airfare change fees; hotel workroom space for trial; processing of documents for production; data storage and management; deposition binders (i.e., the actual binders); meals; expert witness fees; certificates of registration; mediation fee; preparation of demonstrative exhibits for trial prepared by Legal Media; development of demonstrative exhibits for trial by Consor Intellectual Property Mgmt.; jury research, mock jury session, and litigation consulting by Edge Litigation Consulting; overtime expenses for support staff, including car fare and meals; trial supplies, including printer, hard drives, USB drives and miscellaneous supplies; economic survey from AIPLA; and Dun & Bradstreet report. None of these are properly

---

[148]Kayne's Opposition to EIG's Fee Application, Docket Entry No. 295, p. 19.

[149]Id.

-62-

allowable costs to seek and make up the vast majority of the over $600,000 in costs they seek.[150]

Citing Guzman v. Hacienda Records and Recording Studio, Inc., Civil Action No. 6:12-42, 2015 WL 4920058, at *2 (S.D. Tex. Aug. 18, 2015), EIG replies that § 505 of the Copyright Act provides that the prevailing party may be awarded "full costs," which EIG argues are not limited to the "costs" listed in § 1920.[151] Stating that five of the seven Courts of Appeal that have considered the issue have each recognized that § 505 allows recovery of additional costs not available under § 1920, EIG argues that "the weight of authority supports EIG's entitlement to reasonable out-of-pocket expenses incurred in the litigation, and should not be limited to only those costs enumerated under 28 U.S.C. § 1920."[152]

Kayne argues -- without response from EIG -- that approximately $75,000.00 of the amount of costs sought would be allowable under § 1920. Absent objection, the court presumes that statutorily authorized costs were necessarily incurred and will be taxed against the losing party. Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition

---

[150]Id. at 18-19.

[151]Plaintiffs' Reply in Support of Their Application for Attorney's Fees, Docket Entry No. 306, p. 19.

[152]Id. at 19-20.

costs will be taxed as having been necessarily obtained for use in the case."). An objection shifts that burden to the party seeking costs to show that otherwise authorized costs were necessary. <u>Jerry v. Fluor Corp.</u>, Civil Action No. H-10-1505, 2012 WL 4664423, at *2 (S.D. Tex. Oct. 2, 2012) (citing <u>Fogleman v. ARAMCO (Arabian American Oil Co.</u>, 920 F.2d 278, 286 (5th Cir. 1991)). Because Kayne does not dispute that $75,000.00 of the costs that EIG seeks are allowable under § 1920, the court concludes that EIG is entitled to recover that amount of costs. At issue is whether EIG is entitled to recover costs that are not allowable under § 1920.

Circuit courts are split on whether the reference to "full costs" in § 505 is limited to costs enumerated in § 1920 or is broader in scope. <u>Compare</u>, <u>e.g.</u>, <u>InvesSys, Inc.</u>, 369 F.3d at 22-23 (broad view); <u>Adsani v. Miller</u>, 139 F.3d 67, 75 (2d Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 176 (1998) (broad view); <u>Coles v. Wonder</u>, 283 F.3d 798, 803 (6th Cir. 2002) (affirming award of costs not taxable under § 1920); <u>Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries</u>, 272 F.3d 441, 457-58 (7th Cir. 2001) (§ 505 displaces § 1920 in copyright cases and allows award of attorney's fees as costs); with <u>Pinkham v. Camex, Inc.</u>, 84 F.3d 292, 295 (8th Cir. 1996) (per curiam) (§ 505 costs are limited to § 1920 costs); <u>Artisan Contractors Association of America, Inc. v. Frontier Insurance Co.</u>, 275 F.3d 1038, 1040 (11th Cir. 2001) (per curiam) (§ 505 costs are limited to costs authorized by § 1920). The Fifth Circuit has not addressed the issue, and courts in this district

are split. Compare, e.g., Guzman, 2015 WL 4920058, at *2 (broad view) with Tempest Publishing, Inc. v. Hacienda Records and Recording Studio, Inc., 141 F. Supp. 3d 712, 718 (S.D. Tex. 2015) (costs allowed under § 505 are limited to costs allowed under § 1920).

In Guzman, 2015 WL 4920058, at *2, the court observed that § 505 grants courts the authority to award "full costs," and that § 505 does not contain the categorical limitations contained in § 1920. Based on these observations, the Guzman court concluded that Congress intended § 505 to cover the full costs of litigation (subject to the substantive rules otherwise applicable to § 505) without the categorical restrictions contained in § 1920. The court reasoned that its interpretation of § 505 reasonably gives full effect to the Copyright Act without reducing § 505's reference to "full costs" to surplusage. Finding the reasoning of Guzman persuasive, the court concludes that § 505 authorizes an award of costs that is broader in scope and not limited to the categories of costs allowable under § 1920. The question then becomes what amount of costs beyond those allowable under § 1920 should be awarded to EIG in this case.

Although EIG seeks to recover all costs incurred in relation to this case, courts that have held that costs available under § 505 are broader in scope than the costs allowed under § 1920 have also held that costs to be taxed against a losing party must nevertheless have been reasonable and necessarily incurred in

-65-

prosecution or defense of the case. See, e.g., Clarity Software, LLC v. Financial Independence Group, LLC, No. 2:13-cv-00795, 2016 WL 3083383, *7 (W.D. Pa. May 31, 2016). EIG did not submit a traditional bill of costs but, instead, has interspersed billing records for costs incurred in relation to this case with billing records for attorneys' fees. While the Curtin Declaration contains detailed descriptions of the legal work that EIG's attorneys performed on this case, it does not contain comparable descriptions of the costs being sought or whether they were reasonable or necessary. Although Kayne's opposition to EIG's request for costs challenged the court's ability to award all of the costs being sought by EIG under the Copyright Act,[153] and EIG's reply acknowledges that the costs must be "reasonable" and "incurred in the litigation,"[154] the Curtin Declaration only has one or two sentences dealing with costs,[155] and does not provide evidence or analysis from which the court is able to conclude that the costs beyond those allowable under 28 U.S.C. § 1920 are reasonable or were necessarily incurred prosecuting this case. Because it is EIG's burden -- not the court's -- to show that the costs being sought are reasonable and were necessarily incurred prosecuting

---

[153]Kayne's Opposition to EIG's Fee Application, Docket Entry No. 295, p. 7.

[154]Plaintiffs' Reply in Support of Their Application for Attorney's Fees, Docket Entry No. 306, p. 20.

[155]See, e.g., Curtin Declaration, Docket Entry No. 290-1, p. 9 ¶ 19.

this action, and because based on the evidence before it the court is not able to determine that the costs EIG seeks are reasonable or were necessarily incurred prosecuting this action, the court concludes that EIG should only be awarded the $75,000.00 in costs that Kayne does not dispute are taxable under 28 U.S.C. § 1920.

## IV. Conclusions and Order[156]

For the reasons discussed in § II, above, Plaintiffs' Motion for Post-Judgment Relief (Docket Entry No. 289) is **DENIED**.

For the reasons discussed in § III.B.1, above, the court concludes that EIG is the prevailing party eligible for an award of attorneys' fees and costs. For the reasons discussed in § III.B.2, the court exercises its discretion to award EIG attorneys' fees and costs reasonably incurred prosecuting their copyright infringement claims; and for the reasons discussed in § III.B.3 and § III.B.4, the court concludes that EIG is entitled to recover $4,241,306.88 for reasonably necessary attorneys' fees, and $75,000.00 for

---

[156]The court has allowed the parties extraordinary leeway in submitting lengthy briefs and other written materials in connection with the pending motions. As the length of this Memorandum Opinion and Order indicates, the court has expended considerable time reading these papers and performing a significant amount of independent research to be as fully informed as possible when addressing the parties' arguments. While, because of the sheer volume of information presented, it is not impossible that some arguments were overlooked, the parties should assume that failure to expressly address a particular argument in this Memorandum Opinion and Order reflects the court's judgment that the argument lacked sufficient merit to warrant discussion. Accordingly, the court strongly discourages the parties from seeking reconsideration based on arguments they have previously raised or they could have raised.

reasonably necessary costs incurred in prosecuting their copyright claims for a total amount of $4,316,306.88.

Accordingly, Defendants' Motion for Attorney's Fees and Costs (Docket Entry No. 287) is **DENIED**, and Plaintiffs' Application for Attorney's Fees (Docket Entry No. 290) is **GRANTED IN PART and DENIED IN PART.**

The court has allowed various instruments to be filed under seal. The public has a right of access to judicial proceedings. The public resolution of court cases affords accountability, fosters public confidence, and alerts the public to the consequences of the conduct addressed in court opinions. Because the public's right of access to the court's records outweighs any legitimate need of the parties for any part of the court's file to remained sealed, the Clerk is hereby **ORDERED** to **UNSEAL** all documents that have been filed under seal in this case.

**SIGNED** at Houston, Texas, on this the 2nd day of May, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE