IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>KAYNE ANDERSON CAPITAL ADVISORS, L.P. AND KA FUND ADVISORS, LLC,<br><br>Defendants. | Civil Action No. 4:14-cv-01903<br><br>**MOTION FOR COSTS PURSUANT TO RULE 68** |

## DEFENDANTS' MOTION FOR COSTS PURSUANT TO RULE 68

Defendants submit this Motion pursuant to Federal Rule of Civil Procedure 68 ("Rule 68" or the "Rule") and move the Court to apply the Rule toward Plaintiffs' fees awarded in the Final Judgment[1] and toward costs incurred defending this lawsuit *after* Defendants' February 21, 2017 offer of judgment. Plaintiffs chose to reject Defendants' offer, and now must face the consequences of its choice, which are: (1) a reduction in the amount of costs due to Plaintiffs under the Final Judgment of $1,692,748 (consisting of a reduction in attorneys' fees of $1,650,748 and a reduction in other costs of $42,000), and (2) an award of costs in favor of Defendants in the amount of $3,282,054 (consisting of $2,918,474 in attorneys' fees and $363,580 in other costs).

## I. BRIEF FACTUAL BACKGROUND

As the Court is very familiar with the facts of this litigation and recently issued a comprehensive opinion, Defendants provide only a brief recap of the relevant facts for this

[1] Memorandum Opinion and Order, May 2, 2018, Dkt. No. 313.

Motion. During this litigation, Defendants made five offers of judgment that were all rejected by Plaintiffs. Moreover, in October 2016, Defendants' filed their Response to Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses in which Defendants noted their prior offers, and even offered to stipulate that they had access to Plaintiffs' works, forwarded identical copies of it to others, and "knew or should have known that the forwarding was unauthorized" (i.e. willful). (Dk. No. 118 at 5). Nevertheless, Plaintiffs refused such offers to settle and stipulations to narrow the case, thereby forcing this matter to trial.

The relevant Offer of Judgment for this motion was made in writing on February 21, 2017 in the amount of $5,000,000, plus $300,000 to fund a copyright infringement ad campaign. (Ex. A, Gafford Decl., Ex. 1) (hereinafter, the "Offer of Judgment"). This Offer of Judgment must be compared to Court's Final Judgment based on the jury's verdict, which totals $4,901,306.88 (consisting of $585,000 in statutory damages, $4,241,306.88 in attorneys' fees, and $75,000 in costs. (Dkt. No. 313). Had Plaintiffs' accepted the Offer of Judgment, they not only would have received a greater recovery than provided under the Final Judgment, but they would have enabled the parties to the case to save a combined $5.5 million in fees and costs that were incurred between February 21, 2018 and the conclusion of trial.[2]

## II. LEGAL STANDARD

Rule 68(d) provides "If the judgment that the offeree *finally obtains* is not more favorable than the unaccepted offer, the *offeree must pay the costs* incurred after the offer was made." Fed. R. Civ. P. 68(d) (emphasis added). By the plain language of the rule, a motion for costs pursuant to Rule 68 is not ripe until the court enters a final judgment in which the plaintiff obtains an amount less than was offered under a Rule 68 offer of judgment. *Id. See also Delta Air Lines,*

[2] This number includes the $2,539,613 in attorneys' fees incurred by Plaintiffs, as well as the $2,918,474 in attorneys' incurred by Defendants from February 21, 2017. (Ex. A, Gafford Decl. ¶¶ 5, 6).

*Inc. v. August*, 450 U.S. 346, 351 (1981) (finding that Rule 68's effect is only applicable when "the plaintiff has ***obtained a judgment*** for an amount less favorable than the defendant's settlement offer." (emphasis added)). Likewise, the party that refuses the offer of judgment "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation" and is intended to "prompt[] both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Further, "application of rule 68 [serves] as a disincentive for the plaintiff's attorney to continue litigation after the defendant makes a settlement offer." *Id.* at 10. "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Id.*

Plaintiffs "who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected." *Id.* at 10 (emphasis added). Because the Copyright Act defines costs to include attorney's fees, costs awarded under Rule 68 in copyright cases include attorney's fees. *Id.* at 8 (citing 17 U.S.C. § 40). In *Marek*, the Supreme Court held that "where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." *Id.* at 9. The plain language of Rule 68 "subjects such fees to the cost-shifting provision of Rule 68." *Id.* at 11. "Application of Rule 68 [requires] plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates." *Id.*

Rule 68 does not afford the trial court discretion in awarding costs if a proper Rule 68 offer of judgment was made. *See Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997)

("when a proper Rule 68 offer is made and the other requirements of the rule are met, the district court must award costs measured from the time the offer was served.").

## III. PLAINTIFFS CANNOT RECOVER ANY COSTS OR FEES INCURRED AFTER FEBRUARY 21, 2017

Because Plaintiffs rejected Defendants' February 21, 2017 Offer of Judgment and ultimately received less in the Final Judgment, Plaintiffs must bear their own costs (including fees) incurred after February 21, 2017, and cannot recover these costs from Defendants. *See Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (finding that the language of Rule 68 precludes a plaintiff "from recovering his costs incurred after the making of the offer."); *see also Marek*, 473 U.S. at 10 ("Plaintiffs who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected.").

A review of the time sheets submitted by Plaintiffs in their Motion for Attorney's Fees (Dtk. No. 290) reveals that Plaintiffs incurred $2,539,613 in attorney's fees after February 21, 2017. (Ex. A, Gafford Decl., ¶ 5). When entering an award of fees to Plaintiffs, the Court applied a 35% discount to those fees, consisting of a 15% reduction to account for Plaintiffs' failure to prevail on their DMCA claims and a 20% reduction for failing to fully prevail on their infringement claims. (Dkt. 312, p. 58 and p. 60). Applying that discount to Plaintiffs' post-February 21, 2017 fees, the Court therefore awarded Plaintiffs $1,650,748.45 (65% of $2,539,613) in fees that are subject to this motion. The fees awarded Plaintiffs in the Final Judgment should be reduced by $1,650,748 to an amount of $2,590,558.43.

Likewise, the Court awarded Plaintiffs $75,000 in costs that Defendants did not dispute were taxable under 28 U.S.C. § 1920. Of these taxable costs, $42,000 were incurred after

February 21, 2017. (Ex. A, Gafford Decl., ¶ 7). Applying Rule 68 to those costs, the cost award in the Final Judgment should be reduced by $42,000 to an amount of $33,000.

## IV. DEFENDANTS SHOULD RECOVER THEIR COSTS INCURRED AFTER FEBRUARY 21, 2017

Because the Final Judgment was less favorable to Plaintiffs than the February 21, 2017 Offer of Judgment they rejected, Rule 68 applies to shift the burden of Defendants' post-February 21, 2017 costs to Plaintiffs to pay. *See Harbor Motor*, 265 F.3d at 645 ("Rule 68 also requires the plaintiff to pay any costs the defendant incurs after making the offer if the plaintiff's judgment is less favorable than the offer.")

*Marek* is the Supreme Court's leading pronouncement on Rule 68, describing it as a "cost-shifting provision." 473 U.S. at 11. Rule 68's cost-shifting provisions have been in place in one form or another since the 1940's. *See* 13 MOORE'S FEDERAL PRACTICE §68 (historical appendix). Thus, to paraphrase *Marek*, Congress was well aware of Rule 68 when it adopted Section 505 of the Copyright Act in 1976, and included attorney's fees as part of recoverable costs. *See Marek*, 473 U.S. at 11.

Following *Marek*, the Eleventh Circuit has held in a case with facts similar to this one that a defendant could recover its fees if the amount awarded to the plaintiff by the jury was less than the amount of an offer of judgment. *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997). In *Jordan*, the defendant made an offer of judgment that exceeded the amount returned by the jury, which would have made the defendant the non-prevailing party under the Court's reasoning here. *Id.* The Eleventh Circuit nevertheless held that "Rule 68 'costs' include attorney's fees when the underlying statute so prescribes" and that "the Copyright Act so specifies." *Id.* The court found that it was mandatory that the plaintiff pay the defendant's fees incurred after the offer of judgment, even though the jury returned a verdict against it. *Id.*

A South Carolina district court has also awarded a non-prevailing defendant its attorney's fees incurred after a rejected offer of judgment. *Lucas v. Wild Dunes Real Estate, Inc.*, 197 F.R.D. 172, 177 (D. S. Car. 2000). The court's analysis is instructive here:

> Even though Defendant is not a prevailing party, this court does not read the Supreme Court's language in *Marek* that the costs must be "properly awardable" to require that Defendant has to be a prevailing party in order to be eligible for an award of attorney's fees as costs in a copyright action pursuant to Rule 68. Instead, this court finds that so long as "the underlying statute defines 'costs' to include attorney's fees, [the Supreme Court is] satisfied such fees are to be included as costs for purposes of Rule 68." *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). "When the plaintiff recovers less than the defendant's formal offer of judgment under Rule 68 of the Federal Rules of Civil Procedure, it has been held that the award to defendant of its fees incurred after that offer is mandatory." Nimmer on Copyright § 14.10[B], at 14–139, 14–140 (Matthew Bender & Co., Inc. 1998) (citing *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir.1997)).

*Id.* at 175-176. The court found that the Eleventh Circuit's ruling in *Jordan* was in "harmony with the purposes of Rule 68." *Id.*

Defendants recognize that some circuit courts disagree with the Eleventh Circuit and hold in the context of copyright actions that a non-prevailing defendant cannot recover its attorneys' fees as part of its costs under Rule 68.[3] *See e.g.*, *Harbor Motor*, 265 F.3d at 645-647 (Seventh Circuit); *see also UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1034 (9th Cir. 2013) (following *Harbor Motor*). Those courts seize upon the words "properly awardable" that were used by the Supreme Court in *Marek* when it wrote that "Rule 68 was intended to refer to all costs properly awardable under the relevant statute or other authority." *Marek*, 473 U.S. at 9. That sentence, however, is followed with a broader and more definitive statement: "where the underlying statute defines 'costs' to include attorney's fees … such fees are to be included as costs for purposes of Rule 68." *Id.* There is no indication in *Marek* that

[3] The Fifth Circuit has not addressed this issue.

the Court intended to limit the scope of costs that should be "shifted" to the opposing side to exclude attorneys' fees. *See Marek*, 473 U.S. at 11.

The Supreme Court recognizes that the purpose of Rule 68 is to encourage settlements. *See Delta Air Lines*, 450 U.S. at 352 ("The purpose of Rule 68 is to encourage the settlement of litigation. In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial."); *See also* 12 Charles Alan Wright, Federal Practice & Procedure § 3001, at 67 (2d ed. 1997) ("[Rule 68] might also, to some extent, deter the pursuit of some vexatious litigation."). By allowing defendants to recover their fees in copyright cases where Rule 68 applies, the Court will be encouraging settlements and encouraging plaintiffs to take a hard look at their case before continuing to make their adversaries incur fees. Without this deterrent, the effectiveness of Rule 68 is extremely diluted. Take the present case for example, Plaintiff was awarded $75,000 in costs but incurred over $6.5 million in attorney's fees. Likewise, Defendant incurred $4,444,194 in total attorney's fees and only $57,746 in taxable costs under 28 U.S.C. § 1920. These costs totaling only about 1% of incurred fees are not significant enough to make plaintiffs "think very hard about whether continued litigation is worthwhile, which is "precisely what Rule 68 contemplates." *Marek*, 473 U.S. at 11.

Applying Rule 68 to the present case, Defendants request that the Court award the following costs to Defendants:

1. $2,918,474 in attorney's fees incurred by Defendants after Plaintiffs' rejection of the February 21, 2017 Offer of Judgment;

2. $363,580 in costs, consisting of the $11,979 in taxable court costs under 28 U.S.C. § 1920, as well as the additional $351,604 in costs recoverable under 17 U.S.C. § 505,

which (as this Court has already held) are not limited to costs recoverable under Section 1920. (Dkt. No. 312, p. 65).

All of these costs were reasonable and necessary. In support of the amount of fees requested, Defendants incorporate by reference the arguments made regarding these fees in Defendants' original Motion for Attorney's Fees (Dkt. No. 287) with its attachments including the Mueller Declaration (and supporting invoices) and the Friedman Declaration (and supporting invoices). In support of the taxable costs under 28 U.S.C. § 1920, Defendants incorporate by reference the Bill of Costs attached as Exhibit A to Defendants' original Motion for Attorney's Fees (Dkt. No. 287). In support of the additional reasonable and necessary costs awardable under 17 U.S.C. § 505, Defendants have attached the Declarations of Jason Mueller and Kody Kleber. These declarations set forth that these additional costs incurred were reasonable and necessary (Ex. B, Mueller Decl., ¶¶ 4-10; Ex. C, Kleber Decl., ¶¶ 4-8) and provide the documentary evidence of the costs incurred (Ex. B, Mueller Decl., Ex. 1 and 2; Ex. C. Kleber Decl., Ex. 1).

## V. CONCLUSION

Because the Final Judgment obtained by Plaintiffs was less than the February 21, 2017 Offer of Judgment Plaintiffs' rejected, Rule 68 requires that Plaintiffs' recovery be reduced by $1,692,748. Additionally, Defendants request that the Court follow the 11th Circuit reasoning and additionally award Defendants recovery of $3,282,054 in costs, including attorneys' fees, as set forth above. Defendants pray for such other relief to which they may be entitled.

Date: May 16, 2018

Respectfully submitted,

/s/ Jason E. Mueller
Jason E. Mueller
Attorney-in-Charge
Texas Bar No. 24047571
Southern District Admission No. 1069812
Galyn Gafford
Texas Bar No. 24040938
Southern District Admission No. 809397
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
2200 Ross Avenue, 24th Floor
Dallas, Texas 75201-6776
Telephone: (469) 391-7400

Roy W. Hardin
Texas Bar No. 08968300
Southern District Admission No. 18466
W. Scott Hastings
Texas Bar No. 24002241
Southern District Admission No. 29932
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214)740-8000
Facsimile: (214)740-8800

**ATTORNEYS FOR DEFENDANTS**

OF COUNSEL:

Edward L. Friedman
State Bar No. 07462950
Fed. ID No. 72833
Kody D. L. Kleber
Texas Bar No. 24060098
Fed. ID No. 952918
**BAKER HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-4995
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on May 16, 2018, I spoke with counsel for Plaintiffs who indicated that Plaintiffs are OPPOSED to the present motion.

s/ Galyn Gafford
**Counsel for Defendant**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Jason E. Mueller
**Counsel for Defendant**