IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1903 |
| KAYNE ANDERSON CAPITAL ADVISORS, LP and KA FUND ADVISORS, LLC, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (together, "Plaintiffs" or "EIG") sued Kayne Anderson Capital Advisors, LP and KA Fund Advisors, LLC (together, "Defendants" or "Kayne") for violations of the Copyright Act, 17 U.S.C. § 106, and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202-03. Pending before the court is Defendants' Motion for Costs Pursuant to Rule 68 ("Defendants' Motion for Costs") (Docket Entry No. 314), Plaintiffs' Memorandum in Opposition to Defendants' Motion for Costs ("Plaintiffs' Opposition") (Docket Entry No. 324), Defendants' Reply in Support of Their Motion for Costs Pursuant to Rule 68 ("Defendants' Reply")(Docket Entry No. 328), and Plaintiffs' Sur-Reply Opposing Defendants' Motion for Costs ("Plaintiff's Sur-reply")(Docket Entry No. 390). For the reasons stated below, Kayne's Motion for Costs will be **GRANTED IN PART** and **DENIED IN PART**.

## I. **Background**

A detailed history of the parties' business relationship as related to the present litigation is provided in a prior opinion.[1] In short, EIG alleged that Kayne copied and distributed Oil Daily, a subscription newsletter published by EIG, in violation of EIG's subscription agreements.[2] From at least 2004 to 2013 Kayne purchased a single annual subscription to Oil Daily for Kayne employee, Jim Baker. That subscription was routinely forwarded to Kayne employees and others who were not subscribers. In 2013 Kayne entered into a multi-user license agreement with EIG, paying for five Kayne employees to receive Oil Daily. But EIG alleged that Kayne continued to distribute unauthorized copies of Oil Daily until at least May 21, 2014. On July 8, 2014, EIG filed this action against Kayne for copyright infringement and for violations of the DMCA.

This case was the subject of a four-day jury trial held from December 4-7, 2017.[3] The jury found that Kayne infringed 1,646 individual Oil Daily works between December 29, 2004, and July 8, 2014, and awarded $15,000.00 in statutory damages for each work

---

[1]Memorandum Opinion and Order, Docket Entry No. 68.

[2]Plaintiffs' Second Amended Complaint for Copyright Infringement, Contributory Copyright Infringement, Vicarious Copyright Infringement, and Violation of the Integrity of Copyright Management Information, Docket Entry No. 38.

[3]Courtroom Minutes for the four-day trial, (Docket Entry Nos. 261, 264, 267, 269).

infringed.[4]  The jury found that EIG knew or should have known on or before July 8, 2011, that Kayne was infringing their copyrights of Oil Daily;[5] that Kayne fraudulently concealed their copying of Oil Daily and that EIG failed to discover the copying despite exercising due diligence;[6] but that EIG failed to mitigate their damages[7] and could have avoided 1,607 acts of infringement had EIG used reasonable diligence to mitigate their damages.[8]  With respect to EIG's DMCA claims, the jury found that Kayne intentionally removed or altered copyright management information for Oil Daily a total of 425 times having reasonable grounds to know that it would induce, enable, facilitate, or conceal copyright infringement.[9]  The jury did not find that Kayne distributed Oil Daily knowing that the copyright management information had been removed or altered without EIG's permission,[10] or that EIG knew or should have known on or before July 8, 2011, that Kayne was intentionally removing or altering copyright management information for Oil Daily or distributing Oil Daily knowing that the copyright

---

[4]Verdict, Docket Entry No. 271, Questions 1 and 2.

[5]Id. at Question 3.

[6]Id. at Question 4.

[7]Id. at Question 6.

[8]Id. at Question 7.

[9]Id. at Questions 8 and 10.

[10]Id. at Question 9.

management information had been removed or altered without EIG's permission.[11] The jury awarded $2,500 in statutory damages for each of Kayne's 425 violations of the DMCA.[12] But the jury also found that EIG failed to mitigate their DMCA damages,[13] and that EIG could have avoided all 425 DMCA violations had reasonable diligence been used to mitigate damages.[14]

Following trial Kayne filed Defendants' Motion for Attorney's Fees and Costs (Docket Entry No. 287), and EIG filed Plaintiffs' Motion for Post-Judgment Relief (Docket Entry No. 289), and Plaintiffs' Application for Attorney's Fees (Docket Entry No. 290). In a May 2, 2018, Memorandum Opinion and Order (Docket Entry No. 312), the court denied Kayne's Motion for Attorney's Fees and Costs and EIG's Motion for Post-Judgement Relief, and granted in part and denied in part EIG's Application for Attorney's Fees. The court entered a Final Judgment (Docket Entry No. 313) awarding EIG statutory damages in the amount of $585,000.00; attorney's fees in the amount of $4,241,306.88; costs in the amount of $75,000.00, and post-judgment interest on such amounts at the rate of 2.25% per annum.

---

[11]Id. at Question 11.

[12]Id. at Questions 14 and 15.

[13]Id. at Question 13.

[14]Id. at Question 14.

## II.  **Analysis**

Citing Federal Rule of Civil Procedure 68 and a February 21, 2017, offer of judgment that EIG rejected, Kayne moves for

> (1) a reduction in the amount of costs due to Plaintiffs under the Final Judgment of $1,692,748 (consisting of a reduction in attorneys' fees of $1,650,748 and a reduction in other costs of $42,000), and (2) an award of costs in favor of Defendants in the amount of $3,282,054 (consisting of $2,918,474 in attorneys' fees and $363,580 in other costs).[15]

EIG responds that Kayne's motion for costs should be denied as untimely, that Kayne is not entitled to recover attorney's fees under Rule 68 because it is not a prevailing party, and that even if Rule 68 shifts Kayne's post-offer attorney's fees to EIG, Kayne should not be able to recover its unreasonably incurred attorney's fees and costs.[16]

### A.  **Applicable Law**

Rule 68 states in pertinent part:

> (a) **Making an Offer.** . . At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . .

> (b) **Unaccepted Offer.** . . Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

>               . . .

---

[15]Defendants' Motion for Costs, Docket Entry No. 314, p. 1.

[16]Plaintiffs' Opposition, Docket Entry No. 324.

(d) **Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Under Rule 68 a prevailing plaintiff is required to pay the costs of the litigation if the plaintiff fails to accept a defendant's offer of judgment that is more favorable than the judgment the plaintiff ultimately obtains. Delta Air Lines, Inc. v. August, 101 S. Ct. 1146, 1149-50 (1981). The language of Rule 68 is mandatory; where the rule operates, it leaves no room for district court discretion. Id. at 1151. The purpose of Rule 68 is to encourage settlement of litigation. Id. at 1150. See also Johnston v. Penrod Drilling Co., 803 F.2d 867, 869 (5th Cir. 1986) ("When it is likely that the plaintiff will obtain a judgment but the amount of such judgment is uncertain, the rule provides the plaintiff an additional incentive to settle the case by creating the possibility that the plaintiff will 'lose some of the benefits of victory if his recovery is less than the offer.'") (quoting Delta, 101 S. Ct. at 1150). "If a plaintiff takes nothing, however, Rule 68 does not apply." Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 333 (5th Cir.) (per curiam). cert. denied sub nom. L.K. Comstock & Co., Inc. v. Louisiana Power & Light Co., 116 S. Ct. 173 (1995).

Rule 68 does not define "costs." Observing that "it is very unlikely that this omission was mere oversight;" Marek v. Chesny, 105 S. Ct. 3012, 3016 (1985), the Supreme Court has stated that

> the most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

Id. See also International Nickel Co., Inc. v. Trammel Crow Distribution Corp., 803 F.2d 150, 157 n. 2 (5th Cir. 1986) ("Rule 68 serves only to prevent the plaintiff from recovering costs that would normally be his under [Rule] 54(d).").

**B.   Application of the Law to the Facts**

1.   Kayne's Rule 68 Motion is Not Untimely

EIG argues that Kayne's motion for costs should be denied as untimely because Federal Rule of Civil Procedure 54(d)(2)(B) provides that a claim for attorney's fees and non-taxable expenses must be made within fourteen days after the entry of judgment "[u]nless a statute *or court order provides otherwise.*"[17] Asserting that Kayne's motion is untimely because the court set a deadline of January 8, 2018, for filing motions for costs and fees, EIG argues:

---

[17]Id. at 7 (emphasis in original). See also Plaintiffs' Sur-reply, Docket Entry No. 390, pp. 1-5.

On December 7, 2017, following dismissal of the jury, the Court specifically addressed the issue of Kayne's offers of judgment and recovery of attorney's fees, and ordered the parties to submit briefs on these issues within thirty days, by January 8, 2018. (D.E. 284 at 78:24-79:12; 75:25-80:11.) *See also* D.E. 269 (December 7, 2017 Courtroom Minutes ordering that all "[p]ost-verdict motions shall be filed within thirty (30) days."). The Court's approach was consistent with its earlier deadlines set relating to the parties' motions for attorney's fees. During the October 12, 2017[,] docket call, the Court informed both parties that it intended to resolve the issue of attorney's fees prior to the entry of final judgment. (D.E. 258 at 27:13-18.) When the Court ordered EIG to provide documentation supporting its fee request to Kayne prior to trial, counsel for Defendants inquired whether the same deadline would apply to Kayne's Rule 68 motion, and the Court affirmed. (*Id.* at 24:4-6, 15-21.)[18]

EIG argues that "the Court properly set a schedule for briefing attorney's fees and costs, including those under rule 68, and Kayne ignored the deadline."[19]

Kayne responds that its Rule 68 motion is timely because it was filed within 14 days of entry of the Final Judgment as required by Rule 54(d)(2)(B).[20] Asserting that "Rule 68 does not apply when the defendant prevails,"[21] Kayne argues that "[d]efendants could not file their Rule 68 motion until the prevailing party status and the amount of the judgment were decided."[22]

---

[18]Plaintiffs' Opposition, Docket Entry No. 324, pp. 7-8.

[19]Plaintiffs' Sur-reply, Docket Entry No. 390, p. 5.

[20]Defendants' Reply, Docket Entry No. 328, p. 2.

[21]<u>Id.</u> at 3.

[22]<u>Id.</u>

Although the court set a deadline of January 8, 2018, for filing motions for attorney's fees, the court is not persuaded that the deadline makes Kayne's Rule 68 motion untimely. On January 8, 2018, in compliance with the court's deadline, the plaintiffs and the defendants filed cross-motions for attorney's fees as the prevailing party.[23] In their motion Kayne stated, "after entry of Final Judgment, Defendants will likely seek their costs, including their attorney's fees incurred after one of the numerous Rule 68 Offers of Judgment all refused by Plaintiffs."[24] Without objecting or arguing that a later-filed Rule 68 motion would be time barred, would cause prejudice, or otherwise be improper, EIG acknowledged in their response to Kayne's motion for attorney's fees that Kanye "may also submit a motion for its fees and costs pursuant to Federal Rule of Civil Procedure 68 following entry of final judgment."[25] Because in the motions filed on January 8, 2018, both the plaintiffs and the defendants argued that they were entitled to attorney's fees as the prevailing party, because Rule 68 does not apply when the defendant prevails, because EIG did not object to Kayne's stated intent to file a Rule 68 motion at a later date, and because Kayne's Rule 68 motion was filed within 14 days of the court's entry of Final Judgment as required by Rule 54(d)(2)(B)(i), the court concludes that Kayne's Rule 68 motion is not untimely.

---

[23]See Defendants' Motion for Attorney's Fees and Costs, Docket Entry No. 287, and Plaintiffs' Application for Attorney's Fees, Docket Entry No. 290.

[24]Defendants' Motion for Attorney's Fees and Costs, Docket Entry No. 287, p. 6 n.1.

[25]See Plaintiffs' Opposition, Docket Entry No. 298, p. 6 n.1.

2.   <u>EIG is Not Entitled to Recover Costs Incurred After Kayne's February 21, 2017, Offer of Judgment</u>

On February 21, 2017, Kayne extended a Rule 68 offer of judgment to EIG for "the amount of $5,000,000.00 plus $300,000.00 to fund a copyright infringement ad campaign."[26]   EIG does not dispute that Kayne's February 21, 2017, offer of judgment complied with Rule 68, that EIG refused Kayne's offer of judgment, or that as applied to the court's Final Judgment, Kanye's offer of judgment requires the court to reduce EIG's award of costs, including attorney's fees, by amounts that EIG incurred after the offer of judgment.   Nor does EIG dispute that Rule 68 operates to reduce the costs awarded to EIG by $42,000.00 to a total of $33,000.00, and the attorney's fees awarded to EIG by $1,692,748.00 to a total of $2,590,558.43.   The Final Judgment will be so amended.

3.   <u>Kayne Is Entitled to Recover Its "Properly Awardable" Post-Offer Costs</u>

Kayne argues that Rule 68 entitles them to recover post-offer costs of $3,282,054.00, consisting of $2,918,474 for attorney's fees and $363,580.00 for other costs including "$11,979.00 in taxable costs under 28 U.S.C. § 1920, as well as [an] additional $351,604.00 in costs recoverable under 17 U.S.C. § 505, which (as

---

[26]Defendants' Motion for Costs, Docket Entry No. 314, p. 2. <u>See also</u> Declaration of Galyn Gafford, Exhibit A to Defendants' Motion for Costs, Docket Entry No. 314-1, p. 2 ¶4, and Exhibit 1 thereto, Defendants' Rule 68 Offer of Judgment, Docket Entry No. 314-2.

this court has already held) are not limited to costs recoverable under Section 1920.  (Dkt. No. 312, p. 65)."[27]  Asserting that "[a]ll of these costs are reasonable and necessary,"[28] Kayne argues:

> Defendants incorporate by reference the arguments made regarding these fees in Defendants' original Motion for Attorney's Fees (Dkt. No. 287) with its attachments including the Mueller Declaration (and supporting invoices) and the Friedman Declaration (and supporting invoices).  In support of the taxable costs under 28 U.S.C. § 1920, Defendants incorporate by reference the Bill of Costs attached as Exhibit A to Defendants' original Motion for Attorney's Fees (Dkt. No. 287).  In support of the additional reasonable and necessary costs awardable under 17 U.S.C. § 505, Defendants have attached the Declarations of Jason Mueller and Kody Kleber.  These declarations set forth that these additional costs incurred were reasonable and necessary. . . and provide the documentary evidence of the costs incurred. . .[29]

EIG does not dispute that Kayne is entitled to recover its post-offer costs, but argues that

> Kayne's demand for costs is substantially comprised of expenses that are excessive, unreasonable and unnecessary for litigation of this case—specifically, Kayne's spending over $235,000 to retain four separate jury consulting companies to conduct numerous jury focus groups and mock trials.  Any award of costs to Kayne should, at a minimum, be substantially reduced through the deduction of these expenses.[30]

EIG also argues that Kayne is not entitled to recover post-offer attorney's fees because Kayne is not a prevailing party.[31]

---

[27]Defendants' Motion for Costs, Docket Entry No. 314, pp. 7-8.

[28]Id. at 8.

[29]Id.

[30]Plaintiff's Opposition, Docket Entry No. 324, p. 7.

[31]Id. at 7, 13-15.

(a) Kayne Is Not Entitled to Post-Offer Attorney's Fees

Citing <u>Marek</u>, 105 S. Ct. at 3012, and <u>Jordan v. Time, Inc.</u>, 111 F.3d 102, 105 (11th Cir. 1997) (per curiam), Kayne argues that defendants should recover their attorney's fees incurred after February 21, 2017.[32] EIG responds that defendants are not entitled to recover attorney's fees incurred following the offer of judgment because defendants are not the prevailing party.[33] EIG argues:

> The clear weight of authority in the Fifth Circuit and nearly every other Circuit that has considered the issue demonstrates that, in order for a defendant to recover attorney's fees under Rule 68, they must be "properly awardable" to the defendant by the underlying statute. Under the Copyright Act, attorney's fees are only properly awardable to the prevailing party. As this Court has ruled that EIG is the prevailing party, Kayne cannot recover its attorney's fees.[34]

In <u>Marek</u>, 105 S. Ct. at 3012, the Supreme Court held that a prevailing civil rights plaintiff who recovered an amount less than the defendant's Rule 68 offer of judgment, cannot recover post-offer attorney's fees pursuant to 42 U.S.C. § 1988. The Court based this holding on its determination that the term "costs" in Rule 68 refers to "all costs properly awardable under the relevant substantive statute or authority." <u>Id.</u> at 3016. Because 42 U.S.C. § 1988 permits a prevailing plaintiff to recover "a reasonable

---

[32]Defendants' Motion for Costs, Docket Entry No. 314, pp. 1, 3-8. <u>See also</u> Defendants' Reply, Docket Entry No. 328, pp. 5-6.

[33]Plaintiff's Opposition, Docket Entry No. 324, p. 7, 13-15.

[34]<u>Id.</u> at 7.

attorney's fee *as part of the costs*," the Court held that "such fees are subject to the cost-shifting provision of Rule 68." Id. at 3016-17.

Although Marek precludes a prevailing plaintiff from recovering attorney's fees incurred after having rejected a Rule 68 offer of judgment, because the defendants in that case failed to appeal the district court's order denying their request for attorney's fees, the Marek Court did not address whether Rule 68 imposes the losing defendant's post-offer fees upon a prevailing plaintiff. Id. at 3014 n. 1. Most courts — including the Fifth Circuit — that have considered this issue in the context of civil rights actions, have held that losing defendants have no right to recover their post-offer attorney's fees from a prevailing plaintiff. See Equal Employment Opportunity Commission v. Bailey Ford, Inc., 26 F.3d 570, 571 (5th Cir. 1994) (per curiam) (citing Crossman v. Marcoccio, 806 F.2d 329 (1st Cir. 1986), cert. denied, 107 S. Ct. 1955 (1987)). Courts denying defendants the right to recover post-offer attorney's fees have observed that while Marek held that the term "costs" as used in Rule 68 includes attorney's fees where authorized by statute, Marek, also held that attorney's fees as costs are recoverable only if they are "properly awardable" under the relevant substantive statute. See Crossman, 806 F.2d at 334 (holding that because 42 U.S.C. § 1988 awards costs only to a prevailing party, and because appellees were not the prevailing

party, "appellees' attorney's fees were not 'properly awardable' costs as defined by section 1988 and, therefore, were not part of the costs shifted to plaintiff by the operation of Rule 68"). Thus, in civil rights cases where costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorney's fees when seeking to collect costs under Rule 68. <u>Id.</u> <u>See also</u> <u>Hescott v. City of Saginaw</u>, 757 F.3d 518, 528-31 (6th Cir. 2014) ("[W]e join those circuits in concluding that a losing civil-rights defendant cannot recover its post-offer attorneys' fees under Rule 68 because such a party does not satisfy the requirements for a fee award under § 1988.").

Under the Copyright Act, as under § 1988, costs include an award of a reasonable attorney's fee to a prevailing party. 17 U.S.C. § 505; <u>Fogerty v. Fantasy, Inc.</u>, 114 S. Ct. 1023, 1027 (1994). Section 505 states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Fifth Circuit has not yet addressed whether a losing defendant in a copyright case is entitled to an award of attorney's fees incurred following a Rule 68 offer of judgment that exceeds the amount ultimately recovered by a prevailing plaintiff. Although there is a split of authority, the majority position is

-14-

that because the Copyright Act provides for an award of fees only to the prevailing party, non-prevailing defendants cannot recover attorney's fees as part of their Rule 68 costs. See Harbor Motor Company, Inc. v. Arnell Chevrolet-Geo, Inc., 265 F.3d 638, 647 (7th Cir. 2001); UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1034 (9th Cir. 2013); Boisson v. Banian Ltd., 221 F.R.D. 378, 380-82 (E.D.N.Y. 2004); Bruce v. Weekly World News, Inc., 203 F.R.D. 51, 54-56 (D. Mass. 2001).

In Harbor Motor, 265 F.3d at 638, the Seventh Circuit analogized cases arising under the Copyright Act to those arising in the context of § 1988. Because both statutes include an award of attorney's fees as part of the costs, but only to a prevailing party, the court held that a non-prevailing defendant could not recover attorney's fees pursuant to Rule 68 because attorney's fees could not be properly awarded under such circumstances. Id. at 645-47. In Jordan, 111 F.3d at 102, the Eleventh Circuit took a contrary position. There the defendant made a Rule 68 offer of judgment that exceeded the amount ultimately awarded to plaintiff on a copyright infringement claim. Id. at 104. In a per curiam opinion, the Eleventh Circuit awarded defendant all attorney's fees incurred after the making of the Rule 68 offer. Id. at 105. Unlike Harbor Motor, however, the Jordan court failed to considered Marek's "properly awardable" language and, instead focused only on the Marek Court's observation that "Rule 68 'costs' include

attorneys' fees when the underlying statute so prescribes. The Copyright Act so specifies." Id. (citing Marek, 105 S. Ct. at 3016-17). The Jordan court neither mentioned "Marek's limiting language that Rule 68 'costs' include attorneys' fees only when fees are properly awardable under the relevant statute[, . . . n]or . . . examine[d] the Copyright Act's restriction that attorneys' fees may be awarded only to a prevailing party." Hescott, 757 F.3d at 529-30 (citing Jordan, 111 F.3d at 105, and stating: "We are not the first court to point out these shortcomings, nor the first to avoid relying on Jordan as a result."). See also Bruce, 203 F.R.D. at 56 (criticizing Jordan for interpreting "Rule 68 as providing a substantive gloss on the provisions of the Copyright Act," that "virtually compel[s] copyright plaintiffs . . . to accept an Offer of Judgment no matter how meritorious may be their case, for fear of resulting exposure to what are often, as here, substantial claims of attorney's fees"). Finding the Seventh Circuit's analysis in Harbor Motor more persuasive than the Eleventh Circuit's analysis in Jordan, the court concludes that defendants are not entitled to recover post-offer attorney's fees because, for the reasons stated in the May 2, 2018, Memorandum Opinion and Order, the court has already held that the prevailing party is EIG.[35]

---

[35]Memorandum Opinion and Order, Docket Entry No. 312, pp. 35-44, 62, and 67.

(b) <u>Kayne Is Entitled to Reasonable Post-Offer Costs
Other than Attorney's Fees</u>

Defendants' Rule 68 motion seeks an award of costs other than
attorney's fees in the amount of $363,580.00 consisting of
$11,979.00 in taxable court costs under 28 U.S.C. § 1920, and an
additional amount of "$351,604[.00] in costs recoverable under 17
U.S.C. § 505."[36]  Because EIG does not dispute that $11,979.00 of
the costs that Kayne seeks are allowable under § 1920, the court
concludes that Kayne is entitled to recover that amount of costs.
See <u>Johnston</u>, 803 F.2d at 869 ("Rule 68 operates to *require* a
prevailing plaintiff to pay the costs of the litigation . . .").
At issue is whether Kayne is entitled to recover costs that are not
taxable court costs under § 1920.

For the reasons stated in the May 2, 2018, Memorandum Opinion
and Order, the court has concluded that 17 U.S.C. § 505 authorizes
an award of costs that is broader in scope and not limited to the
categories of costs allowable under 28 U.S.C. § 1920.[37]  The court
is nevertheless not persuaded that Kayne should be awarded costs
beyond those allowed under § 1920.  EIG specifically argues that
the amounts Kayne seeks for jury research ($235,000), for
"Copyright Office Retrieval and Correspondence" ($10,575.00), and

---

[36]Defendants' Motion for Costs, Docket Entry No. 314, p. 7.
Kayne seeks $351,604.00, but subtracting taxable costs from
363,580.00 yields 352,601.00.

[37]Memorandum Opinion and Order, Docket Entry No. 312, pp. 64-
65.

-17-

for a post-verdict victory party ($311.68) are excessive and unreasonable.[38] In reply Kayne acknowledges that "Plaintiffs are correct that the cost for the post trial 'victory party' should not have been included [in] . . . the amount of costs sought,"[39] but argues that "Plaintiffs do not offer any objection to $117,694 of reasonable and necessary costs . . ."[40]

EIG argues that Kayne's costs incurred for jury research are excessive and unreasonable because "Kayne retained four different jury consulting companies and paid them a total of approximately $235,00[.00]."[41] Because for the reasons stated in the May 2, 2018, Memorandum Opinion and Order, the court has already concluded that this litigation was "not particularly complex given the ability and experience of the attorneys,"[42] Kayne's expenditure of over $235,000.00 for four different jury consulting companies was unreasonable and excessive and therefore will not be allowed.

---

[38]Plaintiff's Opposition, Docket Entry No. 324, pp. 7, 21-25 (citing Exhibit 1 to Declaration of Jason Mueller, Docket Entry No. 314-4, p. 18 as containing a line item entry of $311.68 for a "victory celebration with client."). EIG also argues that Kayne's redacted expense records frustrate the determination of whether Kayne's costs were reasonable, see id. at 25, but Kayne has since clarified that "Defendants redacted the expenses for which they are not moving." Defendants' Reply, Docket Entry No. 328, p. 8.

[39]Defendants' Reply, Docket Entry No. 328, p. 8 n. 1.

[40]Id.

[41]Plaintiff's Opposition, Docket Entry No. 324, p. 21.

[42]Memorandum Opinion and Order, Docket Entry No. 312, p. 60.

-18-

EIG argues that Kayne's costs incurred for "Copyright Office Retrieval and Correspondence" were not necessary for litigating this case because the reimbursement for these costs is "dated May 30, 2017, which falls within the briefing period for Kayne's May 3, 2017[,] Motion for [R]eferral to the Register of Copyrights, and these costs were incurred in connection with Kayne's preparation of that motion."[43]   For the reasons stated in the July 26, 2017, Memorandum Opinion and Order (Docket Entry No. 248) denying Defendants' Motion for Referral to the Register of Copyrights Pursuant to 17 U.S.C. § 411(b) and a Concurrent Stay (Docket Entry No. 204), Kayne's expenditures for "Copyright Office Retrieval and Correspondence" were unnecessary for litigating this case and therefore will not be allowed.

There remains an amount of $105,715.00 that defendants seek as reasonably and necessarily incurred costs.[44]   However, missing from

---

[43]Plaintiff's Opposition, Docket Entry No. 324, p. 24.

[44]The following table shows the calculations for this amount:

| Costs Kanye Seeks | Amount |
|---|---|
| Kayne seeks costs other than Attorney's Fees in amount of $363,580.00 (DE 314, pp. 1 and 7). | $363,580.00 |
| EIG objects and the court agrees that $235.000.00 is unreasonable and excessive for jury consultants (DE 324 pp. 21-24). | ($235,000.00) |
| Subtotal | $128,580.00 |
| EIG objects and the court agrees that $10,575.00 is unreasonable and excessive for Copyright Office Retrieval and Correspondence (DE 324, pp. 24-25). | ($10,575.00) |
| Subtotal | $118,005.00 |
| Kayne acknowledges that $311.00 for "victory party" should not have been included in cost request (DE 328, p. 8 n. 4). | ($311.00) |
| Subtotal | $117,694.00 |
| Costs Kayne asserts are taxable under 28 U.S.C. § 1920, and to which EIG does not object (DE 314, p. 7). | ($11,979.00) |
| Remaining amount of costs that Kayne seeks. | $105,715.00 |

defendants' briefing and from the affidavits that defendants have submitted in support of their motion for costs is a traditional bill of costs, an analysis, or an explanation of the specific costs that make up this amount. Despite the fact that the court's May 2, 2018, Memorandum Opinion and Order, criticized plaintiffs for interspersing billing records for costs with billing records for attorney's fees, and failing to submit detailed descriptions of the costs being sought, evidence, or analysis from which the court could conclude that costs beyond those taxable under 28 U.S.C. § 1920 were reasonable or necessarily incurred,[45] defendants have done the same, i.e., interspersed billing records for costs with billing records for attorney's fees, and failed to provide the court a detailed description of the costs being sought, evidence, or analysis that would allow the court either to distinguish costs that are taxable under 28 U.S.C. § 1920 from those that are not, or to conclude that any costs beyond those taxable under § 1920 were reasonable or necessarily incurred defending this case after the February 21, 2017, offer of judgment was made. In a case of this magnitude the court is neither able nor inclined to undertake the missing analysis, and currently has no basis on which to conclude that the costs the defendants seek are reasonable or were necessarily incurred defending this action after the February 21, 2017, offer of judgment was made. Accordingly, the court concludes that defendants should only be awarded $11,979.00 in costs that they acknowledge are taxable under 28 U.S.C. § 1920.

---

[45]Memorandum Opinion and Order, Docket Entry No. 312, pp. 66-67.

## III.  **Conclusions and Order**

For the reasons discussed in § II.B.1, above, the court concludes that defendants' Rule 68 motion is not untimely.  For the reasons discussed in § II.B.2, above, the court concludes that plaintiffs are not entitled to recover costs or attorney's fees incurred after defendants' February 21, 2017, offer of judgment, and therefore that the amount of attorney's fees awarded to plaintiffs in the May 2, 2018, Final Judgment ($4,241,306.88) must be reduced by $1,650,748.00 to a total of $2,590,558.88, and that the amount of costs awarded to EIG in the May 2, 2018, Final Judgment ($75,000) must be reduced by $42,000.00 to a total of $33,000.00. For the reasons discussed in § II.B.3, above, the court concludes that defendants are not entitled to recover attorney's fees incurred after their February 21, 2017, offer of judgment, but that defendants are entitled to recover taxable costs in the amount of $11,979.00, reasonably incurred after its February 21, 2017, offer of judgment.  The amount of costs awarded to EIG ($33,000.00) will therefore be reduced by that amount for a total of $21,021.00.

Accordingly, Defendants' Motion for Costs Pursuant to Rule 68, Docket Entry No. 314, is **GRANTED IN PART and DENIED IN PART**.

**SIGNED** at Houston, Texas, on this the 1st day of August, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE