United States District Court
Southern District of Texas
**ENTERED**
December 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1903 |
| KAYNE ANDERSON CAPITAL ADVISORS, LP and KA FUND ADVISORS, LLC, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (together, "Plaintiffs" or "EIG") sued Kayne Anderson Capital Advisors, LP and KA Fund Advisors, LLC (together, "Defendants" or "Kayne") for violations of the Copyright Act, 17 U.S.C. § 106, and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202-03. Pending before the court are EIG's Motion for Entry of Judgment Pursuant to Rule 58(d) ("EIG's Motion for Judgment") (Docket Entry No. 413), Defendants' Kayne Anderson Capital Advisors, L.P. and KA Fund Advisors, LLC's Motion to Enter Judgment Following Remand ("Kayne's Motion for Judgment") (Docket Entry No. 414), and Kayne's request, in the alternative, that the court order a new trial on damages.[1]  For the reasons stated below,

---

[1]Memorandum of Law in Support of Defendants Kayne Anderson Capital Advisors, L.P. and KA Fund Advisors, LLC's Motion to Enter
(continued...)

the parties' cross-motions for entry of judgment will be denied, Kayne's request for a new trial on damages will be granted, the parties will be ordered to file a Joint Pretrial Order by March 5, 2021, and Docket Call will be held on March 12, 2021, at 3:00 p.m. in Courtroom 9B of the Federal Courthouse in Houston, Texas.

## I. Background

A detailed history of the parties' relationship as related to this case is provided in a prior opinion.[2] In short, EIG alleged that Kayne copied and distributed Oil Daily, a subscription newsletter published by EIG, in violation of the subscription agreements.[3] From at least 2004 to 2013 Kayne purchased a single annual subscription to Oil Daily for Kayne employee, Jim Baker. That subscription was routinely forwarded to non-subscribers. In 2013 Kayne entered into a multi-user license agreement with EIG for five Kayne employees to receive Oil Daily. But EIG alleged that Kayne continued to distribute Oil Daily to non-subscribers until at

---

[1](...continued)
Judgment Following Remand ("Kayne's Memorandum in Support of Motion for Judgment"), Docket Entry No. 415, pp. 11 and 21. See also, Reply in Support of Defendants' Motion to Enter Judgment ("Kayne's Reply in Support of Motion for Judgment"), Docket Entry No. 420, p. 9. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]Memorandum Opinion and Order, Docket Entry No. 68.

[3]Plaintiffs' Second Amended Complaint for Copyright Infringement, Contributory Copyright Infringement, Vicarious Copyright Infringement, and Violation of the Integrity of Copyright Management Information, Docket Entry No. 38.

least May 21, 2014. On July 8, 2014, EIG filed this action for copyright infringement and DMCA violations.

In December of 2017 the court conducted a four-day jury trial.[4] With respect to EIG's copyright claims, the jury found that Kayne infringed 1,646 individual Oil Daily works between December 29, 2004, and July 8, 2014, and awarded $15,000.00 in statutory damages for each work infringed.[5] The jury also found that EIG failed to mitigate their damages and could have avoided 1,607 acts of infringement had reasonable diligence been used to mitigate their damages.[6] The court awarded EIG nothing for the violations that the jury found could have been avoided, and $15,000 for each of the 39 copyright infringements that the jury found could not have been avoided for a total award of $585,000. With respect to EIG's DMCA claims, the jury found that Kayne intentionally removed or altered copyright management information for Oil Daily a total of 425 times having reasonable grounds to know that their actions would induce, enable, facilitate, or conceal copyright infringement.[7] The jury awarded EIG $2,500 in statutory damages for each of Kayne's 425 DMCA violations.[8] The

---

[4]Courtroom Minutes for the four-day trial, Docket Entry Nos. 261, 264, 267, 269.

[5]Verdict, Docket Entry No. 271, p. 1, Questions 1 and 2.

[6]Id. at 2, Questions 6-7.

[7]Id. at 2-3, Questions 8 and 10.

[8]Id. at 4, Questions 14 and 15.

jury also found that EIG failed to mitigate their DMCA damages,[9] and that all 425 DMCA violations could have been avoided had reasonable diligence been used to mitigate damages.[10]  Based on the Copyright Act's and DMCA's fee-shifting provisions, as well as Kayne's motion pursuant to Federal Rule of Civil Procedure 68, the court awarded EIG $2,600,000 in attorney's fees and $21,000 in costs.  Because prior to trial, EIG rejected Kayne's offer to settle for $5,000,000, the court calculated costs and attorney's fees by awarding EIG pre-offer costs and attorney's fees, and then subtracting Kayne's post-offer costs from EIG's award.

Both the parties appealed and their appeals were consolidated.  EIG argued one issue on appeal:  whether failure to mitigate is a complete defense to liability for statutory damages under the Copyright Act and the DMCA.  EIG argued that failure to mitigate cannot preclude liability altogether and urged the Fifth Circuit to award it $25,752,500 ($15,000 for each of 1,646 works infringed, plus $2,500 for each of 425 DMCA violations).  Kayne countered that mitigation is a complete defense to liability and that the court's award of $585,000 in statutory damages was appropriate.

Kayne argued two issues on appeal:  (1) whether the court erred in denying its § 411 motion for referral to the Copyright

---

[9] Id. at 3, Question 13.

[10] Id. at 4, Question 14.

Register, and (2) whether it was entitled to post-offer attorney's fees under Rule 68. The Fifth Circuit held that (1) the failure to mitigate is not a complete defense to copyright or DMCA claims for statutory damages; (2) the court properly denied Kayne's § 411 referral motion; and (3) the court properly denied Kayne's motion for post-offer attorney's fees under Rule 68. <u>Energy Intelligence Group, Inc. v. Kayne Anderson Capital Advisors, L.P.</u>, 948 F.3d 261, 265 (5th Cir. 2020). The Fifth Circuit held that

> [r]emand is necessary to determine copyright damages because we cannot determine whether the jury intended to award EIG $15,000 per infringed work. Remand is also necessary to re-calculate appropriate awards, attorney's fees, and costs. If total damages ultimately amount to more than $5 million ([Kayne]'s Rule 68 offer), [Kayne] may no longer be eligible to recover post-offer costs.

<u>Id.</u> at 265-66. The Fifth Circuit explained that

> [t]he district court incorrectly instructed the jury that EIG could "not recover for any item of damage that they could have avoided through reasonable effort." It is difficult to ascertain from the record whether the jury would still have awarded $15,000 per infringed work if it had instead been properly instructed on the issue of mitigation. Therefore, the judgment must be vacated and the case remanded to determine the proper statutory damages for each of the 1,646 infringed works.

<u>Id.</u> at 280. Observing that "[a]s to the DMCA violations, the parties agree that if mitigation is not a complete defense, the court should enter judgment for EIG," <u>id.</u> at 280-81, the Fifth Circuit stated, "we enter judgment in favor of EIG in the amount of $2,500 for each of [Kayne]'s 425 DMCA violations, or $1,062,500." <u>Id.</u> at 281.

## II. Cross-Motions for Entry of Judgment

Citing Federal Rule of Civil Procedure 58(d), EIG moves the court to enter judgment "in favor of EIG against [Kayne] for copyright infringement in the amount of $15,000 in statutory damages for each of the 1,646 works infringed by Kayne, or $24,690,000."[11] EIG also moves the court to enter judgment in its favor against Kayne for violations of the DMCA in the amount of $2,500 for each of Kayne's 425 DMCA violations, or $1,062,500, and for costs and fees as later determined by the Court pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505.[12] Asserting that "[t]he legal issue of the application of the jury's factual mitigation findings on EIG's ultimate recovery was overturned by the Fifth Circuit, but the amount of damages for each infringed work was not affected by the panel's decision,"[13] and that "Kayne never appealed or requested reconsideration of the jury's verdict of $15,000 award per infringed work and is precluded from doing so now,"[14] EIG argues that "[t]he jury's $15,000 award for each work infringed is a reliable measure of damages. The Court should give effect to the

---

[11]EIG's Motion for Judgment, Docket Entry No. 413, p. 1. See also Plaintiff's Reply Memorandum in Support of Motion for Entry of Judgment Pursuant to Rule 58(d) ("EIG's Reply in Support of Motion for Judgment"), Docket Entry No. 421, pp. 5-7.

[12]EIG's Motion for Judgment, Docket Entry No. 413, p. 1.

[13]Id. at 10.

[14]Id.

jury's verdict by entering judgment . . . in favor of EIG in the amount of $15,000 for each of the 1,646 infringed works."[15]  EIG argues that any effort by Kayne to claim prejudice from awarding it $15,000 for each of the 1,646 infringed works is foreclosed by Kayne's failure to challenge that amount on appeal.[16]

Acknowledging that EIG is "not barred from recovering damages due to their failure to mitigate 1,607 of the violations,"[17] and asserting that "[t]here is no dispute that the proper damages for the first 39 copyright works is $15,000 per infringed work,"[18] Kayne moves the court "to give effect to the jury's intent and to adjust the award of damages for the 1,607 violations that could have been mitigat[ed] from no recovery to the statutory minimum of $750."[19] Alternatively, "Kayne moves pursuant to Rule 59 for a new damages trial as consistent with the scope of the Fifth Circuit's mandate."[20]

---

[15] Id. at 11.  See also EIG's Reply in Support of Motion for Judgment, Docket Entry No. 421, pp. 5-14.

[16] Id. at 12.

[17] Kayne's Memorandum in Support of Motion for Judgment, Docket Entry No. 415, p. 6.

[18] Id. at 10.

[19] Id.

[20] Id. at 11.  See also id. at 21 (same); and Kayne's Motion for Judgment, Docket Entry No. 414, p. 1 ("Kayne requests, for the reasons set for in the accompanying memorandum of law, that the Court give effect to the jury's intent and the Fifth Circuit's instructions and enter judgment as requested therein.").

### A. Applicable Law

The Fifth Circuit has held that "[t]he mandate rule requires a district court on remand to effect our mandate and to do nothing else." Deutsche Bank National Trust Co. v. Burke, 902 F.3d 548, 551 (5th Cir. 2018) (per curiam) (quoting General Universal Systems, Inc. v. HAL, Inc., 500 F.3d 444, 453 (5th Cir. 2007)). "Because the mandate rule is a corollary of the law of the case doctrine, it 'compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" Id. (quoting General Universal Systems, 500 F.3d at 453). "In implementing the mandate, the district court must 'tak[e] into account the appellate court's opinion and the circumstances it embraces.'" United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004) (quoting Sobley v. Southern Natural Gas Co., 302 F.3d 325, 333 (5th Cir. 2002)).

Rule 58(d) on which EIG bases its Motion for Judgment merely states that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d).

Rule 50, on which Kayne bases its Motion for Judgment, governs Judgment as a Matter of Law. Since filing its motion, Kayne has "apologize[d] for the procedural confusion and the citation to Rule 50,"[21] and clarified that it "requests entry of judgment on

---

[21] Reply in Support of Defendants' Motion to Enter Judgment, Docket Entry No. 420, p. 4.

jury's verdict, not judgment as a matter of law."[22] Alternatively, citing Rule 59, Kayne requests a new trial on damages.[23]

Federal Rule of Civil Procedure 59 provides that a district court may grant a new trial "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Although Rule 59(a) does not enumerate grounds for a new trial, a district court may grant a new trial if the court finds that the verdict is against the weight of the evidence, the damages awarded are excessive or inadequate, the trial was unfair, or prejudicial error was committed in its course. See Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 881 (5th Cir. 2013), cert. denied, 134 S. Ct. 2725 (2014). See also Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985) ("A new trial may be granted, for example, if the district court finds . . . prejudicial error was committed in its course."). A district court "'should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence,'" not merely against the preponderance of the evidence. Carr v. Wal-Mart Stores, Inc., 312 F.3d 667, 670 (5th Cir. 2002).

A new trial must be granted when the court is unable to reconcile inconsistent answers to special interrogatories. See

---

[22] Id.

[23] Id. at 9; see also Kayne's Memorandum in Support of Motion for Judgment, Docket Entry No. 415, pp. 11 and 21.

Willard v. The John Hayward, 577 F.2d 1009, 1011 (5th Cir. 1978) (per curiam) ("If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial . . . only if there is no way to reconcile them."). But, in keeping with the "'federal policy favoring jury decisions of disputed fact questions'" embodied in the Seventh Amendment, before ordering a new trial the court "'must attempt to reconcile the jury's findings, by exegesis if necessary.'" Carr, 312 F.3d at 672 (citing Ellis v. Weasler Engineering Inc., 258 F.3d 326, 343 (5th Cir. 2001)). "[T]he court must view the evidence in the light most favorable to upholding the jury's decision by a finding of consistency." Ellis, 258 F.3d at 343. In reconciling an apparent conflict, the court must determine whether "'the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted.'" Id. (quoting Griffin v. Matherne, 471 F.2d 911, 915 (5th Cir. 1973)). When necessary a court looks beyond the questions themselves and to the court's instructions. Alverez v. J. Ray McDermott & Co., Inc., 674 F.2d 1037, 1040 (5th Cir. 1982). The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. See Carr, 312 F.3d at 670.

"Partial new trials should not be resorted to 'unless it appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" Anderson v. Siemens Corp., 335 F.3d 466, 475-76 (5th

Cir. 2003) (quoting Caskey v. Village of Wayland, 375 F.2d 1004 (2d Cir. 1967) (quoting Gasoline Products Co. v. Champlin Refining Co., 51 S. Ct. 513 (1931))). A jury's finding as to liability can be binding even though its monetary award is found to be excessive or improperly influenced. Edwards v. Sears, Roebuck and Co., 512 F.2d 276, 282 (5th Cir. 1975) ("If the passion, prejudice, caprice, undue sympathy, arbitrariness or more taints only the damage award and not the liability assessment, the proper response is a remittitur or a new trial addressed to damages alone.") (citing Pingatore v. Montgomery Ward & Co., 419 F.2d 1138, 1142-43 (5th Cir. 1969), cert. denied, 90 S. Ct. 1818 (1970) (substantial evidence supported jury verdict on liability, but grossly improper argument required new trial as to damages)).

**B.   Analysis**

After observing that "[m]itigation applies to post-injury consequential damages. . . . [and that t]he doctrine of mitigation provides little support for [Kayne]'s contention that EIG could not recover statutory damages for infringement that EIG failed to reasonably prevent," Energy Intelligence Group, 948 F.3d at 274, and holding that "mitigation is not an absolute defense to statutory damages under the Copyright Act" and that this court "erred when it ruled otherwise," id. at 275, the Fifth Circuit vacated the judgment and remanded the case to this court "to determine the proper statutory damages for each of the 1,646

infringed works." Id. at 280. The cross-motions for entry of judgment urge the court to determine the proper statutory damages for each of the 1,646 infringed works based on the jury's answers to questions on the verdict form.

1. Kayne's Motion for Judgment

Kayne asks the court to enter judgment for it in the amount of $15,000 for each of the 39 infringements that the jury found EIG could not have avoided with reasonable diligence, and in the amount of the statutory minimum, i.e., $750, for each of the 1,607 infringed works that the jury found EIG could have avoided with reasonable diligence.[24] Kayne argues that because the court instructed the jury that "'Plaintiffs may not recover for any item of damage that they could have avoided through reasonable effort,'"[25] and that "you should deny them recovery for those

---

[24] Kayne's Memorandum in Support of Motion for Judgment, Docket Entry No. 415, pp. 6, 8, 10, 18, 20-21.

[25] Id. at 14 (quoting Court's Instructions to the Jury, Docket Entry No. 270, p. 12). See also Defendants' Response to Motion for Entry of Judgment Pursuant to Rule 58(d) ("Kayne's Response to EIG's Motion for Judgment"), Docket Entry No. 416, p. 4 ("The parties' primary disagreement in the competing motions is about the amount the jury intended to award for 1,607 of the 1,646 copyright violations that the jury found [could have been avoided with reasonable diligence]. There is no dispute that the jury intended to award $15,000 per violation for the other 39 violations. The jury found there were two categories of copyright violations and that damages were unavailable for the category with 1,607 violations that could have been avoided through mitigation. But the Fifth Circuit then held that, while mitigation was a proper consideration for the amount of statutory damages to be awarded,
(continued...)

damages that they would have avoided had they taken advantage of the opportunity,"[26] that by finding there were 1,607 copyright violations that EIG could have mitigated, "the jury believed it was . . . award[ing] $0 in damages for the 1,607 violations that Plaintiffs failed to mitigate."[27]  Kayne argues that

> [i]t is . . . illogical to argue (as Plaintiffs . . . do) that the jury found that some violations could have been mitigated but still have awarded the same amount for each of the 1,646 violations when it was specifically instructed to consider mitigation in calculating that amount for "each" violation.  The jury was not told to average out the statutory damage amount over the total violations but instead to make a determination for "each" violation.  There simply was no need for the jury in response to Interrogatory No. 1 to list a separate amount of damages for each of the violations that Plaintiffs failed to mitigate because the jury effectively listed that separate amount ($0) with its answer to Interrogatory No. 6.[28]

Kayne cites <u>Robert Stigwood Group Ltd. v. O'Reilly,</u> 530 F.2d 1096, 1105 (2d Cir. 1976), and <u>D.C. Comics Inc. v. Mini Gift Shop,</u> 912 F.2d 29, 37 (2d Cir. 1990), as cases in which courts have

---

[25](...continued)
mitigation was not a **complete** bar to liability for statutory damages. . . .  As also detailed in [the] motion [for judgment], it is clear that the jury intended to award the minimum amount of damages available for the 1,607 copyright violations that it found EIG could have avoided and mitigated.  To give effect to the jury's intent to award zero or minimum damages on these violations, this Court should enter judgment in the amount of the statutory minimum for those 1,607 violations: **$750** per violation.).

[26]Kayne's Memorandum in Support of Motion for Judgment, Docket Entry No. 415, p. 14 (quoting Court's Instructions to the Jury, Docket Entry No. 270, p. 13).

[27]<u>Id.</u> at 15.

[28]<u>Id.</u>

corrected statutory damage awards that were initially below the minimum amount by increasing the amount to the statutory minimum.[29]

EIG responds that there is no conflict or inconsistency in the jury's verdict, that awarding an amount of statutory damages other than what the jury decided would be both arbitrary and capricious and a violation of EIG's Seventh Amendment right to have a jury decide the amount of statutory damages, and that pursuant to the Fifth Circuit's opinion in this case, neither Kayne's mitigation evidence nor Kayne's mitigation argument constitutes a proper mitigation defense.[30]

Kayne's reliance on Robert Stigwood, 530 F.2d at 1105, and D.C. Comics, 912 F.2d at 37, is misplaced because, as EIG argues, these cases "merely support the uncontroversial proposition that the amount of statutory damages must fall within the mandatory boundaries set by Congress."[31] Moreover, the awards of statutory damages in both of these cases were made by the court, not by a jury, because both cases pre-date the Supreme Court's holding in Feltner v. Columbia Pictures Television, Inc., 118 S. Ct. 1279, 1288 (1998), that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages

---

[29]Id. at 19.

[30]Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Enter Judgment Following Remand, Docket Entry No. 417, pp. 11-23.

[31]Id. at 18.

under § 504(c) of the Copyright Act, including the amount itself." Kayne has failed to cite any authority in support of its argument that this court should enter a judgment that includes an award of $750, the minimum amount available for statutory damages, for the 1,607 copyright infringements that the jury found EIG could have avoided with reasonable diligence, and the court is not persuaded that it may do so without usurping the jury's role. Accordingly, Kayne's Motion for Judgment will be denied.

### 2. EIG's Motion for Judgment and Kayne's Rule 59 Motion for a New Trial on Statutory Damages

EIG asks the court to enter judgment in the amount of $15,000 for each of the 1,646 infringed works because

> [t]he legal issue of the application of the jury's factual mitigation findings on EIG's ultimate recovery was overturned by the Fifth Circuit, but the amount of damages for each infringed work was not affected by the panel's decision. Kayne never appealed or requested reconsideration of the jury's verdict of $15,000 award per infringed work and it is precluded from doing so now.[32]

Asserting that "[t]he jury was charged with deciding the amount of damages for each work infringed, not with determining the effects of any of the affirmative defenses,"[33] EIG argues that

> [t]he latter, the Court made clear, are legal questions for the Court to decide based on the jury's factual findings. In Jury Note 1, the jury specifically asked whether the jury's mitigation findings would affect EIG's

---

[32]EIG's Motion for Judgment, Docket Entry No. 413, p. 10.

[33]Id. at 9.

recovery. (D.E. 272). The Court's response, which both parties consented to, was that the jury's question "concern[ed] legal issues that the Court will decide after you have reached your verdict." (Id.). Jury Note #1 also asked whether Kayne would be liable for the jury's statutory damage award (the answer to Question No. 1 on the verdict form) multiplied by the 1,646 infringed works. In response, the Court instructed the jury to carefully read Question No. 1 on the verdict form and emphasized that the question asked for an amount for **each** infringed work. (Id.) Thus, the jury was instructed to fill out the questionnaire with the amount of damages for each infringed work without concern for the legal issues that the Court would decide after the jury made its factual determination.[34]

Kayne responds that "EIG's arguments for awarding $15,000 for each of the 1,646 violations cannot be squared with the jury's findings"[35] because "it is illogical to argue — as EIG does — 'that the jury found that some violations could have been mitigated but still have awarded the same amount for each of the 1,646 violations when it was specifically instructed to consider mitigation in calculating that amount for "each" violation.'"[36] Kayne argues that

> [t]he jury addressed EIG's failure to avoid violations through mitigation by creating a separate category in answering the mitigation question that (under the instructions to the jury) resulted in no damages. That is, we know that when taking EIG's failure to mitigate damages into account, the jury intended to award the

---

[34] Id. at 9-10 (citing Jury Note No. 1, Docket Entry No. 272, "Does Kayne have to pay our jury money amount 1646 times. Does Question 7 subtract the #/Fee & amount of the 1646. Will they pay less if we say could have stopped 1607 infringements.").

[35] Kayne's Response to EIG's Motion for Judgment, Docket Entry No. 416, p. 7.

[36] Id. (quoting Kayne's Memorandum in Support of Motion for Judgment, Docket Entry No. 415, p. 15).

-16-

minimum damages, which it believed to be **zero dollars**, for those 1,607 violations.[37]

Kayne also reasserts its requests that the court grant its own motion for judgment or, alternatively, grant its request for a new trial on statutory damages.[38]

Kayne's argument that the jury intended to award the minimum amount of damages available for the 1,607 copyright violations that it found EIG could have mitigated and avoided is not persuasive because the court instructed the jury that "Plaintiffs may not recover for any item of damage that they could have avoided through reasonable effort,"[39] and that "you should deny them recovery for those damages that they would have avoided had they taken advantage of the opportunity."[40] The Fifth Circuit has since held that these jury instructions were erroneous. See Energy Intelligence Group, 948 F.3d at 274 ("Mitigation applies to post-injury consequential damages. The doctrine of mitigation provides little support for [Kayne]'s contention that EIG could not recover statutory damages for infringement that EIG failed to reasonably prevent."), and at 275 ("We hold that mitigation is not an absolute defense to statutory damages under the Copyright Act and the district court erred when it ruled otherwise.").

---

[37]Id. at 7-8.

[38]Id. at 14.

[39]Court's Instructions to the Jury, Docket Entry No. 270, p. 12.

[40]Id. at 12-13.

Moreover, the question posed and answered in Jury Note 1 shows that the jury was not only concerned about the effect their answers as to the amount of damages to be awarded for each infringement and the number of infringements that EIG could have avoided would have on the amount that EIG would ultimately recover, but also that the jury relied on the court's erroneous mitigation-related instructions. Because the court's jury instructions on mitigation were erroneous, and because Jury Note No. 1 shows that the jury relied on the court's erroneous instructions when deciding to award $15,000 for each violation of the Copyright Act, the court concludes that the jury's award of $15,000 for each violation rested on a mistake of law, i.e., that EIG was not entitled to recover any damages for the 1,607 copyright violations that it could have mitigated or avoided with reasonable effort, and that the $15,000 awarded for each violation would only apply to the 39 copyright violations that EIG could not have mitigated or avoided with reasonable effort. Because the jury's award of $15,000 for each violation rests on a mistake of law, and because "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself," Feltner, 118 S. Ct. at 1288, the court concludes that a new trial on statutory damages is not only warranted, but also required to fulfill the Fifth Circuit's mandate to conduct a new trial "to determine the proper statutory damages for each of the 1,646 infringed works." Energy Intelligence Group,

-18-

948 F.3d at 280. See Edwards, 512 F.2d at 282 (recognizing that when error taints a damage award, the proper response can be "a new trial addressed to damages alone").

### III. Conclusions and Order

For the reasons stated above, the court concludes that fulfilling the Fifth Circuit's mandate "to determine the proper statutory damages for each of the 1,646 infringed works," Energy Intelligence Group, 948 F.3d at 280, requires a new trial on statutory damages. Accordingly, EIG's Motion for Entry of Judgment Pursuant to Rule 58(d) (Docket Entry No. 413) is **DENIED**; Defendants' Kayne Anderson Capital Advisors, L.P. and KA Fund Advisors, LLC's Motion to Enter Judgment Following Remand (Docket Entry No. 414) is **DENIED**; and Kayne's request for a new trial on damages included in Docket Entry No. 415 is **GRANTED**.

The Joint Pretrial Order shall be filed by March 5, 2021. Docket Call will be held on March 12, 2021, at 3:00 p.m., in Courtroom 9-B, Ninth Floor, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.

The court does not desire any additional briefing on this issue. The parties should be prepared to discuss dates for trial at docket call.

**SIGNED** at Houston, Texas, on this 16th day of December, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE